DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. GREGORY DAMM
NICHOLAS DICKINSON
Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-078-JCM-(RJJ) |
| Plaintiff, | 2:10-CR-520-GMN-(RJJ) |
| vs. | GOVERNMENT'S MOTION TO CONSOLIDATE SEPARATE CASES FOR TRIAL |
| SHAWN RICE, | |
| Defendant. | |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and J. Gregory Damm, Assistant United States Attorney and hereby moves pursuant to Fed.R.Crim.P. 13, to consolidate for trial, case number 2:09-CR-078-JCM-(RJJ) (Conspiracy to Commit Money Laundering and Money Laundering - 13 counts) with case number 2:10-CR-520-GMN-(RJJ) (Failure to Appear - 4 counts).

## FACTUAL BACKGROUND

Case: 2:09-CR-078-JCM-(RJJ)

On March 3, 2009, the Federal Grand Jury returned an indictment against Samuel Davis and Shawn Rice charging both with Conspiracy to Commit Money Laundering and Money Laundering (Davis - 30 counts and Rice - 13 counts). On

October 26, 2009, defendant Shawn Rice was allowed to represent himself and his standby counsel was discharged. (CR # 86). Thereafter defendant Shawn Rice filed a number of motions totally unrelated to the instant criminal case. On February 12, 2010, the government filed a motion to revoke defendant Shawn Rice's self-representation status. (CR # 124). This court set a hearing on the government's motion for March 8, 2010. (CR # 128). Defendant Shawn Rice was notified of this hearing in several ways including by certified mail. (CR # 128).

Shawn Rice's Failures to Appear

On March 8, 2010, defendant Shawn Rice failed to appear at the hearing to consider the government's motion to revoke his self-representation status. (CR # 133). This court continued this hearing to give defendant Shawn Rice another opportunity to appear. On March 9, 2010, defendant Shawn Rice again failed to appear at the hearing to consider the government's motion to revoke his self-representation status. (CR # 135). At this time this court directed Pretrial Services and the United States Attorneys Office to submit a petition to revoke defendant Shawn Rice's pretrial release due to his two failures to appear for court ordered hearings.

On June 16, 2010, Defendant Rice failed to appear at calendar call. (CR # 153). On June 21, 2010, Defendant Rice failed to appear for his trial. (CR # 153). On October 19, 2010, a four-count indictment (CR # 1) was returned against Defendant Rice for his failures to appear. (Case: 2:10-CR-520-GMN-RJJ). Failures to appear are felonies in violation of Title 18, United States Code, §3146.

Samuel Lynn Davis - Guilty Plea and Sentence

On March 25, 2011, co-defendant Samuel Davis plead guilty to all counts of the Indictment (counts 1-31). (CR # 191). On October 27, 2011, co-defendant Samuel Davis was sentenced to 57-months in the custody of the Federal Bureau of Prisons. (CR # 204 & 207).

Apprehension and Arrest of Defendant Shawn Rice

Defendant Shawn Rice fled and absconded from the jurisdiction of the United States District Court for the District of Nevada. Defendant Shawn Rice absconded from the supervision of Pretrial Services as early as February 18, 2010, and remained a fugitive from justice until December 22, 2011. On December, 22, 2011, after an all day stand-off with the FBI and local police, defendant Rice was arrested at his home in Seligman, Arizona. (District of Arizona Criminal Complaint filed in case # 3:12-mj-4029-MEA). Defendant Rice was thereafter removed to the District of Nevada and had an initial appearance on January 19, 2012. (CR # 219). Trial was continued in this case until July 23, 2012, before the Honorable James C. Mahan. (CR # 230).

The Failure to Appeal Case - 2:10-CR-520-GMN-RJJ

Trial in this case has been set for August 7, 2012, before the Honorable Gloria M. Navarro. (CR # 13).

Notice of Intent to Use Fed.R.Evid. 404(b) Evidence

On May 28, 2010, the government filed a notice of its intent to use defendant Shawn Rice's failures to appear as evidence of his consciousness of guilt in his money laundering case. (CR # 148). Defendant Rice has not objected to this suggestion.

## ARGUMENT

Two trials are currently pending against defendant Shawn Rice. First is his money laundering case before Judge Mahan set for July 23, 2012. Evidence of his failures to appear is intended to be offered against him in this case. The second trial is his failure to appear case set to commence August 7, 2012, before Judge Navarro. Evidence of his money laundering case is intended to be offered against him in this case. For the reasons mentioned below, these two cases should be consolidated for trial.

"Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself." *United States v. Harris*, 792 F.2d 866, 869 (9th Cir.1986) (*citations omitted*). Since "flight" is essentially an admission by conduct, its probative value as circumstantial evidence depends upon the degree of confidence with which four inferences can be drawn:

> (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir.1977); *see also United States v. Silverman*, 861 F.2d 571, 581 (9th Cir.1988).

All four factors are present in this situation. Defendant was engaged in extensive money laundering activities which lasted approximately one year in duration. After his arrest, he ultimately represented himself, but failed to appear for several court hearings and ultimately failed to appear for his money laundering trial. Thereafter, the defendant remained a fugitive for almost two years before his apprehension. Even after the defendant was located at his Arizona residence, he resisted arrest at gunpoint and was involved in a standoff with law enforcement which lasted for approximately ten hours.

