UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

LAS VEGAS DIVISION

2012 JUN -8  A  9: 22

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | C | |
| Plaintiff/Respondent | C | |
| V. | C | Case No:  2:10-CR-00520-MMD-RJJ |
| SHAWN TALBOT RICE | C | 2:09-CR-00078-JCM-RJJ-2 |
| Defendant/Movant | C | copyrighted 2012 |
| _____ | C | |

## MEMORANDUM ON JUDICIAL NOTICE

### Introduction

Judges of all courts both State and Federal within these United States shall take as true without formal proof the statute or document that is subject to judicial Notice wherein the judge has no discretion unless proof is provided invalidating the statute or document including but not limited to the Constitution of the United States, the Laws of the United States, Bankruptcy Laws, the laws of the several States, the constitutions of the several States, the public statutes of the United States and the several States, all of the publications in the Federal Register with the additional test if they have the "force and effect of law" as "substantive regulations" creating then an Obligation of Law (duty) upon one of the people in these United States and other documents subject to judicial Notice.       **1.**

**Table of Contents**

Introduction                                                                                    1.

I.      Judges are Presumed to Know the Law                                      15.

II.     If it is Subject to Judicial Notice, Then it is Taken as True          15.

III.    Judicial Notice is Proof being Superior to Evidence                   16.

IV.    Court to Say What an Enacted Statute Means                           17.

V.     Invalidating a Statute                                                              19.

VI.    Objections to Judicial Notice                                                    20.

VII.   Judicial Notice is Not Limited by the Knowledge of Judge          20.

VIII.  Judicial Notice of Little and Brown Publications are Competent

        Evidence of the Several Public and Private Acts of Congress       21.

IX.    Judicial Notice of the Law and Constitution                              22.

X.     District Court of the United States to Take Judicial Notice of Statutes of

        the United States                                                                     23.

XI.    Federal Courts to Take Judicial Notice of Laws of the several States  23.

XII.   Judicial Notice of Public Statutes and Plead Facts To Statute     24.

XIII.  Judicial Notice of the Publications in the Federal Register and if they

        have "Force and Effect of Law", *i.e.*, are a "Substantive Regulation"

        being the same as a Statute of the United States                       31.

XIV.  Evidence Rule 201                                                                   33.

2.

XV.     Adjudicative Fact or Legislative Fact                                          34.

XVI.    Judicial Notice and Motion to Dismiss                                          36.

XVII.   Court Will Take Judicial Notice of Facts Which Vest United States

        with Jurisdiction                                                              36.

XVIII.  Courts Can't Take Judicial Notice of Laws of Other Countries

        Without Plea and Proof                                                         37.

XIX.    Law not Cited Isn't Excluded From Judicial Notice Upon Appeal                  37.

XX.     No Judicial Notice of Ordinances Usually                                       38.

XXI.    Bankruptcy                                                                     38.

XXII.   Refusing to Take Judicial Notice is Reviewed for Abuse of Discretion           39.

XXIII.  Plain Error, De Novo, Abuse of Discretion                                      39.

3.

# Table of Authorities

**Cases:**

*520 South Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119, 1138 FN14

   (7th Cir. 2008) — no

(7th Cir. 2008)          24.

*American Production Industries, Inc.*, 58 F.3d 404, (9th Cir. 1995)   27.

*Armstrong v. United States*, 80 U.S. 154 (1871)   25.

*Atlantic Coast Line R. Co. v. State*, 73 Fla. 609, 624 (Sup.Ct. Fla. 1917)   26.

*Batterton v. Francis*, 432 U.S. 416, 425 (1977   27.

*Bayard v. Smith*, 17 Wend. 88, 90 (Sup.Ct. Jud. N.Y. 1837)   27.

*Bayly's Adm'r v. Chubb*, 57 V. 284, 287 (Sup.Ct.App. Va 1862)   28.

*Beadnell v. United States*, 303 F.2d 87, 89 (1962)   17.

*Bird v. Commonwealth*, 21 Gratt 800, 800 (Sup.Ct.App. Va 1871   28.

*Bly v. Skaggs Drug Center, Inc.*, 562 S.W.2d 723, 726 (Ct.App. Mo 1978)   27.

*Bousley v. United States*, 523 U.S. 614 (1998)   17.

*Brown et al. v. Piper*, 91 U.S. 37, 42, 43 (1875)   30.

*Caha v. United States*, 152 U.S. 211, 222 (1894   25.

*Charles Boldt Co. v. Turner Bros. Co.*, 199 F. 139 (7th Cir. 1912)   25.

*Chipman & Aughinbaugh v Emeric*, 5 Cal. 239, 239 (Sup.Ct. Ca. 1855   25.

*Chrysler v. Brown*, 441 U.S. 281 (1979)   28, 29.

Chrysler, 441 U.S. at 295, 99 S.Ct. at 1714   26.

*Church v. Hubbart*, 2 Cranch, 187, 236   33.

*City of Utica v. Richardson*, 6 Hill 300 (Sup.Ct. N.Y. 1844)    27.

*Cohen v. United States*, 129 F.2d 733, 736, C.A. 8th.  Section 115(b)(1)    23.

*Course v. Stead*, 4 U.S. 22, 27 (1800)    23.

*Covington Drawbridge Co. V. Shepherd*, 61 U.S. 227, 232 (1857)    24.

*Dainese v. Hale*, 91 U. S. 13, 20, 21    37.

*Davis' Est. v. Watkins*, 76 N. W. 575, 56 Neb. 288 (Sup.Ct. Neb. 1898)    22.

*Dillon v. Gloss*, 256 U.S. 368, 376 (1921    28.

*Elmendorf v. Taylor*, 23 (10 Wheat) 152, 160 (1825)    17.

*Elwood v. Flannigan*, 104 U.S. 562, 568 (1881)    23.

*Emerson v. St. Louis 7 H. Ry. Co.*, 19 S.W. 1113, 1113 (Sup.Ct. Mo. 1892)    27.

*Ennis v. Smith*, 14 How. 400, 426, 427    37.

*Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir.2002)    29.

*Federal Crop Ins. Corp. V. Merrill*, 332 U.S. 380, 384-85 (1947)    24.

*Fox v. City of West Palm Beach*, 383 F.2d 189, 194-59 (5th Cir. 1957)    20.

*Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 320

    (1st Cir. 2004)    24.

*Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 321-22

    (1st Cir. 2004)    33.

*Getty Petroleum Marketing, Inc., v. Capital Terminal Co.*, 391 F.3d 312, 320-21

    (1st Cir. 2004)    38.

5.

*Gilead Sciences Securities Litigation v. Gilead Sciences, Inc.*, 536 F.3d 1049, 1055

(9th Cir. 2008 ............................................................................................................ 15.

*Goldberg v. Friedrich*, 279 Pa. 572 (Sup.Ct. Pa 1924) .......................................... 26.

*Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) ................................................... 15.

*Hanley v. Donoghue*, 116 U.S. 1, 6 (1885) ............................................................ 23.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982) ............................................ 15.

*Harrison v. Commissioner, Div. of Motor Vehicles*, 2010 WL 2243429, *6

( Sup.Ct.App. Va. 2010) ........................................................................................ 18.

*Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) .... 28.

*Hoyt v. Russell*, 117 U.S. 401, 403-404 (1886) ...................................................... 19.

*Hudspeth v. United States, 5 Cir. 1955,223 F.2d 848* ............................................. 36.

*Hutchinson v. State of Indiana*, 477 N.E.2d 850, 854 (Sup.Ct. Ind. 1985) ............ 16.

