UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
|     Plaintiff/Respondent § | |
| v. § | Case No: 2:10-CR-00520-RJJ |
| § | 2:09-CR-00078-JCM-RJJ-2 |
| SHAWN TALBOT RICE § | |
|     Defendant § | Verified |
| _____§ | |

<u>NOTICE OF CIPA DISCOVERY FRAUD AND REQUEST FOR DISMISSAL OF INDICTMENT WITH PREJUDICE, OR ALTERNATIVELY, PRODUCTION OF CIA, NSA, STATE DEPARTMENT, DEA, IRS, AND FINCEN RECORDS</u>, ANY OTHER CIPA RECORDS, SUBPOENAS AND A CIPA HEARING

STATE OF NEVADA § 
COUNTY OF CLARK §

I. Introduction

This is a verified motion and can only be opposed by a counter-affidavit or competent fact witness. A U.S. attorney is not allowed to act as a fact witness. When Due Process is violated jurisdiction ceases, **ab initio**.

Comes now Petitioner, unrepresented, neither waiving his right to counsel nor waiving his right to represent himself, and

in violation of his rights according to the 1st (right to access to the court), 4th (illegal search and seizure), 5th (Due Process), and 6th (right to competent counsel) Amendments of the Constitution, hereby notices the court of CIPA discovery fraud in the instant case through violations of the Classified Information Procedures Act, 18 USC App. III, et seq.

Petitioner now demands all CIPA records in the files of any agency, federal or state, unredacted, and demands the prosecutor in this case be referred for violations of federal law. Petitioner has a right to discovery of every record in government files in any agency of the government that would be material to Petitioner's case. See *Brady v. Maryland*, 373 US 83 (1963).

The Prosecutor is not allowed according to law to determine what is material and what is not material. Therefore, a presumption exists, which must be treated as a fact by the court, based on legal precedent, that the concealment of classified records constitutes structural error.

## II. Offer of Proof

Petitioner submits an offer of proof, establishing that the government has violated the Classified Information Procedures Act, and the records demanded will prove Petitioner's case. Petitioner has witnesses, evidence, and testimony in an offer of proof that officers of the court a) Defrauded Petitioner absent Constitutional authority, b) Conviction absolutely requires evidence of a crime and the evidence does not exist, and that classified records exist which have been concealed from

Petitioner. The court cannot refuse an offer of proof.
*"Allegations such as those asserted by petitioner, (a pro se litigant), however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.  Accordingly, although we intimate no view on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof."*
*Haines v. Kerner*, 404 U.S. 519, 522.

### III. Responsibility of U.S. Attorney

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.  As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.  He may prosecute with earnestness and vigor - indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones.  It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."
*Berger v. U.S.*, 295 U.S. 78, 88   (1935)

### IV. Right to a Dismissal or a CIPA Hearing

Petitioner also demands dismissal of the indictment with prejudice, or alternatively, a CIPA hearing with disclosure of all classified records in any agency of the United States and

any state agency that are classified. By the government's refusal to timely disclose the existence of CIPA records, the government has now **waived its right** to their release and **Petitioner is entitled to the records now, unredacted.** Upon disclosure of the CIPA records, the court should refer the prosecutor(s) to the Attorney General for the illegal release of classified records pursuant to the National Security Act of 1947, et seq, and to concealment of evidence in a Nifong claim, or immediately arrest the U.S. attorney for NSA violations after the records are disclosed, unredacted.

### V. The Court is Faced with a Hobson's Choice

Thus the court is faced with a **Hobson's choice**.
1) The court is required according to its oath of office to order the government to produce all CIPA records in the government for disclosure to defendant, unredacted because of the concealment during discovery, in which case the court is required to refer the prosecutor(s) to the Attorney General for violations of security protection acts and for a violation according to **Nifong**; or
2) The court can refuse to order the production of the CIPA records to Defendant, in which case the government has violated *Brady v. Maryland*, 373 U.S. 83 (1963), and the Classified Information Procedures Act,, 18 USC App. III, IV, requiring dismissal of the case with prejudice, and the court has created **structural error** in preventing the Defendant from using the records in Petitioner's defense. Since the records are **presumed**

