Shawn Rice
P.O.Box 1092
Seligman, AZ 86337

FILED RECEIVED
2012 JUL -5 A 10: 56
DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff / Respondent,<br><br>vs.<br><br>SHAWN TALBOT RICE<br><br>Defendant / Petitioner | Case Number: 2:09-cr-0078 JCM-RJJ - 2<br>2:10- cr- 00520 JCM-RJJ - 1<br><br>Defendant Shawn Rice's Motion to Dismiss Indictment due to Speedy Trial Act Violation with Incorporated Memorandum of Law |

Defendant Shawn Talbot Rice ["Mr. Rice"], appearing in pro-per, moves this court to dismiss all charges in the indictment against him because the Government violated his right to a speedy trial under the Speedy Trial Act.[1] In support of this motion, Mr. Rice states as follows:

**1. PRELIMINARY STATEMENT**

Because the Government failed to bring Mr. Rice to trial within 70 "nonexcludable" days, it violated the Speedy Trial Act (the "STA") and his statutory right to a speedy trial. Mr. Rice is now entitled to a mandatory order of dismissal of the charges against him as a matter

U.S.C. § 3162(a)(2).

of law. 18 U.S.C. § 3162(a)(2) provides "[i]f a defendant is not brought to trial within the time limit required by § 3161(c) as extended by § 3161(h), the information or indictment shall be dismissed on motion of the defendant."

When presented with a motion to dismiss for a Speedy Trial Act violation, "the Court must follow a two-step process."[2] "First, the court must do the basic mathematics and determine the aggregate time elapsed awaiting trial. Second, it must determine how many days should be excluded from that ultimate sum."[3] Additionally, a hearing is warranted because, "[i]n ruling on a defendant's motion to dismiss, the court must tally the unexcluded days [which] in turn, requires identifying the excluded days."[4] And "if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges…"[5]

## 2. RELEVANT PROCEEDURAL BACKGROUND

On March 3, 2009, the Government filed its first and only indictment against Mr. Rice and his only co-defendant, Samuel Davis. The indictment charged Mr. Rice with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1656(h) and thirteen counts of money laundering, aiding and abetting, in violation of 18 U.S.C. § 1656(a)(3)(A). On March 6, 2009, both defendants made their initial appearances before the trial court at which time they both entered pleas of not guilty. After Mr. Rice's most recently court-appointed attorney was terminated April 6, 2012, he has proceeded before this court in pro-per and intends to continue in that capacity at least through trial.

---

2. See *United States v. Staula*, 80 F. 3d 596, 600 (1st Cir. 1996).
3. *Id.*; see also *United States v. Sepulveda*, 15 F.3d 1161, 1193 (1st Cir. 1993).
4. *Zedner vs. United States*, 547 U.S. 489 (2006). *Zedner* went on to say that, if the district court failed to make appropriate findings, "harmless-error review is not appropriate."
5. *Id.*

Beginning on May 7, 2009, the court entered the first in a series of seven orders that continued the proceedings through at least December 13, 2010.[6] In the interim, the court issued a warrant for the arrest of Mr. Rice on June 16, 2010 because he had fled the District of Nevada.[7] On December 22, 2011, Mr. Rice was arrested in the District of Arizona and returned to the District of Nevada. The warrant was returned as executed on January 4, 2011.[8] Afterward on February 22, 2012, the court entered its most recent order that continued trial until July 24, 2012.[9] His motion to dismiss now follows. On March 25, 2011, Mr. Davis changed his plea of not guilty to guilty, effectively severing himself from Mr. Rice who remains as the sole defendant to stand trial.[10]

## 3. ARGUMENT, POINTS & AUTHORITIES

### 3.1 Introduction

"The Speedy Trial Act was intended not only to protect the interests of defendants, but was also "designed with the public interest firmly in mind.""[11] It requires that a defendant be brought to trial within 70 "non-excludable" days from the filing of the indictment or the defendant's first appearance before a judicial officer of the trial court, whichever occurs last.[12] As discussed supra, the STA mandates an orderly and expeditious procedure for federal criminal prosecutions

