**Exhibit** _07 - 06 - 2012_____

**Date**_____12 July 2012_____

**Time**_____

**Place**_____

**#**_____

**Copy: Page** _____ **of** _____

Shawn Talbot: Rice
in "care of" general post-office box 1092.
nation arizona. seligman city. Rice province.
United States minor, outlying islands
near [86337-1092].

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| _____ ) | Case No. |
| UNITED STATES OF AMERICA, ) | 2:10 – cr - 00520-JCM-RJJ-1 |
|    Plaintiff/Respondent, ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | MOTION TO DISMISS FAILURE TO |
| ) | STATE A CLAIM UPON WHICH |
| ) | RELIEF CAN BE GRANTED WITH |
| ) | NEGATIVE AVERMENT ADMISSIONS |
| SHAWN TALBOT RICE, ) | |
| Defendant/Movant ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

The fiction, SHAWN TALBOT RICE, an estate, appearing by and through its sole and

exclusive general executor, shawn rice, having previously resolved legal title from the

common law trustee (CLT), aka, U.S. Attorney General, does hereby move the alleged court

to dismiss said case on the grounds that plaintiff has failed to state a claim upon which

relief can be granted.

## GROUNDS FOR RELIEF

A canvas of the records (see attached) held by the Clerk of the Court proves and

demonstrates as a matter of fact that no liens, levies or commercial claims exist against the

1   SHAWN TALBOT RICE, estate, alleged defendant.

2       In accord with the fact that all federal crimes are commercial (27 CFR 72.11) and

3   that the charges before the alleged court are merely victimless regulatory infractions, the

4   alleged court has no choice by this offer of proof from the Clerk's Office, and lack of

5   subject matter jurisdiction (see attached memorandum on Subject Matter Jurisdiction), to

6   dismiss all cases associated with the original alleged True Bill (aka Indictment) as no

7   liability exists as a matter of fact and not opinion.  This writer reminds the court officers

8   that substance governs mere form in any relation regardless of dictum from Hains v.

9   Kerner, 404 U.S. 519, 1972.  In accordance with FRCP Rule B6, Plaintiff has failed to state a

10  claim upon which relief  can be granted.  Plaintiff has already admitted that the Title 18 being

11  applied in this case is void in accordance with the witness known as, Archivist Washington D.C

12  and the witness, U.S. Congress 1948.

13

14      Therein, the alleged court never had subject matter jurisdiction on these grounds

15  alone, among many other reasons, and it is alleged by this writer that various court officers have

16  been, from the beginning, misrepresenting material facts, aka fraud.

17                          **RELIEF REQUESTED**

18  This writer demands to be released from confinement.  This writer demands that all alleged

19  proceedings be stricken as they cannot exist as a matter of fact without subject matter

20  jurisdiction, are void and constitute a mere nullity as this writer has been stating since the

21  first meeting.

22      Therein, and therefore, this writer demands  replevin of all property, not just dismissal with

23  prejudice, but annulment of the alleged case, and that judge issue the orders tendered by this

24  writer, a man with persona standi in judicio, and not a foreign enemy in the nature of the Trading

25  with the Enemy Act.

26

27

28

## NEGATIVE AVERMENT ADMISSIONS

1. The Parties is defined as plaintiff, U.S. Attorney, Pretrial Services, FBI, IRS, DOJ, DHS, UNITED STATES and its creditors, United States of America, U.S. Marshals, CCA, Federal Bureau of Prisons, BOB BARKER Inc., and all those operating in concert therein.

2. The Parties admit, acknowledge and stipulate that this writer operates with persona standi in judicio, i.e. personal rights in/at law.

3. The Parties admit, acknowledge and stipulate that this writer is not a foreign enemy or enemy of the S(s)tate.

4. The Parties admit, acknowledge and stipulate that this court never had subject matter jurisdiction ab initio, or in the conditions precedent.

5. The Parties admit, acknowledge and stipulate that the Memorandum on Subject Matter Jurisdiction is correct and applies to The Parties in this relation.

6. The Parties admit, acknowledge and stipulate that the foundational law form upon which this alleged court is operating is the constitution for the Untied States of America, circa 1787, and appears to Judge.

7. The Parties admit, acknowledge and stipulate that  said constitution does not operate upon this writer but does operate upon The Parties.

8. The Parties admit, acknowledge and stipulate that the audio recordings by The Parties' undercover employees demonstrate collections by this writer for revesting title and fraud and bad faith by The Parties.

9. The Parties admit, acknowledge and stipulate that a trial would be a travesty of justice as the SHAWN TALBOT RICE, estate and shawn rice, are creditors-in-fact in relation to The Parties.