Fed.R.Crim.P. 13 (Joint Trial of Separate Cases) provides that:
> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

Fed.R.Crim.P. 8 (Joinder of Offenses or Defendants) provides that:
> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

4

Defendant Rice's actions are just a continuation of his illegal conduct. First he was involved in a money laundering conspiracy and engaged in thirteen illegal money laundering transactions. After his arrest for the money laundering activities, defendant Rice absconded from Pretrial Services supervision and failed to appear for four court hearings including his trial. Defendant Rice remained a fugitive for almost two years and upon being located was involved in an all-day standoff with the police before he consented to being taken into custody.

> It is well established that a charge of bail jumping or escape may be deemed sufficiently "connected" with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and appellant's custody stemmed directly from the substantive charges. *See, e. g., United States v. Quinones*, 516 F.2d 1309, 1312 (1st Cir.), *cert. denied*, 423 U.S. 852, 96 S.Ct. 97, 46 L.Ed.2d 76 (1975); *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir.), *cert. denied*, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); *Bayless v. United States*, 381 F.2d 67, 71-72 (9th Cir. 1967); *See also United States v. Elliot*, 418 F.2d 219 (9th Cir. 1969).

*United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir. 1978).

The two offenses in the indictment are related in time because the defendant's failure to appear for trial occurred on the scheduled date of the defendant's trial for the first offense, money laundering. Defendant's motive for flight was obviously to avoid prosecution for the first offense. Moreover, the bond that defendant violated was granted for the first offense. Therefore, joinder of these offenses was proper under Fed.R.Crim.P. 8.

It is well-established that evidence of flight or escape from custody is admissible and has probative value as circumstantial evidence of consciousness of guilt. *See United States v. Urbina*, 431 F.3d 305, 312 (8th Cir.2005); *United States v. Hankins*, 931 F.2d 1256, 1261 (8th Cir.1991). A variety of courts have sanctioned joinder of underlying substantive charges with additional charges arising out of

5

post-charge or post-investigation conduct calculated to hinder prosecution or escape liability on the original charges. *See United States v. Carnes*, 309 F.3d 950, 957-58 (6th Cir.2002) (holding joinder of witness tampering count with underlying felon in possession charge was proper); *United States v. Balzano*, 916 F.2d 1273, 1280 (7th Cir.1990) (holding joinder of witness intimidation count with conspiracy and extortion counts was proper because intimidation amounted to attempt to cover-up or escape liability for underlying offenses and, thus, "was clearly part and parcel of the same criminal scheme"); *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir.1985) (holding counts alleging obstruction of justice and possession with intent to distribute marijuana were properly joined with conspiracy and murder counts where former acts were committed for purpose of avoiding punishment for latter); *United States v. Davis*, 752 F.2d 963, 972 (5th Cir.1985) (joinder of obstruction of justice count with underlying mail fraud and false statements counts proper where evidence of fraud tended to establish motive for obstruction of justice and, similarly, evidence of obstruction ( i.e., failure to produce subpoenaed documents, alleged interference with witness) tends to establish defendant's guilty consciousness of underlying substantive offenses); *see also United States v. Kaler*, 2001 WL 303349, at *2 (6th Cir. March 20, 2001) (unpublished opinion) (holding escape or failure to appear charge and underlying offense are "connected together" and properly joined under Rule 8(a) if charges are related in time, motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense).

> An important factor in determining whether prejudice exists is the answer to the question whether the evidence of one of the crimes would be admissible in a separate trial for the other crime. *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964); *King v. United States*, 355 F.2d 700 (CA 1, 1966).

*Bayless v. United States*, 381 F.3d 67, 72 (9th Cir. 1967).

6

In this case, as mentioned above, evidence of defendant's flight will be introduced in his money laundering trial to establish consciousness of guilt. Likewise, the pendency of defendant's money laundering case is a necessary component of his failure to appear charges. To establish failure to appear, it will be necessary to establish that there was a criminal case pending from which the defendant absconded.

"Bond jumping and the underlying offense are 'connected together' if they are related in time, the motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense." *United States v. Gabay*, 923 F.2d 1536, 1539–40 (11th Cir.1991) (*citing United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir.1978)). All these requirements are satisfied in this case.

## CONCLUSION

WHEREFORE, the United States respectfully requests for purposes of judicial economy that defendant's money laundering and failure to appear cases be joined for trial.

DATED this ____8th____ day of May, 2012.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/   J. Gregory Damm
_____
J. GREGORY DAMM
Assistant United States Attorney

Certificate of Service

I, J. Gregory Damm, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: GOVERNMENT'S MOTION TO CONSOLIDATE SEPARATE CASES, upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said GOVERNMENT'S MOTION TO CONSOLIDATE SEPARATE CASES and mailing a copy postage prepaid to Shawn Talbot Rice, P.O. Box 700, #81, Ash Fork, Arizona 86320 and to Shawn Talbot Rice, Inmate # 43739-048, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060-3427.

Dated: May 8, 2012        /s/ Pamela J. Mrenak
                          PAMELA J. MRENAK
                          Legal Assistant to J. Gregory Damm
                          Assistant United States Attorney
                          District of Nevada