*In re Aughenbaugh*, 125 F.2d 887, 890 FN4 (3rd Cir. 1941) ................................. 20.

*In re Digby*, 47 B.R. 614, 618, 620 (Bkrtcy, Ala 1985) ......................................... 38.

*J.M. Blythe Motor Lines Corp. v. Blalock*,310 F.2d 77, 78 (5th Cir. 1962) .......... 24.

*Jenkins v. Collard*, 145 U.S. 546, 560, 561, 12 S.Ct. 868, 36 L.Ed. 812 ............ 37.

*Johnson v. Bonds Fertilizer, Inc.*, 226 S.W.3d 753, 755 (2006) ............................ 19.

*Johnson v. Chater*, 108 F.3d 942, 946 (8th Cir. 1997) ......................................... 33.

*Jones v. Chicago, B. & Q. R. Co.*, 125 S.W.2d 5, 13 (Sup.Ct. Mo. 1938) ............ 27.

*Jones v. U. S.*, 137 U. S. 202, 216, 11 Sup. Ct. 80 ............................................... 30.

*Jones v. United States*, 137 U.S. 202, 214 (1890) ................................................. 25.

*Jones v. United States*, 137 U.S. 202, 214(1890)     25,26.

*Jordan v. McDonnell*, 44 So. 101, 103 (Sup.Ct. Ala 1907)     22.

*Kennayde v. Pacific R.Co.*, 45 Mo. 255, *1 (Sup.Ct. Mo. 1870)     27.

*Knight v. United Land Ass'n*, 142 U.S. 161, 169 (1891)     25.

*Laborers' Pension Fund. V. Blackmore Sewer Const., Inc.*, 298 F.3d 600

     (7th Cir. 2002)     28.

*Lamar v. Micou, 112 U. S. 452, 474, 5 Sup. Ct. 221,*

     *and 114 U. S. 218, 223, 5 Sup. Ct. 857*     30.

*Lamar v. Micou*, 114 U.S. 218, 223 (1885)     23.

*Lazano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001)     39.

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)     15.

*Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951)     15.

*Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481, 488, 489, 63

     S.Ct. 347, 87 L.Ed. 411     37.

*Liverpool & B.W. Steam Co. v. Phenix Ins.Co.*, 129 U.S. 397, 445 (1889)     37.

*Lloyd v. Guibert*, L. R. 1 Q. B. 115, 129, 6 Best & S. 100, 142     37.

*Louisville Gas & Electric Co. v. Federal Power Commission*, 129 F.2d 126, 134,

     C.A. 6th, cert. denied, 318 U.S. 761, 63 S.Ct. 559, 87 L.Ed. 1133,

     rehearing denied, 318 U.S. 800, 63 S.Ct. 768, 87 L.Ed. 1164     23.

*Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)     36.

*Marbury v. Madison*, 1 Cranch 137, 138 (1803)     22

*McIndoo v. Burnett*, 494 F.2d 1311, 1313 (8th Cir. 1974)   24.

*Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir.1998)   29.

*Mills v. Denver Tramway Corp.*, 155 F.2d 808, 812, C.A. 10th   17,23.

*Mills v. Green*, 159 U.S. 651, 657, 658 (1895)   30.

*Minnesota Rate Cases*, 230 U. S. 352, 452 (1913)   19.

*Minnesota Rate Cases*, 230 U. S. 352, 452, 453 (1913)   19.

*Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)   36.

*Nev-Cal Elec. Secur;ities Co. v. Imperial Irr. Dist.*, 85 F.2d 886, 905 (9th Cir. 1936)   29.

*Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)   22.

*Newson v. City of Kansas City*, 606 S.W.2d 487, 490 (Ct.App. Mo. 1980)   26,27.

*N.L.R.B. v. Health Care & Retirement Corp. of America 511 U.S. 571 , 582 (1994)*   17.

*O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, (10th Cir. 2007)   29,33.

*Oneida Indian Nation of New York, et al., v. State of New York*, 691

   F.2d 1070, 1086 (2nd Cir. 1982)   27.

*Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900, 901

   (9th Cir. 2007)   15.

*Owings v. Hull, 9 Pet. 607, 625*   30.

*Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 646 (3rd Cir. 1958)   23.

*Parkway Baking Company v. Freihofer Baking Company, 255 F.2d 641, 646*

   (C.A.3, 1958)   23,37.

*People v. Bartow*, 6 Cow. 290 (Sup.Ct. N.Y. 1826)   27.

*Pierce v. Indseth*, 106 U. S. 546, 1 Sup. Ct. Rep. 418 ............ 37.

*Pierce v. Underwood*, 487 U.S. 552, 558 (1984) ............ 17.39.

Production Tool Corp. v. Employment and Training Administration,

    U.S. Dept. of Labor, 688 F.2d 1161, 1165 (7th Cir. 1982) ............ 26, 28.

*Prudential Ins. Co. of America v. Carlson*, 126 F.2d 607, 611 (10th Cir. 1942) ............ 22.

*Quailey v. Clo-Tex Intern., Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000) ............ 35.

*Quong Wing v. Kirkendall*, 223 U. S. 59, 64, (1912) ............ 19.

*Reynolds v. Chicago & A.R. Co.*, 85 Mo. 90, *2 (Sup.Ct. Mo. 1884) ............ 27.

*Richardson v. Honda Mfg. of Alabama, LLC*, 635 F. Supp.2d 1261, 1272

    (N.D. Ala 2009) ............ 19.

*Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312, 313 (1994) ............ 17.

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-313 (1994) ............ 17.

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-313, 114

    S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994) ............ 18.

*Sands v. McCormick*, 502 F.3d 263, 268 (3rd Cir. 2007) ............ 16.

*Schultz v. Tecumseh Products*, 310 F.2d 426, 433 (6th Cir. 1962 ............ 37.

*Sears, Roebuck & Co. v. Metropolitan Engravers, Limited*, 245 F.2d 67, 70

    (9th Cir. 1957) ............ 29.

*Seiz Co. v. Arkansas State Highway and Transp. Dept.*, 2009 WL 1740251

    (Ark.) (Sup.Ct. Ark. 2009) ............ 19.

*Shapleigh v. Mier*, 299 U.S. 468, 475 (1937) ............ 21.

*Southern Cotton Press & Mfg. Co. v. Bradleyk* 52 Tex. 587, *6 (Sup.Ct. Tex. 1880)    26.

*Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.,*

   181 F.3d 410, [426] (3d Cir.1999)    16.

South Michigan Ave. Associates, Ltd. v. Shannon, 549 F.3d 1119,1138

   FN14 (7th Cir. 2008)    28.

*Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003)    29.

*State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992)    12.

*State v. Main*, 37 A. 80, 84 (Sup.Ct.Err. Conn. 1897)    16.

*State v. Tomanelli*, 216 A.2d 625, 628 (Sup.Ct. Conn. 1966)    16.

*Stutzka v. McCarville*, 420 F.3d 757, 761 FN2 (8th Cir. 2005)    29.

*The United State v. Thomas Tingey*, 30 U.S. 115, 125 (1831)    23.

*Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002)    35.

*Towns v. Towns*, 25 So. 715 (Sup.Ct. Ala 1899)    22.

*Tran v. Mukasey*, 515 F.3d 478, 484 (5th Cir. 2008)    17.

*Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004)    14.

*U.S. v. Gould*, 536 F.2d 216, 219 (8th Cir.1976)    31.

*United States v. American Production Industries, Inc.*, 58 F.3d 404, (9th Cir. 1995)    29.