1 **to be material** by their concealment as a matter of law, the
2 refusal to provide the discovery by the government and CIPA
3 records requires that Petitioner's indictment be dismissed with
4 prejudice and that criminal indictments be presented against
5 prosecutors in this case by the court.
6     Included in those rights is the protection against
7 prosecutorial suppression of evidence and other prosecutorial
8 and judicial failures to make "material" evidence or witnesses
9 available to the defense at trial, when "materiality" is defined
10 as at least a "'reasonable probability that, had the evidence
11 been disclosed to the defense, the result of the proceeding
12 would have been different.'"  *Kyles v. Whitley*, 514 U.S. at 435
13 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)
14 (plurality opinion); id at 685 (White, J., concurring in
15 judgment)). In addition to *Bagley*, which addresses claims of
16 prosecutorial suppression of evidence, the decisions listed
17 below – all arising in "what might loosely be called the area of
18 constitutionally guaranteed access to evidence,'" *Arizona v.*
19 *Youngblood*, 488 U.S. 51, 55 (1988) (quoting *United States v.*
20 *Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)) – require proof of
21 "materiality" or prejudice.  The standard of materiality adopted
22 in each case is not always clear.  But if that standard requires
23 at least a "reasonable probability" of a different outcome, its
24 satisfaction also automatically satisfies the *Brecht* harmless
25 error rule.  See, e.g., **Arizona v. Youngblood**, supra at 55
26 (recognizing due process violation based on state's loss or
27 destruction before trial of material evidence); **Pennsylvania v.**

*Ritchie*, 480 U.S. 39, 57-58 (1987) (recognizing due process violation based on state agency's refusal to turn over material social services records; "information is "material" if it "probably would have changed the outcome of his trial" (citing *United States v. Bagley*, supra at 682 (plurality opinion); id at 685 (White, J., concurring in judgment)); *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985) (denial of access by indigent defendant to expert psychiatrist violates Due Process clause when defendant's mental condition is 'significant factor' at guilt-innocence or capital sentencing phase of trial); *California v. Trombetta*, 467 U.S. 479, 489-90 (1984) (destruction of breath samples might violate Due Process Clause if there were more than a slim chance that evidence would effect outcome of trial and if there were no alternative means of demonstrating innocence); *United States v. Valenzuela-Bernal*, supra at 873-874 ("As in other cases concerning the loss [by state or government] of material evidence, sanctions will be warranted for deportation of alien witnesses only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact."); *Chambers v. Mississippi*, 40 U.S. 284, 302 (1973) (evidentiary rulings depriving defendant of access to evidence "critical to [his] defense" violates "traditional and fundamental standards of due process"); *Washington v. Texas*, 388 U.S. 14, 16 (1967) (**violation of Compulsory Process Clause when court arbitrarily deprived defendant of "testimony [that]j would have been relevant and material, and …. vital to the defense"**).

### VI. Structural Error By the Court

The refusal of the court to follow the law constitutes **structural error**, requiring dismissal of the case with prejudice.

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Court repeatedly has reaffirmed that '[s]ome constitutional violations … by their very nature cast so much doubt on the fairness of the trial process that as a matter of law, they can never be considered harmless. *Satterwhite v. Texas*, 486 US 249, 256 (1988). Accord *Neder v. United States*, 527 US 1, 7 (1999).

One such issue is the right to self-representation. See, e.g., *Neder v. United States,* supra, 527 US at 8 ('denial of self-representation at trial' 'structural error and thus [is] subject to automatic reversal.' *Johnson v. United States*, 520 US at 469; *Sullivan v. Louisiana*, 508 US at 279.

Petitioner's counsel has refused to provide evidence of counsel's competence related to this case. If Petitioner is denied the right to represent Petitioner and to file Petitioner's own pretrial motions and to find Petitioner's own attorney of competence, then the actions of the court constitutes structural error.