---

6. Doc. 48, 73, 126, 127, 156, 162, 178.
7. Doc. 153.
8. Doc. 218.
9. Doc. 230.
10. Doc. 190
11. See *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) quoting *Zedner*, supra.
12. 18 U.S.C. § 3161(c)(1).

by fixing specific, mechanical time limits within which a prosecution must occur. As the House Judiciary Committee explained in its report recommending passage of the Speedy Trial Act, "the right to a speedy trial belongs not only to the defendant, but to society as well."[13] Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice, and it imposed the sanction of dismissal under § 3162 to compel courts and prosecutors to work in furtherance of that goal.[14]

Compliance is not a suggestion; it is a legal requirement. The sanction for a violation is dismissal of the indictment which is mandatory, not discretionary.[15] Subsection 3162(a)(2) provides "[i]f a defendant is not brought to trial within the time limit required by § 3161(c) as extended by § 3161(h), the information or indictment shall be dismissed on motion of the defendant." The United States Supreme Court certainly recognizes the significance the Act still plays today in criminal jurisprudence. Between 2006 and 2010, the Court handed down two opinions, each upholding critical aspects of the Act. In *Zedner v. United States*, the Court held 9-0 that a defendant's right to a speedy trial is not waivable.[16] In *Bloate v. United States*, the Court

---

13. 7 H.R. Rep. 93-1508, at 15 (1974), reprinted in 1974 U.S.C.C.A.N. 7401, 7408; see also 18 U.S.C. § 3161(h)(8)(A) (recognizing that public has interest in speedy trials independent of defendants's interests).

14. See *United States v. Antonio*, 705 F.2d 1483, 1485 (9th Cir.1983) ("An underlying assumption of the Act was that in the long run public justice is eroded by untoward delay between the identification of wrongdoers and the commencement of court proceedings.") (citing H.R. Rep. 93-1508, at 16 (1974), reprinted in 1974 U.S.C.C.A.N. 7401, 7409); see also S. Rep. 93-1021, at 21-22, 42-43 (1974), reprinted in Anthony Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 208 (1980); Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended 63 (Dec. 1979 rev., with amends. through Oct. 1984).

15. 18 U.S.C. § 3162(a)(2); see also *United States v. Richmond*, 735 F.2d 208, 211 (6th Cir. 1984); *United States v. Tunnessen*, 763 F.2d at 76; *United States v. Peeples*, 811 F.2d 849, 850 (5th Cir. 1987).

16 *Zedner*, supra.

held 7-2 that time may be excluded from the trial clock "only when a district court grants a continuance based on appropriate findings…"[17] (Emphasis added).

**3.2 The Violation**

As of June 30, 2012, a total of 1,212 days has elapsed since the 70 day "trial clock" started running on March 6, 2009 when both Mr. Rice and his co-defendant made their initial appearances in the trial court.[18] In multiple defendant cases like this one where no severance has been granted, the trial clock commences when the last defendant makes his first appearance before a judicial officer in the trial court.[19] After the trial clock started running, the Government was required to bring Mr. Rice to trial, or reach a plea agreement, within 70 "non-excludable" days, which was by May 15, 2009, before allowing for any excludable delay.

"Excludable delay" is defined under subsection 3161(h) of the STA and is mainly attributable to continuances and pretrial motions. While virtually all pretrial motions automatically exclude time from the date they are filed until the date the court rules on them, only continuances that comply with strict "ends of justice" criteria qualify.[20] To determine if and when a violation occurred, it becomes necessary to identify and calculate "excludable" delay.

---

17. *Bloate v. United States*, Supreme Court No. 08-728 (2010).
18. Doc. 10.
19. See *United States v. Cope*, 312 F.3d 757, 776-77 (6th Cir. 2002); *United States v. Mathis*, 96 F.3d 1577, 1579 n.1 (11th Cir. 1996).
20. 18 U.S.C. § 3161(h)(7)(A); *Bloate*, supra; *Zedner*, supra at 507.