10. The Parties admit, acknowledge and stipulate that this writer is not a danger to the community and has not stolen any property, damaged any parties, committed domestic terrorism or any other crimes.

1   11. The Parties admit, acknowledge and stipulate that they have committed the

2        following malum in se crimes against this writer: breaking and entering, assault,

3        assault and battery, assault with deadly weapons, forced peonage, kidnapping, false

4        imprisonment, terrorism, attempted murder, stalking, securities fraud, tax evasion,

5        money laundering, torture, endangerment of endearment, fraud, fraudulent schemes

6        and artifices, aiding and abetting, pirating credit, conspiracy, racketeering, and that

7        said crimes have commercial liability attached for which The Parties are insured

8        with limited liability.

9   12. The Parties admit, acknowledge and stipulate that The Parties are liable for false

10       imprisonment liability at a minimum rate of USD $12,000.000 per day and that said

11       current number of days exceeds 216, with a liability figure of 216 x$12K/day exceeding

12       USD $2,592,000.00

13  13. The Parties admit, acknowledge and stipulate that if The Parties had settled the

14       revesting issues in 2001/2002 none of this alleged case's events would have taken

15       place.

16  14. The Parties admit acknowledge and stipulate that the alleged case number is a

17       registered security with a value that is owed to the SHAWN TALBOT RICE, estate.

18  15. The Parties admit, acknowledge and stipulate that shawn rice, with persona standi in

19       judicio is the only party with legitimate legal and beneficial title by operation of law

20       in relation to the SHAWN TALBOT RICE, estate.

21  16. The Parties admit, acknowledged and stipulate that the funds handed to this writer

22       came from The Parties (debtors in this relation) and were not the result of a

23       predicate crime of any sort nor from a criminal scheme within a (broker) bank, aka

24       Wells Fargo, Wachovia, Bank of America, Chase, etc.

25  17. The Parties admit, acknowledge and stipulate that this writer was not obligated to

26       participate in court proceedings that do not have subject matter jurisdiction.

27

28

18. The Parties admit, acknowledge and stipulate that this writer has a biblical duty in accord with P.L. 97-280 wherein "...he who does not take care of his household is worse than an infidel." (1 Timothy 5:8) and that he is therefore obligated and duty bound to defend himself, his family and property.

19. The Parties admit, acknowledge and stipulate they have seven days in accord with the nature of the Uniform Commercial Code to rebut with proof or all statements herein are admitted as fact.

20. The Parties admit, acknowledge and stipulate that they have schemed and conspired to force a Bar member upon the SHAWN TALBOT RICE, Estate with evil intent and without the express permission of shawn rice, American Sovereign without subject and legal / equitable title owner therein.

21. The Parties admit, acknowledge and stipulate that the witness, Treaty of Peace, (1783), in Article I, Acknowledges in accord with equal footing doctrine that shawn rice is "free, sovereign and independent" as is his SHAWN TALBOT RICE, estate.

22. The Parties admit, acknowledge and stipulate that this writer's book, *Lucifer's Paradise: On Earth as it is in* ... is substantively correct and constitutes a valid, lawful motive for this writer's actions and conduct in relation to The Parties and others.

23. The Parties admit, acknowledge and stipulate that shawn rice, the man, is not the same as the SHAWN TALBOT RICE, Estate (named defendant) and it is functionally impossible for shawn rice to be the named defendant, a fiction.

24. The Parties admit, acknowledge and stipulate that the case(s) herein is IN REM regardless of the alleged legal shenanigans, "parlor tricks," played by The Parties a the arraignment.

25. The Parties admit, acknowledge and stipulate that the U.S. district courts were reorganized and set by Act, March 3, 1911 (Sixty-First Congress), Sesson III, Chap.

231, pp.1087, et. seq... [Public No. 475] and that the USDC nature is revealed in the Act at Section 9: "The district courts, as courts of **admiralty** and as courts of **equity**..."

26. The Parties admit acknowledge and stipulate that, notwithstanding the Seychelles T-54 Statute Staple, and the UCC-1 Security Agreement(s) there is no trust agreement between this writer and The Parties and therefore no legitimate equity agreement, real or contrived.

27. The Parties admit, acknowledge and stipulate that since all federal crimes are commercial and they were provided an opportunity to swear out/to said alleged commercial liability in the 2012 U.S. Bankruptcy court case, 2:12 BK 00787 RTB District of Arizona, regarding the SHAWN TALBOT RICE, Estate and failed to do so by and through form B-10, The Parties admitted that no liability existed in this alleged case and therefore admitted that the alleged True Bill was invalid ab initio and a misrepresentation of material facts.