*United States v. Atkinson*, 297 U.S., at 160, 56 S.Ct., at 392    35.

*United States v. Bello*, 194 F.3d 18, 22-23 (1st Cir.1999)    34,35.

*United States v. Benson*, 495 F.2d 475, 481, (5ht Cir. 1974)    *36.*

*United States v. Bowser*, 941 F.2d 1019, 1021 (10th Cir. 1991)    35.

*United States v. Certain Parcels of Land, etc.*, 144 F.2d 626, 630 (C.A.3, 1944     33.

*United States v. City of Miami, Fla.*, 654 F.2d 435, FN16 (5th Cir. 1981)     38.

*United States v. Coffman*, 638 F.2d 192, 194 (10th Cir.1980)     35.

*United States v. Dedman*, 527 F.3d 577, 586 (6th Cir. 2008)     24.

*United States v. Eagle boy*, 200 F.3d 1137, 1140 (8th Cir. 1999)     29.

*United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592,

     71 L.Ed.2d 816 (1982)     35.

*United States v. Fullard-Leo*, 331 U.S. 256, 269, 67 S.Ct. 1287, 91 L.Ed. 1474     23.

*U.S. v. Gould, 536 F.2nd, 219 (8th Cir. 1976)*     35.

*United States v. Harris*, 331 F.2d 600, 600 (6th Cir. 1964)     23.

*United States v. Howard*, (1 Cranch C.C. 15) 26 F.Cas. 96, 97, 98 (1801)     29.

*United States v. Hoyts Cinemas Corp.*, 380 F.3d 558, 570 (1st Cir. 2004)     20.

*United States v. Reynes*, 50 U.S. 127 147-48 (1850)     25.

*United States v. Thomas Tingey, 30 US 115, 125 (1831)*     28.

*United States v. White*, 258 F.3d 374 FN9 (5th Cir. 2001)     24.

*United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006)     33,34,35.

*United States v. Wilson*, 631 F.2d 118 (9th Cir. 1980)     33.

*United States v. Wolny*, 133 F.3d 758 (10th Cir. 1998)     39.

*United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998)     29.

*United States v. Young,* 470 U.S. 1, 15-16 (1984)     40.

*Vagaszki v. Consolidation Coal Co.*, 225 F. 913, 915 (2nd Cir. 1915)     23.

*Vela v. City of Houston*, 276 F.3d 659, FN26 (5th Cir. 2001)                 35.

*Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) citing

*Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)        15.

*Walter v. Drayson*, 496 F.Supp.2d 1162, 1165 (Dist. Ct. Hawaii 2007)          16.

*Weaver v. Palmer Bros. Co.*, 270 U.S. 402, 410 (1926)                          19.

*Weaver v. United States*, supra, 298 F.2d 496, 498, C.A. 5th                   23.

*White v. Gittens*, 121 F.3d 803, FN1 (1st Cir. 1997)                         23.

*White v. Saint Guirons*, Minor, 332, 12 Am. Dec. 56 (Sup.Ct. Ala 1824)        22.

*White v. St. Guirons*, Minor 331, 345 (Sup.Ct. Ala 1824)                       22.

*Xi v. U.S. I.N.S.*, 298 F.3d 832, 836 (9th Cir. 2002)                        17.


**Statutes:**

Administrative Procedure Act of 1946                                          31,32.

Federal Act of 1935, 49  Stat. 502  Sec. 7                                     31,36.

Federal Register Act of 1935 at 49 Stat 502 Sec. 7                              31.

**Code Sections:**

1 U.S.C. § 113                                          18.

44 U.S.C. § 1507                                        31.

44 U.S.C. Sections 1501-1511                            26.

5 U.S.C. §§ 553(b), 553(d)                              33.

5 U.S.C. Chapters 5-9                                   26.

**Rules:**

Evidence Rule 203                                       30.

Fed.R.Crim.P. 52(b                                      40.

Fed.R.Evid. 201(a)                                      34,38.

Fed.R.Evid. 201(b)                                      28,29.

Fed.R.Evid. 201(b)(2)                                   33.

Federal Rule of Evidence 201                            35.

Federal Rules of Evidence of Rule 201(d)(f)(g)          33.

**Other Authorities:**

Attorney General Manual 1947 pg. 88                     28.

Lubbers "A Guide to Federal Rule Making" 4th Edition pages 60    28.

Paul R. Rice, *The Evidence Project: Proposed Revisions to the Federal Rules of*

*Evidence with Supporting Commentary, 171 F.R.D. 330, 405 (1997) Ibid. at 322*   34.

13.

*Revised Statutes 1878 Section 908*                                    18.

Senate Comparative Print, June 1945 (Sen. Doc. P. 159)                 28.

Administrative Law Treaties                                            35.

# I. Judges are Presumed to Know the Law

In *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**.".; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take **judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof**, the judges being deemed to know the law or at least where it is to be found."

"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

# II. If it is Subject to Judicial Notice, Then it is Taken as True

In the adjudged decision of *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) "Nor must we "*accept as true allegations that contradict matters properly subject to judicial notice* or by exhibit."" *[Emphasis added]* See also *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900, 901 (9th Cir. 2007); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *Gilead Sciences Securities Litigation v. Gilead Sciences, Inc.*, 536 F.3d 1049,

15.

1055 (9th Cir. 2008); *Walter v. Drayson*, 496 F.Supp.2d 1162, 1165 (Dist. Ct. Hawaii 2007)

In *Hutchinson v. State of Indiana*, 477 N.E.2d 850, 854 (Sup.Ct. Ind. 1985) "Judicial notice excuses the party having the burden of establishing a fact from the necessity of producing formal proof."

### III. Judicial Notice is Proof being Superior to Evidence

In *State v. Main*, 37 A. 80, 84 (Sup.Ct.Err. Conn. 1897) "**Judicial notice takes the place of proof,** and is of equal force. As a means of **establishing facts, it is therefore superior to evidence.** In its appropriate field, it displaces evidence, since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary." In *State v. Tomanelli*, 216 A.2d 625, 628 (Sup.Ct. Conn. 1966) "'To take judicial notice is a function, and to apply it to the decision of causes a right, which appertains to every court of justice, from the lowest to the highest.'" (cites omitted). In *Sands v. McCormick*, 502 F.3d 263, 268 (3rd Cir. 2007) "In *Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, [426] (3d Cir.1999), we noted that **judicial proceedings constitute public records** and that **courts may take judicial notice of another court's opinions.** *Id.* at 426. * * * We explained that a court may take judicial notice of another court's opinion to use it as proof that evidence existed to put a party on notice of the facts underlying a claim.

*[Ibid. Southern Cross at 428]*."

16.

In *Beadnell v. United States*, 303 F.2d 87, 89 (1962) "Proof of facts judicially known was unnecessary. FN 5 (cites omitted)." See *Mills v. Denver Tramway Corp.*, 155 F.2d 808, 811 (10th Cir. 1946).

## IV. Court to Say What an Enacted Statute Means

In *Elmendorf v. Taylor*, 23 (10 Wheat) 152, 160 (1825) ""[T]he construction given by this Court to the constitution and laws of the United States is received by all as true construction . . . ."

In *Bousley v. United States*, 523 U.S. 614 (1998), to wit:

> It is **this Court's responsibility to say what a statute means**, and once the Court has spoken, it is the **duty of other courts to respect that understanding of the governing rule of law**. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 312-313 (1994).