In looking at the discretion of the Court and how it relates to this type of a request, we start with the proposition in *Gideon v. Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733] that criminal defendants are

entitled under the Constitution to the assistance of court-appointed counsel if they are unable to employ private counsel. However, the decision whether to permit a defendant to discharge his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court, and a defendant has no absolute right to more than one appointed attorney. "A defendant's right to a court-appointed counsel does not include the right to require the court to appoint more than one counsel, except in a situation where the record clearly shows that the first appointed counsel is not adequately representing the accused.... `The right of a defendant in a criminal case to have the assistance of counsel for his defense ... may include the right to have counsel appointed by the court ... discharged or other counsel substituted, if it is shown ... that failure to do so would substantially impair or deny the right ..., but the right to such discharge or substitution is not absolute, in the sense that the court is bound to accede to its assertion without a sufficient showing ... that the right to the assistance of counsel would be substantially impaired ... in case the request is not granted, and within these limits there is a field of discretion for the court.

    Lastly, in considering the issue at hand, Petitioner fully understands that the trial court cannot thoughtfully exercise its discretion in this matter without listening to Petitioner's reasons for requesting entry as co-counsel. A trial judge is unable to intelligently deal with a defendant's request for

attorneys unless he/she is cognizant of the grounds which prompted the request. A defendant may have knowledge of conduct and events relevant to the diligence and competence of his/her attorney which are not apparent to the trial judge from observations within the four corners of the courtroom. Indeed, "[w]hen inadequate representation is alleged, the critical factual inquiry ordinarily relates to matters outside the trial record: whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choice of trial tactics and strategy." (*Brubaker v. Dickson* (9th Cir. 1962) 310 F.2d 30, 32.)[5]

Thus, a judge who denies a motion for entry of Defendant as counsel solely on the basis of his/her courtroom observations, despite a defendant's offer to relate specific instances of misconduct, abuses the exercise of his/her discretion to determine the competency of the attorney. A judicial decision made without giving a party an opportunity to present argument or evidence in support of his/her contention "is lacking in all the attributes of a judicial determination." (*Spector v. Superior Court* (1961) 55 Cal.2d 839, 843 [13 Cal.Rptr. 189, 361 P.2d 909].)

Further support for the Petitioner's contention that it is in Petitioner's best interest to proceed without counsel or to find alternative counsel are proper at this point in the litigation.

Indeed, claims of incompetency of trial counsel must be raised by Petitioner/defendant at trial and generally may not be raised for the first time on appeal. "If defendant felt his[/her] counsel did not adequately represent him[/her] he[/she] should have complained to the trial court and given that court an opportunity to correct the situation. In the absence of such complaint the acts of defendant's counsel are imputed to him." (*People v. Youders* (1950) supra, 96 Cal.App.2d 562, 569.) If a defendant is required to complain of error at trial so that the error can be corrected at that level, he/she should be given ample opportunity to explain and if possible to document the basis of his/her contention.  However, Petitioner is fully aware of Petitioner's reservations related to current counsel and desires to raise them now, and not at the time of trial as that would simply add undue hardship and burden to the Court and the prosecution.  Accordingly, Petitioner can affirmatively say that Petitioner's request to enter as co-counsel is made in the interest of justice and not simply for delay.

    Counsel has refused to provide evidence of counsel's competence related to this case. If Petitioner is denied the right to represent Petitioner and to file Petitioner's own pretrial motions  and to find Petitioner's own attorney of competence, then the actions of the court could constitute structural error.

**CONCLUSION-PRAYER**

Petitioner moves the court to dismiss this case with prejudice for the government's concealment of classified records in agencies of the federal and state government.

**WHEREFORE PREMISES CONSIDERED,** Petitioner hereby prays that in accordance with the rights and guarantees afforded under the U.S. Constitution in the 1st, 4th, 5th, 6th and 14th Amendments, that the indictment and prosecution in this case be dismissed and Petitioner be declared actually innocent as a matter of law.

Dated this _5th_ day of _June_. 2012

Respectfully submitted,

_Shawn Talbot Rice_
Shawn Talbot Rice

**CERTIFICATION UNDER PENALTY OF PERJURY**

I, Shawn Talbot Rice, certify on this the _5th_ day of _June_, 2012, pursuant to 28 USC § 1746 that the foregoing is true and correct.

_Shawn Talbot Rice_
Shawn Talbot Rice

11.