Here, the court entered seven continuances that excluded/covered the following time periods:

| From | Until | Doc. # |
|---|---|---|
| 5/07/09 | 10/05/09 | 48 |
| 10/06/09 | 2/22/10 | 73 |
| 2/23/10 | 6/21/10 | 126 & 127 |
| 6/22/10 | 9/20/10 | 156 |
| 9/13/10 | 11/10/10 | 162 |
| 11/12/10 | 12/13/10 | 178 |
| 3/13/12 | 7/18/12 | 230 |

That left two discreet periods totaling 115 days which were not covered by any continuance:

| From | Until | Days |
|---|---|---|
| 3/06/09 | 5/07/09 | 61 |
| 12/22/11 | 2/16/12 | 54 |

Between March 6, 2009 and May 7, 2009, four motions were filed that automatically excluded 33 days and left a net of 28 non-excludable days. They were:

| Doc. | Date | Ruling | Date | Days Ex. |
|---|---|---|---|---|
| 22 | 3/17/09 | 32 | 3/18/09 | 1 |
| 36 | 4/07/09 | 41 | 4/21/09 | 14 |
| 38 | 4/07/09 | 43 | 4/28/09 | 7 |
| 42 | 4/27/09 | 48 | 5/7/09 | 10 |

**Total Excludable Days: 33**

Because there were no motions filed between December 22, 2011 and February 4, 2012, there was no additional time excluded from those 54 non-excludable days. Thus together, there were more than 70 non-excludable days that occurred during these two periods alone which ultimately triggered a violation of the STA's 70 day trial deadline 28 days + 54 days = 82 days). In moving to dismiss the indictment due to an STA violation, Mr. Rice's only obligation is to make a prima facie showing that 70 or more nonexcludable delays occurred by the time the motion to dismiss is filed. Mr. Rice has now met that obligation.

**3.3 Government Responsibility**

"Congress enacted the Speedy Trial Act to give effect to the Sixth Amendment right to a speedy trial by setting specified time limits after arraignment or indictment within which criminal trials must be commenced."[21] Its purpose is to not only protect a defendant's constitutional right to a speedy trial, but also to serve the public's interest in bringing prompt criminal proceedings.[22] It is "…the government's affirmative obligation to insure the speedy prosecution of criminal charges is not relieved when a defendant does not take positive steps to insure that he will be tried in a timely manner."[23]

As to whether a defendant may have requested, or not objected to a continuance, is immaterial for the purpose of determining whether an STA violation may have occurred. "It is the responsibility of the district court to ensure that a request for a continuance…which

---

21. *U.S. v. Rivera*, 863 F.2d, at 295 (quoting H.R.Rep. No. 1508, 93rd Cong., 2nd Sess. (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 7401, 7402).
22. *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993) (citing *United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990)); *Zedner*, supra at 501.
23. *Tunnessen*, supra at 79; *United States v. Bufalino*, 683 F.2d 639, 646 (2nd Cir. 1982), cert. denied, 459 U.S. 1104 (1983).

threatens to delay trial past the 70-day mark falls within one of the STA's exceptions."[24] However, "the Government bears a large part of the responsibility for bringing a defendant to trial within the statutory period..."[25] It is also the Government's responsibility "to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act."[26]

## 4. CONCLUSION

The simple, plain fact is this: at least 70 non-excludable days has occurred in this case resulting in a violation of the STA and Mr. Rice's statutory right to a speedy trial. No matter how hard the Government may try, it can not un-ring this bell. 18 U.S.C. § 3162(a)(2) plainly says that "[i}f a defendant is not brought to trial within the time limit required by section 3161 (c) as extended by section 3161 (h), *the information or indictment shall be dismissed on motion of the defendant*. That is precisely what happened here and why Mr. Rice is entitled to an order of dismissal of his indictment.

## RELIEF REQUESTED

WHEREFORE Mr. Rice respectfully requests that this court enter, *forthwith*, an order granting this motion to dismiss, *or in the alternative*, grant the following relief:

[1] A prompt hearing to determine the number of excludable and non excludable days per *Zedner*, supra;

[2] All other relief the court deems fair and appropriate in the interests of justice.

\
\
\

---

24. See *United States v. Willis*, 958 F.2d 60 at 64 (5th Cir. 1992) (quoting *Pringle*, supra at at 434.
25. See *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982).
26. See *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) ("[T]he Government bears a large part of the responsibility for bringing a defendant to trial within the statutory period..."

Respectfully Submitted, this 5 day of July 2012.

Shawn Talbot Rice, Pro Per

Shawn Talbot Rice, Pro Per

\
\
\