28. The Parties admit, acknowledge and stipulate that the alleged charges charged against the SHAWN TALBOT RICE, estate, do not exist in fact because Title 18, being employed from 1947/1948 (aka P.L. 80-772) was never passed into law by the U.S. Congress and is a mere nullity thereby removing even the appearance of subject matter jurisdiction in this relation.

29. The Parties admit acknowledge and stipulate that no tax form 1099 forms have been filed by The Parties against the SHAWN TALBOT RICE, estate to even create the alleged appearance of a commercial liability.

30. The Parties admit, acknowledge and stipulate that all (alleged) court case numbers represent registered securities that belong to and are the exclusive property of the SHAWN TALBOT RICE, estate, under the legal title control of Shawn Rice, General Executor, who is at liberty (once dismissed or annulment order is issued) to

endorse, assign, transfer, deposit as any other registered security with whatever financial holding company, bank, credit union, etc. he so desires.

31. The Parties admit, acknowledge and stipulate that they are subject to strict liability in relation to all damage done to shawn rice, SHAWN TALBOT RICE, estate and his household and The Parties motives are irrelevant.

32. The Parties admit, acknowledge and stipulate that "section 48." " Penalties," derived from the UCC-1 security agreement applies in this relation.

33. The Parties admit, acknowledge and stipulate that this writer is not only a foreign sovereign in relation to The Parties but that this writer's conduct was due to Sovereign Compulsion doctrine, carried out by The Parties in the form of economic terrorism to place this writer and his household in peonage in violation of the Foreign Corrupt Practices Act and the Foreign Sovereign Immunities Act doctrine.

34. The Parties admit, acknowledge and stipulate that on or about April 2002, FBI Agent, David Rubencam, working with Carl Blackstone of the Seattle, Washington USDC, did admit to this writer that because this writer did revest title to the SHAWN TALBOT RICE, Estate, neither the U.S. Attorney, nor the USDC, nor the FBI, nor the United States, nor the United States of America had any jurisdiction over said estate or this writer, shawn rice, or to even serve legal process on either.

35. The Parties admit, acknowledge and stipulate that a check drawn on said estate trust account held by the Department of the Treasury by and through the Federal Reserve Bank in the amount of approximately $7.8 million dollars was tendered on or about October, 2009 to this alleged court, set off the True Bill charges, settled and closed the alleged controversy and terminated alleged subject matter jurisdiction.

Therein and therefore The Parties have no subject matter jurisdiction, venue or legitimate personum jurisdiction over the named defendant or the man, shawn rice, Sovereign without subjects.

1  Respectfully Submitted, this _____6_____ day of _____ 2012.

2

3                                Shawn Talbot Rice, Pro Per

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pac Amt $ ~~50.00~~    Date  6/8/12

Receipt # 1867  Initials [X]

DATE: _____

FOR COURT USE ONLY

Amount Due: _____
Number of Pages: _____
Number Certified: _____
Number Exemplified: _____

## REQUEST FOR SERVICES
U. S. District Court, District of Nevada

**CONTACT PERSON:**  Kristin Rice

**FIRM OR AGENCY:** _____

**ADDRESS:**  P.O. Box 1092  Seligman, Az 86337

**TELEPHONE #:**  217-853-6269

(You will be called when the services have been completed.)

**CASE NUMBER:** _____    (ie.2:75-CV-09999-LDG(PAL))

(This information is required to complete your request. If you do not have the case number, please check our computerized index to obtain it.)

**CASE CAPTION:** _____

(List plaintiff(s) and defendant(s); ie. Joe Smith v. Art Brown)

[ ]  **RETRIEVAL OF FILE RECORD CENTER**
(The charge for retrieval of records from the archives is $53.00 per file paid in advance. Please allow 2 weeks for delivery.)

[X]  **RECORD SEARCH** (There is a $30.00 fee per case or party)
List information to be searched:

Shawn Talbot Rice

(Note: Charge for copies is $.10 per page if available on Pacer and $.50 per page if not available on Pacer.)

[ ]  **COPY OF DOCKET SHEET**

[ ]  **COPY OF DOCUMENT(S)**
List the document number(s) requested:

Any outstanding Leins

[ ]  **CERTIFICATION OF DOCUMENT(S)**         ( $11.00 Fee for Certification plus copy charges   )
List document number(s) requested:

[ ]  **EXEMPLIFICATION OF DOCUMENT(S)**         ($18.00 Fee for Exemplification plus copy charges)
List document number(s) requested:

(Note: Failure to provide document number(s) for any request may result in a $30.00 fee for a record search.)