See *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312, 313 (1994); *Tran v. Mukasey*, 515 F.3d 478, 484 (5th Cir. 2008); *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004); *Xi v. U.S. I.N.S.*, 298 F.3d 832, 836 (9th Cir. 2002);

In *N.L.R.B. v. Health Care & Retirement Corp. of* America 511 U.S. 571, 582 (1994) **"[S]ince it is the function of the courts and not the Legislature,** much less a Committee of one House of the Legislature, to say **what an enacted statute means.** Pierce *v. Underwood*, 487 U.S. 552, 556, 557 (1988)." See *Luessenhop v. Clinton County, New York*, 466 F.3f 259, 268

17.

(2nd Cir. 2006); *Tax and Accounting Software Corp. v. United State*, 301 F.3d 1254, 1265,

1266 (10th Cir. 2002); *American Trucking Assoc. Inc. v. U.S. E.P.A.*, 175 F.3d 1027, 1052

(C.A.D.C. 1999); *Beverly Enterprises, Virginia, Inc. v. N.L.R.B.*, 165 F.3d 290, 298

(4th Cir. 1999); *Strickland v. Commissioner, Maine Dept. of Human Services*, 48 F.3d 12, 18

(1st Cir. 1995); *Mississippi Poultry Ass'n, Inc. v. Madigan*, 31 F.3d 293, 315 (1994); *United

States v. Williams*, 23 F.3d 629, 634 (2nd Cir. 1994); *Mississippi Poultry Ass'n, Inc. v.

Madigan*, 992 F.2d 1359 (5th Cir. 1993); *Gray Panthers Advocacy Comm. v. Sullivan*, 936

F.2d 1284, 1288 (C.A.D.C. 1991); *Retirement Fund Trust of Plumbing v. Franchise Tax Bd.*,

909 F.2d 1266, 1279 (9th Cir. 1990); *Scalise v. Thronburgh*, 891 F.2d 640, 645 (7th Cir. 1989);

*Home Group, Inc. v. C.I.R.*, 875 F.2d 377, FN7 (2nd Cir. 1989); *Madison Galleries,

Ltd. v. United States*, 870 F.2d 627, 633 (C.A. Fed. Cir. 1989).

It is this Court's responsibility to say what a statute means, and once the Court has

spoken, it is the duty of other courts to respect that understanding of the governing rule of

law. A judicial construction of a statute is an authoritative statement of what the statute

meant before as well as after the decision of the case giving rise to that construction."

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-313, 114 S.Ct. 1510, 1519,

128 L.Ed.2d 274 (1994).

In *Harrison v. Commissioner, Div. of Motor Vehicles*, 2010 WL 2243429, *6 (Sup.Ct.

18.

App. Va. 2010) "It is this Court's responsibility to say what a statute means, and once the

Court has spoken, it is the duty of other courts to respect that understanding of the governing rule

of law. *A judicial construction of a statute is an authoritative statement of what the statute meant*

*before as well as after the decision of the case giving rise to that construction.*" See

*Richardson v. Honda Mfg. of Alabama, LLC,* 635 F. Supp.2d 1261, 1272 (N.D. Ala 2009).

*Seiz Co. v. Arkansas State Highway and Transp. Dept.*, 2009 WL 1740251 (Ark.)

(Sup.Ct. Ark. 2009) [I]t is this court's duty to decide what a statute means *Johnson v. Bonds*

*Fertilizer, Inc.*, 226 S.W.3d 753, 755 (2006)."

## V. <u>Invalidating a Statute</u>

In *Weaver v. Palmer Bros. Co.*, 270 U.S. 402, 410 (1926) "Invalidity may be shown by

things which will be judicially noticed (*Quong Wing v. Kirkendall*, 223 U. S. 59, 64, (1912)) or

by facts established by evidence. The burden is on the attacking party to establish the invalidating

facts. See *Minnesota Rate Cases*, 230 U. S. 352, 452 (1913)." In *Minnesota Rate Cases*, 230

U. S. 352, 452, 453 (1913) "It is fundamental that the judicial power to declare legislative action

invalid upon constitutional grounds is to be exercised only in clear cases. The constitutional

invalidity must be manifest, and if it rests upon disputed questions of fact, **the invalidating facts**

**must be proved**. And this is true of asserted value as of other facts." In *Hoyt v. Russell*, 117

U.S. 401, 403-404 (1886) "Judicial Notice . . . boundaries of a state or territory where it

19.

holds its sessions, and of judicial districts, and municipal subdivisions within it . . . the extent

of its jurisdiction, not only of the subjects placed by law under its cognizance, but of its

extent territorially."

## VI. Objections to Judicial Notice

In *United States v. Hoyts Cinemas Corp.*, 380 F.3d 558, 570 (1st Cir. 2004) "One

of the requirements of Rule 201 is procedural, namely, that the parties be given notice

and an opportunity to object to the taking of judicial notice. * * * In any event the rule also require

s both that the noticed fact be "not subject to reasonable dispute" and that it be so either (1) on

the basis of general knowledge within the territorial jurisdiction of the trial court or (2) because

it is capable of being determined by an assuredly accurate source." In *In re Aughenbaugh*,

125 F.2d 887, 890 FN4 (3rd Cir. 1941) "Wigmore, in his treatise on evidence (Third Edition)

Sec. 2566, states that judicial notice means ' * * * acceptance of a matter as proved without

requiring the party to offer evidence of it.'"

## VII. Judicial Notice is Not Limited by the Knowledge of Judge

In *Fox v. City of West Palm Beach*, 383 F.2d 189, 194-59 (5th Cir. 1957), to wit:

The court may, of course, **take judicial notice of facts which need not be proved**. The most frequent application of the judicial notice doctrine is common knowledge. The rule has been thus declared: '**Judicial notice in any particular case is not determined or limited by the actual knowledge of the individual judge or court.** This means that it is not essential that matters of judicial cognizance be actually known to the judge; if they are proper subjects of judicial notice, the judge may inform himself in any way which may seem best to his discretion, and act accordingly.

20.

In *Shapleigh v. Mier*, 299 U.S. 468, 475 (1937) "To say that a court will take **judicial notice of a fact,** whether it be an event or a custom or **a law** of some other government, is merely another way of saying that the **usual forms of evidence will be dispensed with if knowledge of the fact can be otherwise acquired."   *Ibid. at 475* "But the truth, of course, is **that judicial notice and judicial knowledge are far from being one.**  * * * To the contrary, a court that is left without knowledge of a fact after exploring to the full every channel of information must needs decide against the litigant who counts upon the fact as an essential of his claim."

## VIII. Judicial Notice of Little and Brown Publications are Competent Evidence of the Several Public and Private Acts of Congress

Without further proof or authentication thereof the laws and treaties of the United States, published by Little and Brown are competent evidence without further proof codified at 1 U.S.C. § 113, to wit:

> The edition of the laws and treaties of the United States, published by Little and Brown, and the publications in slip or pamphlet form of the laws of the United States issued under the authority of the Archivist of the United States, and the Treaties and Other International Acts Series issued under the authority of the Secretary of State **shall be competent evidence of the several public and private Acts of Congress,** and of the treaties, international agreements other than treaties, and proclamations by the President of such treaties and international agreements other than treaties, as the case may be, therein contained, **in all the courts of law and equity and of maritime jurisdiction, and in all the tribunals and public offices of the United States, and of the several States, without any further proof or authentication thereof.**

21.