Find us also on Pacer at www.pacer.uspci.uscourts.gov
Our website is www.nvd.uscourts.gov

Revised 10/07

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
DISTRICT OF NEVADA
LLOYD D. GEORGE
U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

LANCE S. WILSON
DISTRICT COURT EXECUTIVE

CYNTHIA K. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

June 8, 2012

Kristin Rice
P.O. Box 1092
Seligman, AZ 86337

Dear Ms. Rice:

In response to your request, the United States District Court, District of Nevada has completed a record search on Shawn Talbot Rice. Upon investigation, we located two (2) cases: 2:09cr78 JCM-RJJ and 2:10cr520 JCM-RJJ.

Please feel free to contact us at the number above or research the case(s) via the Public Access to Court Electronic Records (PACER).

Thank you

S. Denson

1
2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEVADA

3
4

|  |  |
|---|---|
| _____ ) | Case No.  2:09 – cr - 0078-JCM-RJJ – 2 and |
| UNITED STATES OF AMERICA,  ) | 2:10 – cr - 00520-JCM-RJJ-1 |
| Plaintiff/Respondent,  ) |  |
|  ) |  |
|  ) |  |
| vs.  ) | MEMORANDUM ON SUBJECT MATTER |
|  ) | JURISDICTION |
| SHAWN TALBOT RICE,  ) |  |
| Defendant/Movant  ) |  |
|  ) |  |
|  ) |  |
|  ) |  |
| _____ ) |  |

5
6
7
8
9
10
11
12
13
14
15
16

## SUBJECT-MATTER JURISDICTION
### In Courts Proceeding Under Limited Jurisdiction

Mandatory Judicial Notice, to provide proof on the record, which has not been established to date, and denial of a bail or bond, for a case not involving injury, but simply an admiralty seizure, without a valid Delegation of authority, denial of a Habeus Corpus hearing, extension beyond the limits of the speedy trial act, and many other violations of due process, in this instant matter, in the writers opinion. Prepared by a third party intervenor, Private Attorney General, criminal investigator, federally protected witness, acting with Power of Attorney and ex rel, for all similarly affected American nationals within the republican nation states.

Subject-matter jurisdiction is the authority of the court to hear and make a determination in a court action. **In Interest of M.V.**, 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997). Without subject-matter jurisdiction, all of the orders and judgments issued by a judge are **void** under law,

17
18
19
20
21
22
23
24
25
26
27
28

Page 1 of 2

1   and are of no legal force or effect. **In Interest of M.V.**, 288 Ill.App.3d 300, 681 N.E.2d 532 (1st

2   Dist. 1997) ("Every act of the court beyond that power is void").

3          Under the current 1970 Illinois Constitution, all courts have general jurisdiction; however

4   in any proceeding based on an Illinois statute (whether divorce, adoption, paternity, juvenile,

5   probate, traffic, Illinois Appellate Courts, Federal Courts, Bankruptcy Court, etc., i.e., in any

6

7   statutory proceeding), the court immediately loses its general jurisdiction powers and becomes a

8   court governed by the rules of limited jurisdiction. **In Interest of M.V.**, 288 Ill.App.3d 300, 681

9   N.E.2d 532 (1st Dist. 1997) ("Where a court's power to act is controlled by statute, the court is

10  governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters

11
    must proceed within the strictures of the statute."); **In re Marriage of Milliken**, 199 Ill.App.3d
12
13  813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is

14  limited to that conferred by statute."); **Vulcan Materials Co. v. Bee Const. Co., Inc.**, 101

15  Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981) ("Though a court be one of general jurisdiction,

16  when its power to act on a particular matter is controlled by statute, the court is governed by the

17  rules of limited jurisdiction."); **In re M.M.**, 156 Ill.2d 53, 619 N.E.2d 702 (1993) ("The legislature

18
    may define the `justiciable matter' in such a way as to preclude or limit the authority of the circuit
19
20  court. [Citations] When a court's power to act is controlled by statute, the court is governed by the

21  rules of limited jurisdiction [Citations], and courts exercising jurisdiction over such matters must

22  proceed within the strictures of the statute."); **Brown v. VanKeuren**, 340 Ill. 118, 122 (1930)

23  ("Whatever the rank of the court exercising a special statutory jurisdiction, it is governed by the

24  same rules as courts of limited jurisdiction."); **Midland Coal Co. v. Knox County**, 268 Ill.App.3d

25
26  485, 644 N.E.2d 796 (4th Dist. 1994) ("Special statutory jurisdiction is limited to the language of

27  the act conferring it, and the court has no powers from any other source. ... [T]he authority of the