In *White v. St. Guirons*, Minor 331, 345 (Sup.Ct. Ala 1824) "There could be no Error in reading an Act of Congress in pamphlet form, and this Exception requires no answer. **The Court was bound to know the law of the land.**" In *Jordan v. McDonnell*, 44 So. 101, 103 (Sup.Ct. Ala 1907) "The courts of the state take judicial notice of the acts of Congress. *Davis ' Est. v. Watkins*, 76 N. W. 575, 56 Neb. 288 (Sup.Ct. Neb. 1898); *White v. Saint Guirons*, Minor, 332, 12 Am. Dec. 56 (Sup.Ct. Ala 1824). See *Towns v. Towns*, 25 So. 715 (Sup.Ct. Ala 1899).

## IX. Judicial Notice of the Law and Constitution

In *Marbury v. Madison*, 1 Cranch 137, 138 (1803) "The courts of the United States are bound to take **notice of the constitution**." In *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) "We hold that matters of public record such as state statutes, city charters, and city ordinances fall within the category of "common knowledge" and are therefore proper subjects for judicial notice." *Ibid.* "A court may take judicial notice of facts of "common knowledge" in ruling on a motion to dismiss." In *Prudential Ins. Co. of America v. Carlson*, 126 F.2d 607, 611 (10th Cir. 1942) ". And while federal courts take **judicial notice of the laws** not only of the forum but also those of other states [cites omitted] that means no more than that one relying upon a statute of a foreign state need not plead it."

22.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## X. District Court of the United States to Take Judicial Notice of Statutes of the

## United States

In *United States v. Harris*, 331 F.2d 600, 600 (6th Cir. 1964), to wit:

> The District Court will also take judicial notice of the statutes of the United States.
> *United States v. Fullard-Leo*, 331 U.S. 256, 269, 67 S.Ct. 1287, 91 L.Ed. 1474; *Louisville*
> *Gas & Electric Co. v. Federal Power Commission*, 129 F.2d 126, 134, C.A. 6th, cert.
> denied, 318 U.S. 761, 63 S.Ct. 559, 87 L.Ed. 1133, rehearing denied, 318 U.S. 800, 63
> S.Ct. 768, 87 L.Ed. 1164; *Cohen v. United States*, 129 F.2d 733, 736, C.A. 8th. Section
> 115(b)(1), Title 28, United States Code, provides that Hamilton County is in the Southern
> District of Ohio. Nor is it necessary that the Court be requested to take judicial notice of a
> fact before it is authorized to do so. The Court may take judicial notice sua sponte.
> *Weaver v. United States*, supra, 298 F.2d 496, 498, C.A. 5th; *Mills v. Denver Tramway*
> *Corp.*, 155 F.2d 808, 812, C.A. 10th.

## XI. Federal Courts to Take Judicial Notice of Laws of the Several States

In *Elwood v. Flannigan*, 104 U.S. 562, 568 (1881) "[T]he courts of the United States take

judicial notice of all the public laws of the several States." See *Hanley v. Donoghue*, 116

U.S. 1, 6 (1885); *Course v. Stead*, 4 U.S. 22, 27 (1800); *Lamar v. Micou*, 114 U.S. 218, 223

(1885) "The law of any state of the Union, whether depending upon statutes or upon judicial

opinions, is a matter of which the courts of the United States are bound to take judicial notice,

without plea or proof.  See *White v. Gittens*, 121 F.3d 803, FN1 (1st Cir. 1997);

*Vagaszki v. Consolidation Coal Co.*, 225 F. 913, 915 (2nd Cir. 1915);  *Parkway Baking Co. v.*

*Freihofer Baking Co.*, 255 F.2d 641, 646 (3rd Cir. 1958);  *United States v. White*, 258 F.3d 374

FN9 (5th Cir. 2001);  *J.M. Blythe Motor Lines Corp. v. Blalock*,310 F.2d 77, 78 (5th Cir. 1962);

*United States v. Dedman*, 527 F.3d 577, 586 (6th Cir. 2008); *McIndoo v. Burnett*, 494 F.2d 1311,

1313 (8th Cir. 1974).  In *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312,

320 (1st Cir. 2004) "[t]he law of any state of the Union, whether depending upon statutes or

upon judicial opinions, is a matter of which the courts of the United States are bound to take

judicial notice without plea or proof."

   In *Covington Drawbridge Co. V. Shepherd*, 61 U.S. 227, 232 (1857) "The statute of

the Legislature of Indiana . . . is therefore a public law, of which the Circuit Court [

United States] and this court [Supreme Court of the United States] are bound to take judicial

notice, without its being pleaded or offered in evidence. For wherever a law of a State is held

to be a public one, to be judicially taken notice of by the State courts, it must be regarded in like

manner by a court of the United States, when it is required to administer the laws of the State."


## XII. Judicial Notice of Public Statutes and Plead Facts To Statute


   In *Federal Crop Ins. Corp. V. Merrill*, 332 U.S. 380, 384-85 (1947) "Just as everyone is

charged with knowledge of the United States Statutes at Large, Congress has provided that

the appearance of rules and regulations in the **Federal Register gives legal notice of their**

contents." In *Armstrong v. United States*, 80 U.S. 154 (1871) "This was a **public act of which all courts of the United States are bound to take notice**, and to which **all courts are bound to give effect.**" In *Charles Boldt Co. v. Turner Bros. Co.*, 199 F. 139 (7th Cir. 1912) "However, the **statute means something**, and when this is comprehended it is the duty of the **courts to give it effect.**" In *Jones v. United States*, 137 U.S. 202, 214 (1890) "All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer, or of its recognition or denial of the sovereignty of a foreign power, **as appearing from the public acts of the legislature and executive,** although those acts are not formally put in evidence, nor in accord with the pleadings." In *United States v. Reynes*, 50 U.S. 127 147-48 (1850) "The **treaties** above mentioned, the public acts and proclamations of the Spanish and French governments, and those of their publicly recognized agents, in **carrying into effect those treaties,** though not made exhibits in this cause, are historical and notorious facts, of which the court can take regular judicial notice; and reference to which is implied in the investigation before us." In *Knight v. United Land Ass'n*, 142 U.S. 161, 169 (1891) "[S]tatutes of the United States and of the state of California, and the records of the interior department, of all of which the court can take judicial notice."

In *Caha v. United States*, 152 U.S. 211, 222 (1894), to wit:

> [I]t may be laid down as a general rule, deducible from the cases, that wherever, by the

25.

express language of any act of congress, power is entrusted to either of the principal departments of government **to prescribe rules and regulations for the transaction of business in which the public is interested**, and in respect to which they have a right to participate, and by which they are to be controlled, the **rules and regulations prescribed in pursuance of such authority become a mass of that body of public records of which the courts take judicial notice.**

In *Jones v. United States*, 137 U.S. 202, 214(1890), to wit:

All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government **whose laws they administer**, or of its recognition or denial of the sovereignty of a foreign power, as appearing from the **public acts of the legislature** and executive, although those acts are not formally put in evidence, nor in accord with the pleadings.