28

court to make any order must be found in the statute. **Levy v. Industrial Comm'n** (1931), 346 Ill. 49, 51, 178 N.E. 370, 371."); **Skilling v. Skilling,** 104 Ill.App.3d 213, 482 N.E.2d 881 (1st Dist. 1982) ("the legislature prescribes that a court's jurisdiction to hear and determine controversies involving a statutory right is limited in that certain facts must exist before a court can act in any particular case."); **Keal v. Rhydderick,** 317 Ill. 231 (1925) ("court exercising a special statutory jurisdiction, it is governed by the same rules as courts of limited jurisdiction."); **In re Chiara C.,** 279 Ill.App.3d 761, 765 (1996) ("Thus, in cases where 'a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction [citations], and the courts exercising jurisdiction over such matters must proceed within the strictures of the statute".); **Johnson v. Theis,** 282 Ill.App.3d 966, 669 N.E.2d 590 (2nd Dist. 1996) ("A court in the exercise of special statutory jurisdiction is limited in its power by the language of the act conferring such jurisdiction."); **In Interest of Rami M.,** 285 Ill.App.3d 267, 673 N.E.2d 358 (1st Dist. 1996) ("In cases where the court is conferred power to adjudicate by virtue of a statute, the court's jurisdiction is strictly limited by the statute.").

It is clear and well-established law in Illinois that a divorce proceeding occurs only in a court of limited jurisdiction. The writer can find no cases that claim that a divorce proceeding, or any statutory proceeding, takes place in courts of general jurisdiction.

## NO PRESUMPTION OF JURISDICTION

While in a court of general jurisdiction, there is a presumption that the judge has subject-Matter jurisdiction, such is not the case in courts of limited jurisdiction. In all courts of limited jurisdiction, there is no presumption of subject-matter jurisdiction.

In all courts of limited jurisdiction, the record of the case must support any claim of subject-matter jurisdiction. If subject-matter jurisdiction does not appear from the record of

1   the case, the presiding judge is acting without subject-matter jurisdiction and his/her orders are

2   void, of no legal force or effect. **State Bank of Lake Zurich v. Thill**, 113 Ill.2d 294, 497 N.E.2d

3   1156 (1986) ("In determining whether a lack of jurisdiction is apparent from the record, we must

4   look to the whole record, which includes the pleadings, the return on the process, the verdict of the

5   jury, and the judgment or decree of the court."); **Wabash Area Development, Inc. v. Ind. Com.**,

6   88 Ill.2d 392 (1981) ("that compliance with the statutory requirements for the issuance of the writ

7   must affirmatively appear in the record."); **I.C.R.R. Co. v. Hasenwinkle**, 232 Ill. 224, 227 (1908)

8   ("The law presumes nothing in favor of the jurisdiction of a court exercising special statutory

9   powers, such as those given by statute under which the court acted, (Chicago and Northwestern

10  Railway Co. v. Galt, 133 Ill. 657), and the record must affirmatively show the facts necessary to

11  give jurisdiction. The record must show that the statute was complied with"); **In re Marriage of**

12  **Stefiniw**, 253 Ill.App.3d 196, 625 N.E.2d 358 (1st Dist. 1993) ("A judgment is characterized as

13  void and may be collaterally attacked at any time where the record itself furnished the facts which

14  establish that the court acted without jurisdiction.");**People v. Byrnes**, 34 Ill.App.3d 983, 341

15  N.E.2d 729 (2nd Dist. 1975) ("Whereas a court of general jurisdiction is presumed to have

16  jurisdiction to render any judgment in a case arising under the common law, there is no such

17  presumption of jurisdiction in cases arising under a specific statutory grant of authority. In the

18  later cases the record must reveal the facts which authorize the court to act."); **Zook v. Spannaus**,

19  34 Ill.2d 612, 217 N.E.2d 789 (1966) ("In the absence of such findings in the record and in the

20  absence of any evidence in the record to support such findings the court was without jurisdiction

21  in this special statutory proceeding to enter an order authorizing the guardian to consent to

22  adoption.");**Fico v. Industrial Com.**, 353 Ill. 74 (1933) ("Where the court is exercising a special

23  statutory jurisdiction the record must show upon its face that the case is one where the court has

1   authority to act.").

2       The judge has a duty to continually inspect the record of the case, and if subject-matter

3   jurisdiction does not appear at any time from the record of the case, then he has the duty to dismiss

4
    the case as lacking subject-matter jurisdiction. Should a judge act in any case in which he does not
5
6   have subject-matter jurisdiction, he is acting unlawfully, **U.S. v. Will**, 449 U.S. 200, 216, 101 S.Ct.

7   471, 66 L.Ed.2d 392, 406 (1980); **Cohens v. Virginia**, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257

8   (1821), and without any judicial authority.

9                           **WHEN A PARTY DENIES JURISDICTION**

10      In a court of limited jurisdiction, whenever a party denies that the court has subject-matter

11
    jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject-
12
13  matter jurisdiction to provide evidence from the record of the case that the court holds subject-

14  matter jurisdiction. **Bindell v. City of Harvey**, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist.