In *Southern Cotton Press & Mfg. Co. v. Bradley*k 52 Tex. 587, *6 (Sup.Ct. Tex. 1880) "[T]he court would take judicial notice of it, as of **any public statute**, and **apply the law arising there from to the facts of the case."** In *Atlantic Coast Line R. Co. v. State*, 73 Fla.609, 624 (Sup.Ct. Fla. 1917) "Courts will take judicial notice of **all general or public domestic statutes**, and they need not be specially pleaded." *Ibid.* Where **a public statute is applicable to a case**, it is sufficient that the pleading of the party who seeks to rely upon the statute **shall set forth the facts which bring the case within it**; and it is not necessary to recite the title of the act or otherwise designate or even section, to it."   In *Goldberg v. Friedrich*, 279 Pa. 572 (Sup.Ct. Pa 1924) "It may also be stated, however, as a rule universally recognized, that **courts will take judicial notice of its public statutes**. Such laws need not be pleaded or proved; it is not necessary to allege a violation of the statute, but, of course, the statement must set forth

26.

sufficient facts to bring the case within the statute." In *Newson v. City of Kansas City*, 606

S.W.2d 487, 490 (Ct.App. Mo. 1980) **The rule of judicial notice applies to public statutes . .**

" *Ibid*, "The doctrine of judicial notice is a rule of evidence which **presumes the matter**

**subject to notice as true** and so does away with the formal necessity of present proof." *Ibid*.

"A party who **seeks avail of a public statute must state facts which bring the cause of action**

**with its purview.**" In *Jones v. Chicago, B. & Q. R. Co.*, 125 S.W.2d 5, 13 (Sup.Ct. Mo. 1938)

"One who desires to avail himself of a public statute is not required to plead the statute by

distinct mention of it or reference to it, but is **only required to plead the facts which bring**

**his case within its purview.**" See *Emerson v. St. Louis 7 H. Ry. Co.*, 19 S.W. 1113, 1113

(Sup.Ct. Mo. 1892);  *Reynolds v. Chicago & A.R. Co.*, 85 Mo. 90, *2 (Sup.Ct. Mo. 1884);

*Kennayde v. Pacific R.Co.*, 45 Mo. 255, *1 (Sup.Ct. Mo. 1870);  *Bayard v. Smith*, 17 Wend.

88, 90 (Sup.Ct. Jud. N.Y. 1837);  *City of Utica v. Richardson*, 6 Hill 300 (Sup.Ct. N.Y. 1844);

*People v. Bartow*, 6 Cow. 290 (Sup.Ct. N.Y. 1826); *Chipman & Aughinbaugh v Emeric*, 5 Cal.

239, 239 (Sup.Ct. Ca. 1855).  In *Bly v. Skaggs Drug Center, Inc.*, 562 S.W.2d 723, 726

(Ct.App. Mo 1978) "(i)t is a well-settled rule that courts of justice are bound to take **judicial**

**notice of public statutes** enacted by the legislature of the state where the courts are held." In

*Oneida Indian Nation of New York, et al., v. State of New York*, 691 F.2d 1070, 1086

(2nd Cir. 1982) "When there is no dispute as to the authenticity of such materials and **judicial**

27.

**notice is limited to law, legislative facts, or factual matters that are incontrovertible, such**

**notice is admissible.** Fed.R.Evid. 201(b), * * *

[U]ndisputed background history of the period when the statute was passed." (cites omitted).

In *The United State v. Thomas Tingey*, 30 U.S. 115, 125 (1831) "What those duties are

[navy pursers], except so far as they are incidentally disclosed in public laws, cannot be

judicially known to this court." In *Dillon v. Gloss*, 256 U.S. 368, 376 (1921) "Its

ratification [Eighteenth Amendment], of which we take judicial notice, was consummated

January 16th, 1919." In *Bird v. Commonwealth*, 21 Gratt 800, 800 (Sup.Ct.App. Va 1871)

"The Maryland law thereby became the law of Congress in said District, and is to be taken notice

of by State courts, without proof." In *Bayly's Adm'r v. Chubb*, 57 V. 284, 287 (Sup.Ct.App. Va

1862) "[I]t **must treat them** [District of Columbia] **as it does any other public acts of**

**Congress passed in pursuance of the constitution,** which it is required to administer, to

wit, as **supreme public laws of the land**--laws which the court is presumed to know and is

**bound to notice** without requiring them to be first proved." In *Hennessy v. Penril*

*Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) "In order for a fact to be

judicially noticed, indisputability is a perquisite." In *Laborers' Pension Fund. V. Blackmore*

*Sewer Const., Inc.*, 298 F.3d 600 (7th Cir. 2002) "We [7th Cir.] may take judicial notice of matters

of public record . . ." In *520 South Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119,

28.

1138 FN14 (7th Cir. 2008) "A court may "take judicial notice of historical documents,

documents contained in the public record, and reports of administrative bodies...." *Menominee*

*Indian Tribe of Wis. v. Thompson,* 161 F.3d 449, 456 (7th Cir.1998). Thus, we may take judicial

notice of the state court decisions." In *Stutzka v. McCarville*, 420 F.3d 757, 761 FN2

(8th Cir. 2005) "Because we may take judicial notice of judicial opinions and public records,

see, *e.g., United States v. Eagle boy,* 200 F.3d 1137, 1140 (8th Cir. 1999)". In *Stahl v. U.S.*

*Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) "The district court may take judicial

notice of public records and may thus consider them on a motion to dismiss. *Faibisch v. Univ. of*

*Minn.,* 304 F.3d 797, 802-03 (8th Cir.2002)." In *Sears, Roebuck & Co. v. Metropolitan*

*Engravers, Limited*, 245 F.2d 67, 70 (9th Cir. 1957) "It is true, judicial notice may be taken of a

fact to show that a complaint does not state a cause of action." In *Nev-Cal Elec. Secur;ities*

*Co. v. Imperial Irr. Dist.*, 85 F.2d 886, 905 (9th Cir. 1936) "An appellate court can properly take

judicial notice of any matter of which the court of original jurisdiction may properly take notice."

In *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) "**A judge takes judicial notice**

**when he recognizes the truth of a matter** that is either "generally known" or "capable of

**accurate and ready determination by resort to sources whose accuracy cannot reasonably**

**be questioned.**" Fed.R.Evid. 201(b)." In *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218,

(10th Cir. 2007) "Federal Rule of Evidence 201(b) states: "A judicially noticed fact must be one

not subject to reasonable dispute in that it is either (1) generally known within the territorial

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned.""

In *Mills v. Green*, 159 U.S. 651, 657, 658 (1895), to wit:

> The lower courts of the United States, and this court of appeal from their decisions, take **judicial notice of the constitution and public laws of each state of the Union** *Owings v. Hull, 9 Pet. 607, 625; Lamar v. Micou, 112 U. S. 452, 474, 5 Sup. Ct. 221, and 114 U. S. 218, 223, 5 Sup. Ct. 857; Hanley v. Donoghue, 116 U. S. 1, 6, 6 Sup. Ct. 242; Bank v. Francklyn, 120 U. S. 747, 751, 7 Sup. Ct. 757; Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453; Martin v. Railroad Co., 151 U. S. 673, 678, 14 Sup. Ct. 533.* Taking judicial notice of the constitution and laws of the state . . . 1 Greenl. Ev. § 6; *Brown v. Piper*, 91 U. S. 37, 42; *Gardner v. The Collector*, 6 Wall. 499; *Hoyt v. Russell*, 117 U. S. 401, 6 Sup. Ct. 881; *Jones v. U. S.*, 137 U. S. 202, 216, 11 Sup. Ct. 80.