15  1991) ("the burden of proving jurisdiction rests upon the party asserting it."); **Loos v. American**

16  **Energy Savers, Inc.**, 168 Ill.App.3d 558, 522 N.E.2d 841 (1988) ("Where jurisdiction is

17  contested, the burden of establishing it rests upon the plaintiff.").

18      Until the plaintiff/petitioner submits uncontroverted evidence of subject-matter jurisdiction
19
20  to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-

21  matter jurisdiction. Should the plaintiff/petitioner not provide uncontroverted evidence of subject-

22  matter jurisdiction, all orders or judgments issued by the judge are void ab initio. A judge should

23  not proceed in any action in which the judge does not have subject-matter jurisdiction, since

24  he/she has no lawful authority to act.

25      The law places the duty and the burden upon the plaintiff/petitioner. Should the court
26
27  attempt to place the burden upon the defendant/respondent, the court has acted against the law,

28

1   violates the defendant/respondent's due process rights, and the judge under court decisions has

2   immediately lost subject-matter jurisdiction.

3              **COURT MUST PROCEED ACCORDING TO LAW OR STATUTE**

4              In a court of limited jurisdiction, the court must proceed exactly according to the law or

5   statute under which it operates. **Flake v. Pretzel**, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions,

6   being statutory proceedings, ... were void for want of power to make them.") ("The judgments

7

8   were based on orders which were void because the court exceeded its jurisdiction in entering them.

9   Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the

10  jurisdiction conferred, its judgment is void."); **Armstrong v. Obucino**, 300 Ill. 140, 143, 133 N.E.

11  58 (1921) ("The doctrine that where a court has once acquired jurisdiction it has a right to decide

12  every question which arises in the cause, and its judgment or decree, however erroneous, cannot

13

14  be collaterally assailed, is only correct when the court proceeds according to the established modes

15  governing the class to which the case belongs and does not transcend in the extent and character of

16  its judgment or decree the law or statute which is applicable to it."

17          Whenever a judge does not exactly comply with the statute, he/she has lost subject-matter

18  jurisdiction and all orders or judgments issued without subject-matter jurisdiction are void, of no

19  legal force or effect.

20

21      **IN COURTS OF LIMITED JURISDICTION,  ALL ORDERS MUST CONTAIN
        THE SPECIFIC FINDINGS THAT THE COURT HAS JURISDICTION**

22          All orders or judgments issued by a judge in a court of limited jurisdiction must contain the

23  findings of the court showing that the court has subject-matter jurisdiction, not allegations that the

24  court has jurisdiction. **In re Jennings**, 68 Ill.2d 125, 368 N.E.2d 864 (1977) ("in a special statutory

25

26  proceeding an order must contain the jurisdictional findings prescribed by statute."); **Zook v.**

27

28

Spannaus, 34 Ill.2d 612, 217 N.E.2d 789 (1966).

Our Supreme Court has ruled that "Because a court does not acquire jurisdiction by a mere recital contrary to what is shown in the record", the record of the case is the determinating factor as to whether a court has jurisdiction. **State Bank of Lake Zurich v. Thill**, 113 Ill.2d 294, 497 N.E.2d 1156 (1986).

A judge's allegation that he has subject-matter jurisdiction is only an allegation (**Lombard v. Elmore**, 134 Ill.App.3d 898, 480 N.E.2d 1329 (1st Dist. 1985); **Hill v. Daily**, 28 Ill.App.3d 202, 204, 328 N.E.2d 142 (1975)); inspection of the record of the case has been ruled to be the controlling factor. If the record of the case does not support subject-matter jurisdiction, then the judge has acted without subject-matter jurisdiction. **The People v. Brewer,** 328 Ill. 472, 483 (1928) ("If it could not legally hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, – it had no authority to make that finding."). Without the specific findings of jurisdiction by the court in an order or judgment, the order or judgment does not comply with the law and is void.

## NO STATUTE OF LIMITATIONS TO CHALLENGE A VOID ORDER

Since a void order has no legal force or effect there can be no time limit within which to challenge the order or judgment. Further since the order has no legal force or effect, it can be repeatedly challenged, since no judge has the lawful authority to make a void order valid. **Bates v. Board of Education, Allendale Community Consolidated School District No. 17,** 136 Ill.2d 260, 267 (1990) (a court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid."); **People ex rel. Gowdy v. Baltimore & Ohio R.R. Co.,** 385 Ill. 86, 92, 52 N.E.2d 255 (1943).