In *Brown et al. v. Piper*, 91 U.S. 37, 42, 43 (1875), to wit:

> Among the things of **which judicial notice** is taken are the law of nations; the general customs and usages of merchants; the notary's seal; things which must happen according to the laws of nature; the coincidences of the days of the week with those of the month; the meaning of words in the vernacular language; the **customary abbreviations of Christian names**; the accession of the Chief Magistrate to office, and his leaving it. In this country, such notice is taken of the appointment of members of the cabinet, the election and resignations of senators, and of the appointment of marshals and sheriffs, but not of their deputies. The **courts of the United States take judicial notice** of the ports and waters of the United States where the tide ebbs and flows, of the **boundaries of the several States and judicial districts**, and of the **laws and jurisprudence of the several States** in which they exercise jurisdiction. **Courts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper.** *Ibid @ 43*, **But it is a thing in the common knowledge and use of the**

*30.*

**people throughout the country. Notice and proof were, therefore, unnecessary**.

## XIII. Judicial Notice of the Publications in the Federal Register and if they have "Force and Effect of Law", *i.e.*, are a "Substantive Regulation" being the same as a Statute of the United States

This Court is to take judicial Notice the Federal Register Act of 1935 being one of the Public Statutes of the United States, and as mandated within the Federal Act of 1935, 49 Stat. 502 Sec. 7 "The **contents of the Federal Register shall be judicially noticed** and, without prejudice to any other mode of citation, may be cited by volume and page number" codified today at 44 U.S.C. § 1507.

Then the next test of the judicial Noticed publications in the Federal Register mandated by Congress is contained within the Administrative Procedure Act of 1946 to see if any of the regulations are "**substantive regulations**" having the "**force and effect of law**" or are they merely "interpretative regulations" which can never be violated or be grounds for any legal actions, they do not create any enforceable rights and the courts are not required to give any effect to "interpretative regulations."

Within the **Federal Register Act of 1935** includes but not limited to: documents that "have general applicability and legal effect", [S]uch documents or classes of documents as

31.

**may be required so to be published by Act of the Congress**", the Administrative Committee

is mandated to implement the Federal Register Act by regulations, the contents of the Federal

Register shall be judicially noticed, and no document required to be published is valid against

any person until published in the Federal Register.

Within the **Administrative Procedure Act of 1946** including but not limited to:

proposed rulemaking shall be published in the Federal Register known as "Informal Rulemaking

(not used by IRS) to establish "substantive rules adopted as authorized by law" ("by law" means)

that has the "force and effect of law", "reference to the authority under which the rule is

proposed "(required for "substantive rules" to show statutory authority source), "either the terms

or substance of the proposed rule or a description of the subjects and issues involved, and the

"effective date . . . of any substantive rule . . . not less than thirty days prior to the effective date"

 (must wait 30 days after Final Rule published for substantive rules to take effect unless "good

cause found"). Formal Rulemaking is a trial type of establishing rules using "where notice or

hearing is required by statute", which is not used by the IRS or almost never by any other agency.

Contained also in the Administrative Procedure Act of 1946 "[T]his subsection **shall not**

 **apply to interpretative rules**, general statements of policy, rules of agency organization,

procedure, or practice, or in any situation in which the agency for cause finds . . .",

wherein "interpretative rules" establishes no Obligation of Law, i.e. by Operation of Law, no

32.

1    known legal duty, wherein all "interpretative regulations" "do not create enforceable rights 5

2
     U.S.C. §§ 553(b), 553(d)" and "it [agencies] cannot ground legal action in a violation of its
3

4    interpretive rule."

5

6
                            XIV.  **Evidence Rule 201**
7

8

9        And further this court shall take judicial Notice under the Federal Evidence Rule of 201

10   "adjudicative facts" does invoke the Federal Rules of Evidence of Rule 201(d)(f)(g) for

11
     mandatory judicial Notice including but not limited to Rule 201 "(**d) When mandatory.  A court**
12
     **shall take judicial notice if requested by a party and supplied with the necessary**
13

14   **information.**"; and, 201(f) "(**f) Time of taking notice.**  Judicial notice may be taken at any stage

15   of the proceeding."; and, 201(g) "**Instructing jury.**  In a civil action or proceeding, the court

16   shall instruct the jury to accept as conclusive any fact judicially noticed" for all of the Federal

17   Register publications cited herein.

18
         In *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, (10th Cir. 2007) "As he
19

20   correctly asserts, Rule 201(d) makes the rule **mandatory when it applies**: "A court shall

21   **take judicial notice if requested by a party and supplied with the necessary information.**"

22   See *Johnson v. Chater*, 108 F.3d 942, 946 (8th Cir. 1997).  In *United States v. Wilson*, 631 F.2d
23
     118 (9th Cir. 1980) "Fed.R.Evid. 201(b)(2) permits judicial notice of a fact that is "not subject
24

25   to reasonable dispute in that it is ... (2) capable of accurate and ready determination by resort to

26   sources whose accuracy cannot reasonably be questioned." In particular, a court may take

27   **judicial notice of its own records** in other cases, as well as the **records of an inferior court**

     **in other cases.**"                                    33.

1    There is an exhaustive discussion of the exclusion of judicial Notice of the Law under

2
3    Evidence Rule 201 in *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312,

4    321-22 (1st Cir. 2004) referencing the proposing of an Evidence Rule 203 [Judicial Notice of the

5
6    Law] by Paul R. Rice, *The Evidence Project: Proposed Revisions to the Federal Rules of*

7    *Evidence with Supporting Commentary,* 171 F.R.D. 330, 405 (1997) *Ibid. at 322* "Although

8
9    judicial noticeof fact and judicial notice of law share the phrase "judicial notice," they draw on

10   different rules of practice. Rule 201 "governs only judicial notice of adjudicative facts."

11
12   Fed.R.Evid. 201(a). Judicial notice of law is outside the scope of Rule 201, and derives from

13   practical considerations and case law that do not rely on Rule 201 or principles of evidence.

14   [FN14]."  But even if "judicial Notice of the Law" might be considered outside of "adjudicative
15
16   facts" there are other circumstances that it might be an included, remembering that *Getty,*

17   *supra*, does not in any way question that the Court must take judicial Notice of the Law.

18

19

20   ## XV. Adjudicative Fact or Legislative Fact

21

22
23   In *United States v. Bello*, 194 F.3d 18, 22, 23 (1st Cir. 1999), to wit:

24   To qualify for **judicial notice**, a fact "must be one not subject to dispute in that it is either
25   (1) generally known within the territorial jurisdiction of the trial court or (2) capable of
     accurate and ready determination by resort to sources whose accuracy cannot reasonably
26   be questioned." * * *  *Ibid. at 23* Whether a fact is **adjudicative** or **legislative** depends
     not on the nature of the fact-e.g., who owns the land-but rather on the use made of it (*i.e.,*
27   **whether it is a fact germane to what happened in the case or a fact useful in**

34.

**formulating common law policy or interpreting a statute**) and the same fact can play either role depending on context. *See* Fed.R.Evid. 201, Advisory Committee's note ("**Adjudicative facts are simply the facts of the particular case**. Legislative facts, on the other hand, are *23 those which have relevance to legal reasoning and the lawmaking process....").

In *United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006) " "That the courts are allowed to take judicial notice of statutes is unquestionable." *United States v. Coffman,* 638 F.2d 192, 194 (10th Cir.1980). Statutes are considered legislative facts-"established truths, facts or pronouncements that do not change from case to case but apply universally"-and courts may take notice of legislative facts." In *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) "However, whether a fact is adjudicative or legislative depends upon the manner in which it is used. *United States v. Bello,* 194 F.3d 18, 22-23 (1st Cir.1999). A legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law." In *Vela v. City of Houston*, 276 F.3d 659, FN26 (5th Cir. 2001) "The power is less constrained than its power to take notice of adjudicative facts. (cites omitted)."