## NO RESTRICTION ON VENUE TO VACATE A VOID ORDER

It is clear and well established law that a void order can be challenged in any court. **Old Wayne Mut. L. Assoc. v. McDonough**, 204 U.S. 8, 27 S.Ct. 236 (1907) ("jurisdiction of any court exercising authority over a subject `may be inquired into in every other court when the proceedings in the former are relied upon and brought before the latter by a party claiming the benefit of such proceedings,' and the rule prevails whether `the decree or judgment has been given, in a court of admiralty, chancery, ecclesiastical court, or court of common law, or whether the point ruled has arisen under the laws of nations, the practice in chancery, or the municipal laws of states.'"); **In re Marriage of Macino**, 236 Ill.App.3d 886 (2nd Dist. 1992) ("if the order is void, it may be attacked at any time in any proceeding, "); **Evans v. Corporate Services**, 207 Ill.App.3d 297, 565 N.E.2d 724 (2nd Dist. 1990) ("a void judgment, order or decree may be attacked at any time or in any court, either directly or collaterally"); **Oak Park Nat. Bank v. Peoples Gas Light & Coke Co.**, 46 Ill.App.2d 385, 197 N.E.2d 73, 77 (1st Dist. 1964) ("that judgment is void and may be attacked at any time in the same or any other court, by the parties or by any other person who is affected thereby."). [Emphasis added].

## NO RESTRICTION ON TIME TO VACATE A VOID ORDER

It is also clear and well established law that a **void** order can be challenged in any court at any time. **People v. Wade**, 116 Ill.2d 1, 506 N.E.2d 954 (1987) ("A **void** judgment may be attacked at any time, either directly or collaterally."); **In re Marriage of Macino**, 236 Ill.App.3d 886 (2nd Dist. 1992) ("if the order is **void**, it may be attacked at any time in any proceeding, "; **Evans v. Corporate Services**, 207 Ill.App.3d 297, 565 N.E.2d 724 (2nd Dist. 1990) ("a **void** judgment, order or decree may be attacked at any time or in any court, either directly or collaterally"). [Emphasis added].

## CAN BE CHALLENGED BY A THIRD PARTY

If an order or judgment was granted by a judge without subject-matter jurisdiction in a court of limited jurisdiction, then a third-party to the action can challenge the validity of that order in any court, if the third party was damaged in any way by the **void** order. Since an order or judgment issued without subject-matter jurisdiction has no legal force or effect, it cannot be used to damage any other party. **Oak Park Nat. Bank v. Peoples Gas Light & Coke Co.**, 46 Ill.App.2d 385, 197 N.E.2d 73, 77 (1st Dist. 1964) ("that judgment is **void** and may be attacked at any time in the same or any other court, by the parties or by any other person who is affected thereby."). [Emphasis added].

## VOID ORDERS ARE VOID EVEN BEFORE REVERSAL

The law is well-settled that a **void** order or judgment is **void** even before reversal. **Vallely v. Northern Fire & Marine Ins. Co.**, 254 U.S. 348, 41 S.Ct. 116 (1920) ("Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply **VOID, AND THIS EVEN PRIOR TO REVERSAL.**" [Emphasis added]); **Old Wayne Mut. I. Assoc. v. McDonough**, 204 U.S. 8, 27 S.Ct. 236 (1907); **Williamson v. Berry**, 8 How. 495, 540, 12 L.Ed. 1170, 1189 (1850); **Rose v. Himely**, 4 Cranch 241, 269, 2 L.Ed. 608, 617 (1808).

## ELEMENTS OF LACK OF JURISDICTION

In courts of limited jurisdiction, subject-matter jurisdiction is determined only by an inspection of the record of the case. The inspection of the record of the case must show that all of the elements of subject-matter jurisdiction existed, and existed at all times. **State Bank of Lake Zurich v. Thill**, 113 Ill.2d 294, 497 N.E.2d 1156 (1986); **Herb v. Pitcairn**, 384 Ill. 237, 241

(1943); **People ex rel. Curtin v. Heizer**, 36 Ill.2d 438, 223 N.E.2d 128 (1967); **Brown v. VanKeuren**, 340 Ill. 118, 122 (1930); **Wabash Area Development, Inc. v. Ind. Com.**, 88 Ill.2d 392 (1981). Either subject-matter jurisdiction exists, or it doesn't.