In *Quailey v. Clo-Tex Intern., Inc.,* 212 F.3d 1123, 1128 (8th Cir. 2000), to wit:

Adjudicative facts are "facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses." *Id.; see also* U.S. v. Gould, 536 F.2d 216, 219 (8th Cir.1976) (stating that adjudicative facts concern "who did what, where, when, how and with what motive or intent.") (quoting 2 Kenneth Davis, Administrative Law Treatise § 15.03 at 353 (1958)). By contrast, "[l]egislative facts do not relate specifically to the activities or characteristics of the litigants. A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties."

35.

## XVI. Judicial Notice and Motion to Dismiss

In *Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) "However, facts

subject to judicial notice may be considered on a motion to dismiss.

In *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) "On a

motion to dismiss, however, a court may take judicial notice of acts outside the pleadings."

This court shall take judicial Notice of the cases, Congressional Records of Congress and

other public records including Statutes of the United States, United States Code (U.S.C.) and

Code of Federal Regulations ("CFR") published including but not limited to, in the Federal

Register and as mandated in Federal Register Act of 1935 at 49 Stat 502 Sec. 7 (44 U.S.C. § 1507)

"The contents of the Federal Register shall be judicially noticed and without prejudice to any

other mode of citation, may be cited by volume and page number."

## XVII. Court Will Take Judicial Notice of Facts Which Vest United States with Jurisdiction

In *United States v. Benson*, 495 F.2d 475, 481 (5th Cir. 1974) " ''The court will take judicial

notice of (the) facts which vest the United States with jurisdiction . . .', *Hudspeth v. United

States*, 5 Cir. 1955, 223 F.2d 848, citing *Brown v. United States*, 5 Cir. 1919, 257 F. 46."

36.

## XIII. <u>Courts Can't Take Judicial Notice of Laws of Other Countries</u>
## <u>Without Plea and Proof</u>

In *Liverpool & B.W. Steam Co. v. Phenix Ins.Co.*, 129 U.S. 397, 445 (1889), to wit:

> The rule that the courts of one country cannot take cognizance of the law of another
> without plea and proof has been constantly maintained, at law and in equity, in England
> and America. *Church v. Hubbart*, 2 Cranch, 187, 236; *Ennis v. Smith*, 14 How. 400, 426,
> 427; *Dainese v. Hale*, 91 U. S. 13, 20, 21; *Pierce v. Indseth*, 106 U. S. 546, 1 Sup. Ct.
> Rep. 418; *Ex parte Cridland*, 3 Ves. & B. 94, 99; *Lloyd v. Guibert*, L. R. 1 Q. B. 115,
> 129, 6 Best & S. 100, 142. In the case last cited, Mr. Justice WILLES, delivering
> judgment in the exchequer chamber, said: 'In order to preclude all misapprehension, it
> may be well to add that a party who relies upon a right or an exemption by foreign law is
> bound to bring such law properly before the court, and to establish it in proof. Otherwise
> the court, not being entitled to notice such law without judicial proof, must proceed
> according to the law of England.'

## XIX. <u>Law not Cited Isn't Excluded From Judicial Notice Upon Appeal</u>

In *Schultz v. Tecumseh Products*, 310 F.2d 426, 433 (6th Cir. 1962), to wit:

> Notwithstanding these observations, however, counsel's failure to **cite law of which a
> United States Court must take judicial notice,** and <u>which controls the disposition
> of the case, does not render such law inapplicable or prevent reliance upon it on
> appeal.</u> *Parkway Baking Company v. Freihofer Baking Company,* 255 F.2d 641, 646

> *United State v. Certain Parcels of Land, etc.*, 144 F.2d 626, 630 (C.A.3, 1944). See,
> also, *Jenkins v. Collard*, 145 U.S. 546, 560, 561, 12 S.Ct. 868, 36 L.Ed. 812; *Lilly v.
> Grand Trunk Western R. Co.*, 317 U.S. 481, 488, 489, 63 S.Ct. 347, 87 L.Ed. 411.

## XX.  No Judicial Notice of Ordinances Usually

There is an exhaustive examination of ordinance not being subject in *Getty Petroleum Marketing, Inc., v. Capital Terminal Co.*, 391 F.3d 312, 320-21 (1st Cir. 2004) "Municipal ordinances and private codes referred to in statutes historically have not been included within this general rule of judicial notice of law. Under traditional rules, even **a municipal ordinance must be put into evidence** (cites omitted) . . . "**municipal ordinances may not be judicially noticed by courts of general jurisdiction**" (cites omitted) . . . it must be pleaded, like any other fact of which judicial notice will not be taken. (cites omitted)."

In *United States v. City of Miami, Fla.*, 654 F.2d 435, FN16 (5th Cir. 1981) "Although the ordinance has never been introduced as evidence, we can take judicial notice of it. (cites omitted)."

## XXI.  Bankruptcy

In *In re Digby*, 47 B.R. 614, 618, 620 (Bkrtcy, Ala 1985) "The Federal Rules of Evidence apply in bankruptcy cases. FN5 Bankruptcy Rule 9017." *Ibid. at 620* "Because the taking of judicial notice of a fact by a bankruptcy judge is regulated by the Federal Rules of Evidence only if the fact is an "adjudicative fact," (FN11 Fed. Rule of Evid. 201(a) the distinction between this

38.

type of fact and a "legislative fact" must be noted. An **"adjudicative fact" concerns the parties**

**to a proceeding**, as contrasted with a "legislative fact" which is general and broad and relates

to the parties not as individuals or particular entities but unspecifically"

## XXII. <u>Refusing to Take Judicial Notice is Reviewed for Abuse of Discretion</u>

In *Lazano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) "The court's decision whether to

take judicial notice of facts is reviewed for abuse of discretion." See *United States v. Wolny*, 133

F.3d 758 (10th Cir. 1998)."   See *United States v. McIntosh*, 124 F.3d 1330, 1338 (10th Cir. 1997).

In *United States v. Mitchell*, 113 F.3d 1528, 1531 (10th Cir. 1997) ""In reviewing a

court's determination for **abuse of discretion**, we will not disturb the determination absent a

**distinct showing** it was based on a **clearly erroneous finding of fact or an erroneous**

**conclusion of law or manifests a clear error of judgment.**" *Cartier v. Jackson*, 59 F.3d

1046, 1048 (10th Cir.1995)."

## XXIII. <u>Plain Error, De Novo, Abuse of Discretion</u>

In *Pierce v. Underwood*, 487 U.S. 552, 558 (1984) "For purposes of standard of review,

decisions by judges are traditionally divided into three categories, denominated **questions**

of law (reviewable *de novo* ), **questions of fact** (reviewable for **clear error**), and **matters of discretion** (reviewable for "**abuse of discretion**")"

In *United States v. Bowser*, 941 F.2d 1019, 1021 (10th Cir. 1991) ""Because defendant did not object to admission of this testimony at trial, we review for plain error. Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Plain errors are those errors that when viewed against the entire record " '**seriously affect the fairness, integrity or public reputation of judicial proceedings.**' " *United States v. Young,* 470 U.S. 1, 15-16 (1984)."

In *United States v. Young,* 470 U.S. 1, 15-16 (1984), to wit:

The plain-error doctrine of Federal Rule of Criminal Procedure 52(b) [FN12] tempers the blow of a rigid application of the contemporaneous-objection requirement. The Rule authorizes the Courts of Appeals to correct only "particularly egregious errors," *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982), those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings," *United States v. Atkinson,* 297 U.S., at 160, 56 S.Ct., at 392.

FN12. Federal Rule of Criminal Procedure 52(b) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.