If subject-matter jurisdiction is denied, it must be proved by the party claiming that the court has subject-matter jurisdiction as to all of the requisite elements of subject-matter jurisdiction. A partial list of the elements in which the Court is without subject-matter jurisdiction and all of its orders/judgments are void are: (1) no Petition in the record of the case, **Brown v. VanKeuren**, 340 Ill. 118, 122 (1930), (2) defective Petition filed, **Brown v. VanKeuren**, 340 Ill. 118, 122 (1930), (3) fraud committed in the procurement of jurisdiction,**Fredman Brothers Furniture v. Dept. of Revenue**, 109 Ill.2d 202, 486 N.E.2d 893 (1985), (4) fraud upon the court, **In re Village of Willowbrook**, 37 Ill.App.3d 393 (1962), (5) a judge does not follow statutory procedure,**Armstrong v. Obucino**, 300 Ill. 140, 143 (1921), (6) unlawful activity of a judge, Code of Judicial Conduct,(7) violation of due process,**Johnson v. Zerbst**, 304 U.S. 458, 58 S.Ct. 1019 (1938); **Pure Oil Co. v. City of Northlake**, 10 Ill.2d 241, 245, 140 N.E.2d 289 (1956); **Hallberg v. Goldblatt Bros.**, 363 Ill. 25 (1936), (8) if the court exceeded its statutory authority,**Rosenstiel v. Rosenstiel**, 278 F.Supp. 794 (S.D.N.Y. 1967), (9) any acts in violation of 11 U.S.C. §362(a),**In re Garcia**, 109 B.R. 335 (N.D. Illinois, 1989), (10) where no justiciable issue is presented to the court through proper pleadings,**Ligon v. Williams**, 264 Ill.App.3d 701, 637 N.E.2d 633 (1st Dist. 1994), (11) where a complaint states no cognizable cause of action against that party, **Charles v. Gore**, 248 Ill.App.3d 441, 618 N.E.2d 554 (1st Dist. 1993), (12) where any litigant was represented before a court by a person/law firm that is prohibited by law to practice law in that jurisdiction, (13) when the judge is involved in a scheme of bribery (the **Alemann** cases, **Bracey v. Warden**, U.S. Supreme Court No. 96-6133 (June 9, 1997), (14) where a summons was not

properly issued, (15) where service of process was not made pursuant to statute and Supreme

Court Rules,**Janove v. Bacon,** 6 Ill.2d 245, 249, 128 N.E.2d 706, 708 (1955), (16) when the Rules

of the Circuit Court of Cook County are not complied with, (17) when the Local Rules of the

Domestic Relations Division, Cook County, Illinois are not complied with, (18) where the judge

does not act impartially, **Bracey v. Warden,** U.S. Supreme Court No. 96-6133 (June 9, 1997),

(19) where the statute is vague,**People v. Williams,** 638 N.E.2d 207 (1st Dist. 1994), (20) when

proper notice is not given to all parties by the movant, **Wilson v. Moore,** 13 Ill.App.3d 632, 301

N.E.2d 39 (1st Dist. 1973), (21) where an order/judgment is based on a void

order/judgment,**Austin v. Smith,** 312 F.2d 337, 343 (1962); **English v. English,** 72 Ill.App.3d

736, 393 N.E.2d 18 (1st Dist. 1979), or (22) where the public policy of the State of Illinois is

violated, **Martin-Tregona v. Roderick,** 29 Ill.App.3d 553, 331 N.E.2d 100 (1st Dist. 1975).

All of the above elements must be met before the court is conferred with subject-matter

jurisdiction. Should any element not be complied with, the judge is without subject-matter

jurisdiction; his/her orders and judgments are void, of no legal force or effect.

Should the judge not have subject-matter jurisdiction, then the law states that the judge has

not only violated the law, but is also a trespasser of the law. **Von Kettler et.al. v. Johnson,** 57 Ill.

109 (1870) ("if the magistrate has not such jurisdiction, then he and those who advise and act with

him, or execute his process, are trespassers.");**Elliott v. Peirsol,** 1 Pet. 328, 340, 26 U.S. 328, 340

(1828) ("without authority, its judgments and orders are regarded as nullities. They are not

voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in

opposition to them. They constitute no justification; and all persons concerned in executing such

judgments or sentences, are considered, in law, as trespassers. This distinction runs through all the

cases on the subject; and it proves, that the jurisdiction of any court exercising authority over a

subject, may be inquired into in every court, when the proceedings of the former are relied on and brought before the latter, by the party claiming the benefit of such proceedings."); **In re TIP-PA-HANS Enterprises, Inc.,** 27 B.R. 780, 783 (1983) (a judge "lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists") (when a judge acts "outside the limits of his jurisdiction, he becomes a trespasser ... ".) ("... courts have held that where courts of special or limited jurisdiction exceed their rightful powers, the whole proceeding is coram non judice ... ").

**Trespasser** is defined in Black's Law Dictionary (6th Edition) as one who has committed unlawful interference with one's person, property, or rights.

If a judge acts without subject-matter jurisdiction, the judge is acting unlawfully, he/she has committed an unlawful interference with one's person, property, or rights.

Is the judge who acts without subject-matter jurisdiction then anything but a common criminal? And all orders and judgments issued by a judge who acts without subject-matter jurisdiction are, as a matter of law, **void**.