# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and

exact copy of documents in his custody.



| SIGNATURE | | |
|---|---|---|
| NAME<br>Richard H. Hunt | DATE<br>11/20/08 | |
| TITLE Director<br>Center for Legislative Archives | | |
| NAME AND ADDRESS OF DEPOSITORY<br>The National Archives<br>Washington, D.C. 20408 | | |

NA FORM APR 85 1407·A



UNITED STATES　　　OF AMERICA

# Congressional Record

## DAILY DIGEST OF THE 80th CONGRESS
### SECOND SESSION

## VOLUME 94—PART 14

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948

## HISTORY OF BILLS ENACTED INTO PUBLIC LAW (80TH CONG., 2D SESS.)—Continued

| Title | Bill No. | Date introduced | Committee hearings | | Date reported | | Report No | | Page of Congressional Record of passage | | Date of passage | | Public law | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | House | Senate | House | Senate | House | Senate | House | Senate | House | Senate | Date approved | No. |
| To amend the Railroad Retirement Act of 1937, to increase certain annuities, and the Railroad Unemployment Insurance Act with respect to taxes levied thereunder. | H. R. 6766 (S. 2782) | June 1 | IFC* | LPW | June 2 | June 9 | 2154 | 1574 | 7436 | 7993 | June 8 | June 12 | June 23 | 744 |
| Amending District of Columbia Code, relative to admissibility of testimony. | S. 1266 | May 12, 1947 | DC | DC | June 3 | May 29, 1947 | 2188 | 232 | 7455 | 7010 | June 8 | June 16, 1947 | June 24 | 745 |
| To increase salary of Coordinator of Federal Agencies in Puerto Rico. | S. 2508 | Apr. 15 | PL | IIA | June 4 | May 12 | 2808 | 1279 | 6484 | 6294 | June 16 | May 24 | June 24 | 746 |
| Permitting mining locations under United States mining laws within the game sanctuary of the Harney National Forest. | H. R. 2867 | Mar. 31, 1947 | PL | IIA | July 14, 1947 | June 11 | 912 | 1597 | 9586 | 7944 | July 21, 1947 | June 24 | June 24 | 747 |
| To amend Veterans Regulation No. 1 (a), pts. I and II, to establish a presumption of service connection for chronic and tropical diseases. | H. R. 3899 | June 18, 1947 | VA | Fin* | July 8, 1947 | June 7 | 808 | 1536 | 9409 | 7924 | July 21, 1947 | June 12 | June 24 | 748 |
| To amend the Food and Drug Act, to authorize seizure of adulterated or misbranded products. | H. R. 4071 | July 2, 1947 | IFC | IFC* | July 8, 1947 | Apr. 30 | 807 | 1272 | 134 | 8239 | Jan. 13 | June 15 | June 24 | 749 |
| To permit free entry of crude or broken limestone to be used in manufacture of fertilizer. | H. R. 5275 | Feb. 4 | WM | Fin | Feb. 23 | Apr. 15 | 1485 | 1129 | 1680 | 8238 | Feb. 24 | June 15 | June 24 | 750 |
| Conferring jurisdiction over Fort Des Moines Veterans' Village upon the State of Iowa. | H. R. 6488 | Apr. 12 | PW* | PW | Apr. 15 | June 10 | 1747 | 1585 | 5399 | 7941 | May 5 | June 24 | June 24 | 751 |
| Relative to admission of Filipinos to the U. S. Naval Academy. | H. R. 6698 | May 25 | AS* | AS | June 8 | June 17 | 2258 | 1766 | 8489 | 8755 | June 16 | June 18 | June 24 | 752 |
| Navy appropriations for 1949. | H. R. 6772 | June 2 | App* | App* | June 2 | June 14 | 2135 | 1621 | 7073 | 8301 | June 3 | June 15 | June 24 | 753 |
| To ratify contract for purchase of certain mineral land from the Choctaw and Chickasaw Indians. | S. J. Res. 203 (H. J. Res. 363) | Apr. 2 | PL | IIA | May 5 | May 10 | 1866 | 1366 | 8234 | 6290 | June 14 | May 24 | June 24 | 754 |
| Providing for a National Institute of Dental Research. | H. R. 6726 (S. 176) | May 27 | IFC* | LPW | June 2 | July 7, 1947 | 2158 | 436 | 7415 | 7934 | June 8 | June 12 | June 24 | 755 |
| To provide for the issuance of free passes on railroads to official watch inspectors. | S. 2192 | Feb. 20 | IFC | IFC | June 17 | June 8 | 2394 | 1538 | 8954 | 7924 | June 18 | June 12 | June 24 | 756 |
| To increase certain benefits payable under the Longshoremen's and Harbor Workers' Compensation Act. | S. 2237 (H. R. 6647) | Feb. 27 | EdL | LPW* | June 8 | May 17 | 2095 | 1315 | 7397 | 6302 | June 8 | May 24 | June 24 | 757 |
| To clarify the position of Air Force Secretary and to authorize Secretaries of Army, Navy, Air Force, and Secretary of Defense to establish certain positions in professional and scientific service. | S. 2505 | Apr. 15 | POCS | AS | June 11 | May 26 | 2306 | 1408 | 8494 | 6778 | June 16 | June 1 | June 24 | 758 |
| Selective Service Act of 1948. | S. 2655 (H. R. 6401) | May 12 | AS | AS* | May 7 | May 12 | 1881 | 1268 | 8028 | 7681 | June 18 | June 10 | June 24 | 759 |
| To authorize lease of certain space in Lafayette Building in the District of Columbia by PWA. | S. 2706 | May 19 | | PW | | June 12 | | 1614 | | 8947 | | 8723 | June 18 | June 18 | June 24 | 760 |
| Relative to consolidation of the Lighthouse Service with the Coast Guard. | H. R. 239 | Jan. 3, 1947 | MMF | IFC | Apr. 23, 1947 | June 11 | 294 | 1594 | 5055 | 7942 | May 12, 1947 | June 12 | June 24 | 761 |
| Providing pensions for certain widows of Spanish-American War veterans. | H. R. 4962 | Jan. 14 | VA | Fin | June 11 | June 17 | 2316 | 1747 | 8495 | 8754 | June 16 | June 18 | June 24 | 762 |
| To authorize Marine Band attendance at 1948 national assembly of the Marine Corps League. | H. R. 5896 (S. 2064) | Jan. 20 | AS* | AS | June 2 | June 8 | 2190 | 1541 | 7414 | 7926 | June 8 | June 12 | June 24 | 763 |



| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Addition of certain surplus Federal lands to the Chickamauga and Chattanooga Military Park, Ga., and Tenn. | H. R. 5896 | Mar. 22 | PL | HA | May 5 | June 11 | 2082 | 1400 | 5905 | 7944 | May 18 | June 12 | June 24 | 764 |
| To amend the Standard Time Act relative to placing a certain portion of the State of Idaho in the third time zone. | H. R. [illegible] (S. 2567) | Apr. 22 | IFC* | IFC | May 12 | May 13 | 1940 | 1287 | [illegible] | 5739 | May 18 | June 15 | June 24 | 765 |
| National military appropriations for 1949 | H. R. 6772 | June 2 | Appr* | Appr* | June 2 | June 17 | 2135 | 1703 | 6957 | [illegible] | June 2 | June 17 | June 24 | 766 |
| To extend for 1 year the terms of two additional Assistant Secretaries of State. | H. R. [illegible] (S. 2680) | June 7 | FA | FR | June 8 | June 15 | 2237 | 1483 | [illegible] | 8727 | June 16 | June 18 | June 24 | 767 |
| To provide annuities for certain surviving spouses of annuitants retired prior to Apr. 1, 1948. | H. R. [illegible] (S. 2709) | May 28 | POCS | POCS | June 11 | June 15 | 2300 | 1605 | [illegible] | [illegible] | June 16 | June 18 | June 25 | 768 |
| To authorize free entry of certain railroad equipment under certain conditions from France. | H. J. Res. 423 | June 10 | WM | | | | | | 9232 | [illegible] | June 19 | June 19 | June 25 | 769 |
| Confirming certain oil contracts negotiated by Treasury. | H. R. 4820 (S. 1957) | Dec. 8, 1947 | Jud | IC | May 28 | June 9 | 2077 | 1500 | 7280 | 7370 | June 8 | June 12 | June 25 | 770 |
| To codify Title 3 of the United States Code, entitled "The President." | H. R. 6012 | Apr. 30 | Jud | Jud | May 20 | June 14 | 1800 | 1623 | [illegible] | [illegible] | May 18 | June 18 | June 25 | 771 |
| To codify Title 18 of the United States Code entitled "Crimes and Criminal Procedure." | H. R. 3190 | Apr. 24, 1947 | Jud | Jud | Apr. 24, 1947 | June 14 | 304 | 1620 | 5940 | 8722 | May 12, 1947 | June 18 | June 25 | 772 |
| To codify Title 28 of the United States Code, entitled "Judicial Code and Judiciary." | H. R. 3214 | Apr. 25, 1947 | Jud | Jud | Apr. 25, 1947 | June 9 | 308 | 1559 | 8392 | 7330 | July 7, 1947 | June 12 | June 25 | 773 |
| To authorize admission of displaced persons. | S. 2242 (H. R. 6396) | Mar. 2 | Jud* | Jud | May 4 | Mar. 2 | 1854 | 950 | 7400 | 6066 | June 11 | June 2 | June 25 | 774 |
| To provide for military justice within the Air Force. | S. 2882 (H. R. 7057) | Mar. 29 | AS | AS | June 8 | June 8 | 2245 | 1342 | 9402 | 7865 | June 16 | June 12 | June 25 | 775 |
| To amend the Organic Act of Puerto Rico | S. 1675 | May 17 | PL | HA | June 4 | May 27 | 2200 | 1408 | 8804 | 6708 | June 16 | June 1 | June 25 | 776 |
| Fixing the rank of the assistant to the Chief of Engineers in charge of river and harbor and flood-control improvements. | S. 2720 (H. R. 6521) | May 28 | AS | AS | June 8 | June 2 | 2256 | 1452 | 8406 | 7406 | June 16 | June 10 | June 25 | 777 |
| Increasing the sum to $30,000 for statue of Commodore John Barry for presentation to Eire. | H. J. Res. 207 | Jan. 15 | HA | PR | May 18 | June 17 | 1982 | 1760 | 7300 | 8934 | June 8 | June 18 | June 25 | 778 |
| Relative to pay of jurors in the United States courts. | H. R. 945 (S. 150) | Jan. 14, 1947 | Jud | Jud* | June 2 | June 7 | 2162 | 1510 | 7400 | 7965 | June 8 | June 12 | June 25 | 779 |
| Relative to probation system in United States courts. | H. R. 2705 | Mar. 25, 1947 | Jud | Jud | May 11 | June 8 | 1913 | 1504 | [illegible] | 7906 | May 18 | June 12 | June 25 | 780 |
| Authorizing certain transfers from appropriations of the Public Health Service. | H. R. 4004 | July 8, 1947 | IFC | LPW | May 13 | June 9 | 1917 | 1536 | [illegible] | 7933 | May 18 | June 12 | June 25 | 781 |
| Army civil functions appropriations for 1949 | H. R. 5826 | Feb. 26 | Appr* | Appr* | Feb. 26 | Apr. 23 | 1420 | 1267 | 1772 | [illegible] | Feb. 26 | May 19 | June 25 | 782 |
| To amend the Nationality Act of 1940 relative to petitions for citizenship. | H. R. 5806 | Mar. 17 | Jud | Jud | Apr. 6 | June 15 | 1681 | 1641 | 6012 | 8723 | May 18 | June 18 | June 25 | 783 |
| Providing that certain fees collected by the Archivist shall be available for disbursement in the interest of the National Archives. | H. R. 6080 | Apr. 21 | POCS | POCS | May 11 | June 15 | 1950 | 1607 | 7300 | 8827 | June 8 | June 18 | June 25 | 784 |
| Second deficiency appropriations for 1948 | H. R. 6935 | June 15 | Appr* | Appr* | June 15 | June 19 | 2540 | 1760 | 9162 | 9856 | June 16 | June 19 | June 25 | 785 |
| Authorizing the Coast Guard to maintain aids to navigation. | S. 1853 | Dec. 18, 1947 | MMF* | IFC* | May 7 | Mar. 21 | 1890 | 1005 | 2856 | [illegible] | May 18 | Apr. 12 | June 26 | 786 |
| Relating to public belonging to public clubs. | S. 2806 | Feb. 20 | MMF | IFC | June 17 | May 27 | 2307 | 1465 | 8957 | 6901 | June 18 | June 1 | June 26 | 787 |
| Assignment of estate of Gen. Jose Gervasio Artigas from Uruguay. | S. 2381 | Apr. 30 | HA | PW | June 18 | June 2 | 2402 | 1459 | 8857 | 7095 | June 18 | June 10 | June 26 | 788 |
| Authorizing the printing and binding of Cannon's House Procedure. | H. J. Res. 190 | May 6, 1947 | HA | RAdm | May 14, 1947 | June 19 | 382 | 1770 | 5279 | 9056 | May 14, 1947 | June 19 | June 26 | 789 |
| To authorize an emergency fund for the Bureau of Reclamation to assure the continuous operation of its irrigation and power systems. | H. R. 3280 | Apr. 23, 1947 | PL | HA | July 10, 1947 | June 4 | [illegible] | 1499 | 327 | 7788 | Jan. 19 | June 10 | June 26 | 790 |
| Authorizing permanent appointment in each the Regular Army and Regular Air Force of one officer in the grade of general. | H. R. 6059 | Mar. 30 | AS | AS | Apr. 14 | June 17 | 1734 | 1700 | 4646 | 8735 | Apr. 28 | June 18 | June 26 | 791 |

*Printed hearings.

UNITED STATES        OF AMERICA

# Congressional Record

**PROCEEDINGS AND DEBATES OF THE 80*th* CONGRESS
SECOND SESSION**

## VOLUME 94—PART 6

JUNE 3, 1948, TO JUNE 14, 1948
(PAGES 6991 TO 8228)

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948

be established by legislation now pending in the Congress (with an accompanying paper); to the Committee on Appropriations and ordered to be printed.

SUPPLEMENTAL ESTIMATE, FEDERAL WORKS AGENCY (S. Doc. No. 176)

A communication from the President of the United States, transmitting a supplemental estimate of appropriation for the Federal Works Agency, amounting to $15,-000,000, fiscal year 1949, and a proposed contract authorization in the amount of $10,-000,000 (with an accompanying paper); to the Committee on Appropriations and ordered to be printed.

SUPPLEMENTAL ESTIMATE, SEVERAL EXECUTIVE DEPARTMENTS AND INDEPENDENT OFFICES (S. Doc. No. 177)

A communication from the President of the United States, transmitting an estimate of appropriation for the several executive departments and independent offices, to pay claims for damages, audited claims, and judgments rendered against the United States, as provided by various laws, in the amount of $2,393,459.55, together with an indefinite amount as may be necessary to pay interest and costs (with accompanying papers); to the Committee on Appropriations and ordered to be printed.

PETITIONS AND MEMORIALS

Petitions, etc., were laid before the Senate and referred as indicated:

By the PRESIDENT pro tempore:
A letter in the nature of a petition from Louis B. Frisk, of New York, N. Y., relating to Flag Day; to the Committee on the Judiciary.

A telegram in the nature of a petition from Walter I. M. Hodge, chairman, Municipal Committee, St. Croix, V. I., praying for the enactment of House bill 5004, to incorporate the Virgin Islands Corporation; ordered to lie on the table.

A resolution adopted by the forty-second annual convention of the Maryland State and District of Columbia Federation of Labor, at Washington, D. C., protesting against the enactment of the Mundt-Nixon un-American activities bill; to the Committee on the Judiciary.

A memorial of sundry citizens of the State of Washington, remonstrating against the enactment of the so-called Mundt-Nixon un-American activities bill; to the Committee on the Judiciary.

REPORTS OF COMMITTEES

The following reports of committees were submitted:

By Mr. BUTLER, from the Committee on Interior and Insular Affairs:
S. 2480. A bill to provide for the establishment of the Philadelphia National Historical Park, and for other purposes; with amendments (Rept. No. 1623); and
H. R. 6098. A bill authorizing the Secretary of the Interior to issue patents for lands held under color of title; without amendment (Rept. No. 1613).

By Mr. WILEY, from the Committee on the Judiciary:
H. R. 3190. A bill to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure," with amendments (Rept. No. 1620); and
H. R. 6463. A bill to codify and enact into law title 3 of the United States Code, entitled "The President"; without amendment (Rept. No. 1621).

By Mr. COOPER, from the Committee on the Judiciary:
S. 2264. A bill to amend the Trading With the Enemy Act; without amendment (Rept. No. 1622).

By Mr. SALTONSTALL, from the Committee on Appropriations:

H. R. 6772. A bill making appropriations for the Department of the Navy and the naval service for the fiscal year ending June 30, 1949, and for other purposes; with amendments (Rept. No. 1621).

By Mr. BYRD, from the Committee on Armed Services:
S. 2680. A bill to authorize the transfer of horses and equipment owned by the United States Army to the New Mexico Military Institute, a State institution; with amendments (Rept. No. 1624).

PROTECTION AGAINST LYNCHING—RE- PORT OF A COMMITTEE

Mr. FERGUSON. Mr. President, from the Committee on the Judiciary, I ask unanimous consent to report an original bill, to provide for the better assurance of the protection of persons within the several States from lynching, and for other purposes, and I submit a report (No. 1625) thereon. The report is short, and I request that it be printed in the RECORD.

The PRESIDENT pro tempore. Without objection, the bill and the report will be received, and the bill will be placed on the calendar; and, without objection, the report will be printed in the RECORD.

The bill (S. 2860) to provide for the better assurance of the protection of persons within the several States from lynching, and for other purposes, was received, read twice by its title, and ordered to be placed on the calendar.

The report was ordered to be printed in the RECORD, as follows:

The Committee on the Judiciary, which has under consideration various bills relating to the protection of persons within the several States from lynching, report favorably a bill to provide for the better assurance of the protection of persons within the several States from lynching, and for other purposes, with the recommendation that the bill do pass.

The purpose of the bill is self-explanatory in the title statement in that it is designed to provide for the better assurance of the protection of persons from lynching.

STATEMENT

Section 1 of the bill is self-explanatory.

Section 2 of the bill, which contains the definitions, might be considered one of the most important parts of the measure.

The bill defines lynching as an exercise or an attempt to exercise by an assembly of two or more persons, without authority of law, by action of physical force against person or property, of any power of correction or punishment over any persons in the custody of any peace officer, or suspected of, charged with, or convicted of the commission of any criminal offense with the purpose or consequence of preventing the apprehension or trial or punishment by law of such person, or of imposing a punishment. The essence of the offense is the depriving of the person accused or suspected of crime of a trial in the manner provided by law and, if such person is convicted of, punishment in the manner provided by law.

Section 3 of the bill makes it a crime punishable by imprisonment and/or a fine for Federal or State officers to conspire with members of a lynching mob in the prosecution of a lynching. The constitutionality of the imposition of Federal sanctions against Federal or State officers for their participation in a lynching will not be discussed in this section. In a later paragraph it is pointed out that such sanctions are valid. The question here involves the validity of Federal sanctions imposed against members of the lynch mob when they conspire with the Federal or State officers. It

seems to be well-settled law that any Federal sanctions against the individual lynchers (aiders, abettors, etc.) are invalid.

It appears well settled that under the fourteenth amendment to the Constitution, Congress does not have the authority to enact sanctions against private individuals or individual actions. (The Civil Rights cases (109 U. S. 3); U. S. v. Harris (106 U. S. 629); Slaughterhouse cases (83 U. S. 36); U. S. v. Cruikshank (92 U. S. 542); Strauder v. West Virginia (100 U. S. 303); Virginia v. Rives (100 U. S. 313); Hodges v. U. S. (203 U. S. 1); Corrigan v. Buckley (271 U. S. 327).)

It is the opinion of this committee that those individuals who conspire with Federal or State officers for the purposes of lynching may be held guilty of the crime or conspiracy when, in effect, they could not be held guilty of lynching. It is sufficient if one of the parties to a conspiracy is legally capable of committing the offense, while the other party may not have that capacity (Chadwick v. U. S. (141 F. 225); Oberv. U. S. (157 F. 651, 85 C. C. A. 113, certiorari denied, 207 U. S. 596).). A person may be guilty of conspiring although incapable of committing the objective offense (Vonv. United States (Clark v. U. S.) (2 Pet. 2d 5411; U. S. v. Rabinowick (238 U. S. 78, 86); U. S. v. Holte (236 U. S. 140, 144); Jelke v. U. S. (255 F. 205); Israel v. U. S. (3 F. 2d 743); U. S. v. Lyman (190 F. 414); U. S. v. Socony Vacuum Oil Company (310 U. S. 150).)

Section 4 punishes State officers and employees for their failure to prevent a lynching. The fourteenth amendment is directed toward the action of the States, including the action of State officers. Any action by the officers of the State which violates the prohibition upon State action contained in the fourteenth amendment is subject to penalty imposed by the United States (Ex Parte Virginia (100 U. S. 339); Screws v. U. S. (325 U. S. 91).). The right not to be deprived by a State (or State officers) of a trial by the State, or of the punishment prescribed by law, is inherent in due process of law (Screws v. U. S., supra; Crews v. U. S. (160 F. 2d. 746); U. S. v. Classic (313 U. S. 299).).

Section 5 of the bill penalizes Federal officers and employees for their willful failure to prevent a lynching. Congress has, many times, created penalties upon Federal officers for a violation of their duties. The creation of the sanction in itself creates a duty on a Federal officer not to commit acts which would invite the imposition of the penalty. (See the offenses defined and punished in U. S. Code, title 18, secs. 171 et seq.)

Section 6 defines the duty of the Attorney General of the United States under this act. It imposes a duty upon him to cause an investigation to be made to determine whether there has been a violation of the bill, whenever a lynching occurs, and information on oath is submitted to him that any officer or employee of the United States or of a State, or any governmental subdivision thereof, is guilty of a criminal offense under section 4 or section 5 of the bill. This section merely spells out a duty which normally rests with the Attorney General, the chief law enforcement officer of the United States, to enforce, and prosecute violations of, all criminal laws of the United States. It is not intended to restrict the Attorney General in the enforcement of the act but to make it mandatory upon him to cause the investigation prescribed if the information on oath is submitted to him.

Section 7 provides for civil actions for damages by an individual who is lynched (or his next of kin) against any person violating section 3, section 4, or section 5 of the act with respect to that lynching.

The validity of this section rests upon the same constitutional bases and cases cited under the foregoing sections 3, 4, or 5. Obviously, if Congress has the authority to make certain acts a crime, punishable by fines and/or imprisonment, it also has the



UNITED STATES      OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80*th* CONGRESS

SECOND SESSION

## VOLUME 94—PART 7

JUNE 15, 1948, TO JUNE 19, 1948
(PAGES 8229 TO 9352)

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948

Case 2:10-cr-00520-JCM -RJJ   Document 40-3   Filed 07/12/12   Page 8 of 74

ter, east half of the northwest quarter, the east half of the east half of the west half of the northwest quarter, section 17, lots 1, 2, and 3, section 18, township 7 south, range 28 east, Montana principal meridian, containing approximately 426 acres.

The amendments were agreed to.

The bill was ordered to be engrossed for a third reading, read the third time, and passed.

**IMPROVEMENT OF POST OFFICE, LOS ANGELES, CALIF.**

The bill (H. R. 5758) to provide for the extension and improvement of post-office facilities at Los Angeles, Calif., and for other purposes, was considered, ordered to a third reading, read the third time, and passed.

**LEASE OF LAFAYETTE BUILDING, WASHINGTON, D. C.**

The bill (S. 2706) to authorize the Federal Works Administrator to lease for commercial purposes certain space in the building located at 811 Vermont Avenue NW., Washington, D. C., commonly known as the Lafayette Building, was considered, ordered to be engrossed for a third reading, read the third time, and passed, as follows:

*Be it enacted, etc.,* That the Federal Works Administrator is hereby authorized to lease for commercial purposes for periods not exceeding 10 years and upon such terms and conditions as he may deem to be in the public interest, such space in the building located at 811 Vermont Avenue NW., Washington, D. C., commonly known as the Lafayette Building, as was leased by the Reconstruction Finance Corporation for commercial purposes on July 20, 1945, the date title to such building was transferred from the Reconstruction Finance Corporation to the United States of America by section 506, title III, Public Law 289, Eightieth Congress. The rentals received pursuant to this act may be deposited into a common fund account or accounts in the Treasury, and notwithstanding the provisions of the act of June 26, 1943 (40 U. S. C. 303b), shall be available to pay the cost of maintenance, upkeep, and repair of the space so leased and for the establishment of necessary reserves therefor: *Provided,* That except for such necessary reserves, the unobligated balances of rentals so deposited into the Treasury shall be covered at the end of each fiscal year into miscellaneous receipts.

**ISSUANCE OF PATENTS FOR CERTAIN LANDS**

The bill (H. R. 6090) authorizing the Secretary of the Interior to issue patents for lands held under color of title was considered, ordered to a third reading, read the third time, and passed.

**REVISION AND CODIFICATION OF TITLE 18, UNITED STATES CODE**

The Senate proceeded to consider the bill (H. R. 3190) to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure," which had been reported from the Committee on the Judiciary with amendments.

The PRESIDENT pro tempore. Is there objection to present consideration of the bill?

There being no objection, the Senate proceeded to consider the bill.

The PRESIDENT pro tempore. The bill contains a large volume of amendments. Is there objection to the consideration of the amendments en bloc?

Mr. TAFT. Mr. President, may we have an explanation of the bill? This is a long bill, containing 475 pages.

Mr. WILEY. Mr. President, I assure the distinguished Senator I shall not take much time, and that we shall not spend much time on the bill.

The House has sent to the Senate the revision of title 18. It was my privilege and duty to appoint a very distinguished subcommittee to go over the matter. The subcommittee was headed by the Senator from Missouri [Mr. DONNELL].

The purpose of the bill is to codify and revise the laws relating to Federal crimes and criminal procedure.

With the amendments proposed by the committee the bill includes all pertinent laws to January 5, 1948, and is made effective September 1, 1948.

The bill makes it easy to find the criminal statutes because of the arrangement, numbering, and classification. The original intent of Congress is preserved. A uniform style of statutory expression is adopted. The new Federal Rules of Criminal Procedure are keyed to the bill and are reflected in part II of title 18.

Obsolete and executed provisions are eliminated. Uncertainty will be ended and there will no longer be any need to examine the many volumes of the Statutes at Large as the bill, upon enactment, will itself embody the substantive law which will thus appear in full in the United States Code.

It is one of the constructive things we have been endeavoring to accomplish, and I think the bill accomplishes it. I should like to see the amendments adopted en bloc. If any further specific information is desired, I shall ask the distinguished senior Senator from Missouri to explain it, but I think, in view of the fact that the work has been gone into by some of the best experts in codification in America, in conjunction with the House committee, the committee has proposed a number of amendments, most of which are insubstantial, some of which are substantial. They will necessitate, I assume, if we pass the bill, a conference with the House. I hope the measure can be disposed of without a great deal of debate. As I said, it is along the line of bringing together the Federal criminal statutes into one place, so as to avoid the necessity of going from one volume to another in order to ascertain what the criminal law of the Nation is.

The PRESIDENT pro tempore. The Senator's time has expired. Is there objection to the consideration of the amendments en bloc?

There being no objection, the amendments were considered and agreed to en bloc.

The amendments agreed to en bloc are as follows:

Page 3, following "12. Laws of States adopted for areas within Federal jurisdiction." insert: "14. Applicability to Canal Zone."

Page 5, line 4, after "States" insert: ", except the Canal Zone."

Page 8, after line 15, insert:

"§ 14. Applicability to Canal Zone.

"In addition to the sections of this title which by their terms apply to and within the Canal Zone, the following sections of this title shall likewise apply to and within

the Canal Zone: 6, 8, 11, 331, 371, 472, 474, 473, 479, 488, 491, 492, 495, 495, 496, 497, 499, 500, 505, 506, 594, 595, 598, 600, 601, 604, 605, 606, 611, 612, 703, 756, 791, 792, 793, 794, 795, 796, 797, 915, 917, 951, 956, 954, 956, 957, 956, 959, 960, 961, 962, 963, 964, 965, 966, 967, 1017, 1073, 1201, 1364, 1382, 1542, 1543, 1544, 1546, 1584, 1621, 1622, 1701, 1821, 1834, 2134, 2152, 2153, 2154, 2155, 2156, 2199, 2231, 2234, 2385, 2274, 2275, 2277, 2384, 2385, 2388, 2389, 2390, 2421, 2422, 2423, 2424, 2969, 3105, 3109."

Page 97, strike out "610. Contributions by national banks or corporations." and insert: "610. Contributions or expenditures by national banks, corporations, or labor organizations."

Page 104, strike out lines 4 to 21, inclusive, and insert:

"§ 610. Contributions by national banks, corporations, or labor organizations.

"It is unlawful for any national bank, or any corporation organized by authority of any law of Congress, to make a contribution or expenditure in connection with any election to any political office, or in connection with any primary election or political convention or caucus held to select candidates for any political office, or for any corporation whatever, or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commissioner to Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices, or for any candidate, political committee, or other person to accept or receive any contribution prohibited by this section.

"Every corporation or labor organization which makes any contribution or expenditure in violation of this section shall be fined not more than $5,000; and every officer or director of any corporation, or officer of any labor organization, who consents to any contribution or expenditure by the corporation or labor organization, as the case may be, in violation of this section shall be fined not more than $1,000 or imprisoned not more than 1 year, or both.

"For the purposes of this section 'Labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

Page 117, line 3, strike out all after "receiver," down to and including "System," in line 15.

Page 133, line 18, strike out all after "care." down to and including "institution," in line 20.

Page 134, line 19, after "both" insert: "; or if he negligently suffers such person to escape, he shall be fined not more than $500 or imprisoned not more than 1 year, or both."

Page 155, after line 12, insert: "While any foreign government is a member bank of the International Monetary Fund and of the International Bank for Reconstruction and Development, this section shall not apply to the sale or purchase of bonds, securities, or other obligations of such government or any political subdivision thereof or of any organization or association acting for or on behalf of such government or political subdivision, or to making of any loan to such government, political subdivision, organization, or association."

Page 167, strike out lines 15 to 18, inclusive, and insert: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

"Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

Page 415, line 10, after "Zone," insert "District of Columbia."

Page 415, after line 17, insert:

"Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court."

Page 416, after line 21, insert:

"Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court."

Page 440, lines 24 and 25, strike out "the Revised Statutes (1 U. S. C., sec. 1)" and insert: "Title 1 of the United States Code."

Page 456, strike out lines 3 to 21, inclusive.

Page 456, line 22, strike out "19" and insert "18."

Page 457, line 2, strike out "20" and insert "19."

Page 457, strike out lines 8 to 15, inclusive, and insert:

"SEC. 20. This act shall take effect September 1, 1948."

Page 457, line 16, strike out "22" and insert "21."

Page 463, about middle of page, strike out:

| "July 3....... | 128 | 4, 5| 40|733, 734| 16|   | 705, 706" |

Page 467, below middle of page, strike out:

| "June 30....... | 436|   | 4| 40| 1336| 16|   | 205 |
| Do....... | 635| 1, 2| 40| 1327| 22|   | 246" |

And insert:

| "June 30....... | 636| 1, 2| 40| 1327| 22|   | 246" |

Page 470, after

| "June 8....... | 176| 1, 7, 8| 40|234, 236| 12| 344, 24 | 267" |

insert:

| "July 21....... | 326|   | 40| 326| 37|   | 809b" |

Page 471, at the end of the schedule of repeals on this page, insert:

| "1947— | | | | | | | |
| Apr. 16... | 30|   | 61| 60| 18|   | 611 |
| May 16... | 73|   | 61| 97| 15|   | 749b-1 |
| June 19... | 113|   | 61| 134| 18|   | 364 |
| June 23... | 120|   | 61| 135| 18|   | 251" |

The amendments were ordered to be engrossed and the bill to be read a third time.

The bill was read the third time and passed.

Mr. WILEY. Mr. President, I move that the Senate insist upon its amendments, request a conference with the House thereon, and that the Chair appoint the conferees on the part of the Senate.

The motion was agreed to.

The PRESIDENT pro tempore. The Chair will presently name the conferees.

Mr. WILEY subsequently said: Mr. President, I have been credibly informed that the House will accept our amendments. In view of that information, I ask that the action taken to rescind on my motion to appoint conferees in respect to the bill (H. R. 3190) be rescinded.

The PRESIDENT pro tempore. Without objection, it is so ordered.

### AMENDMENT OF TRADING WITH THE ENEMY ACT

The bill (S. 2764) to amend the Trading With the Enemy Act was announced as next in order.

The PRESIDENT pro tempore. Is there objection to the present consideration of the bill?

There being no objection, the Senate proceeded to consider the bill.

Mr. COOPER. Mr. President, I offer an amendment.

Mr. PEPPER. I should like an explanation of the bill.

The PRESIDENT pro tempore. The Senator from Kentucky offers an amendment which the clerk will state.

The CHIEF CLERK. On page 3, line 14, after the word "buy", it is proposed to strike out "July 31, 1949", and insert "April 30, 1949."

The PRESIDENT pro tempore. The question is on agreeing to the amendment submitted by the Senator from Kentucky.

Mr. PEPPER. Mr. President, I request an explanation of the bill.

Mr. COOPER. Mr. President, the bill proposes to amend section 32 of the Trading With the Enemy Act. That section, among other things, authorizes the Alien Property Custodian to return property to an alien if he deems that the alien was a persecutee. It has developed that some of these persons to whom property would be returned are dead, and there are no known heirs. In such case I assume the property would escheat to this country.

The bill provides that the President may designate approved organizations under certain limitations and conditions, and that such organizations may receive the property of a deceased persecutee alien and use it for the benefit of the group to which the persecutee belonged. I think it is a very humane measure. It was introduced by the Senator from Ohio [Mr. TAFT].

The PRESIDENT pro tempore. The question is on agreeing to the amendment offered by the Senator from Kentucky.

The amendment was agreed to.

The bill was ordered to be engrossed for a third reading, read the third time, and passed, as follows:

Be it enacted, etc., That section 32 of the Trading With the Enemy Act of October 6, 1917 (40 Stat. 411), as amended, is hereby further amended by adding at the end thereof the following subsection:

"(b) The President may designate one or more organizations as successors in interest to deceased persons, who, if alive, would be eligible to receive returns under the provisions of subdivision (C) or (D) of subsection (a) (2) hereof. An organization so designated shall be deemed a successor in interest by operation of law for the purposes of subsection (a) (1) hereof. Return may be made to an organization so designated (a) prior to July 31, 1949, or 2 years from the vesting of the property or interest in question, whichever is later, if the President or such officer or agency as he may designate determines from all relevant facts of which he is then advised that it is probable that the former owner is dead and survived by no person eligible under section 32 to claim as successor in interest by inheritance, devise, or bequest; and (b) after such later date, if no claim for the return of the property or interest is pending.

"No return may be made to an organization so designated unless it files a claim on or before January 1, 1952, and unless it gives assurances satisfactory to the President that (1) it will use the property or interest returned to it for the rehabilitation and resettlement of persons who suffered substantial deprivation of liberty or failed to enjoy the full rights of citizenship within the meaning of subdivisions (C) and (D) of subsection (a) (2) hereof, by reason of their membership in the political, racial, or religious group of which the former owner was a member; (ii) it will transfer, at any time within 2 years from the time that return is made,

such property or interest or the equivalent value thereof to any person designated as entitled thereto pursuant to this act by the President or such officer or agency; and (iii) it will make such reports and permit such examination of its books as the President or such officer or agency may from time to time require.

"The filing of a claim by an organization so designated shall not bar the payment of debt claims under section 34 of this act."

SEC. 2. The first sentence of section 33 of the Trading With the Enemy Act of October 6, 1917 (40 Stat. 411), as amended, is hereby further amended to read as follows:

"SEC. 33. No return may be made pursuant to section 9 or 32 unless notice of claim has been filed, (a) in the case of any property or interest acquired by the United States prior to December 18, 1941, by August 9, 1948, or (b) in the case of any property or interest acquired by the United States on or after December 18, 1941, by April 30, 1949, or 2 years from the vesting of the property or interest in respect of which the claim is made, whichever is later: Provided, That return may be made to successor organizations designated pursuant to section 32 (b) hereof if notice of claim is filed by January 1, 1952."

### PHILADELPHIA NATIONAL HISTORICAL PARK

The bill (S. 2080) to provide for the establishment of the Philadelphia National Historical Park, and for other purposes, was announced as next in order.

The PRESIDENT pro tempore. This bill is identical with Calendar No. 1764, House bill 5053.

Mr. BUTLER. Mr. President, I ask that the House bill be substituted for Senate bill S. 2080, and that the Senate proceed to the consideration of the House bill.

The PRESIDENT pro tempore. Is there objection to the substitution of the House bill for the Senate bill and its present consideration?

There being no objection, the bill (H. R. 5053) to provide for the establishment of the Independence National Historical Park, and for other purposes, was considered, ordered to a third reading, read the third time, and passed.

The PRESIDENT pro tempore. Without objection, Senate bill 2080 is indefinitely postponed.

### CODIFICATION OF TITLE 3 OF THE UNITED STATES CODE

The bill (H. R. 6412) to codify and enact into law title 3 of the United States Code, entitled "The President," was considered, ordered to a third reading, read the third time, and passed.

### TRANSFER OF CERTAIN ARMY EQUIPMENT TO NEW MEXICO MILITARY INSTITUTE

The Senate proceeded to consider the bill (S. 2696) to authorize the transfer of horses and equipment owned by the United States Army to the New Mexico Military Institute, a State institution, which had been reported from the Committee on Armed Services, with amendments, on page 1, line 4, after the word "authorized", to insert "upon the request of the institution"; in line 7, after the word "institution", to insert "to Cornell University, Ithaca, N. Y., to Norwich University, Norwich, Vt., and to Virginia Military Institute, Lexington, Va."; on page 2, line 1, before the word

Case 2:10-cr-00520-JCM -RJJ    Document 40-3    Filed 07/12/12    Page 9 of 74

8864       CONGRESSIONAL RECORD—HOUSE       JUNE 18

lincous) may be excused as a conferee on the bill, S. 2055.

The SPEAKER. Is there objection to the request of the gentleman from New York?

There was no objection.

The SPEAKER. The Chair appoints the gentleman from North Carolina [Mr. DURHAM] to fill the vacancy.

The Clerk will notify the Senate of the action of the House.

## PROVIDING FOR WATER POLLUTION CONTROL ACTIVITIES

Mr. DONDERO. Mr. Speaker, I call up the conference report on the bill (S. 418) to provide for water pollution control activities in the Public Health Service and in the Federal Security Agency and in the Federal Works Agency, and for other purposes, and ask unanimous consent that the statement of the managers on the part of the House be read in lieu of the report.

The Clerk read the title of the bill.

The SPEAKER. Is there objection to the request of the gentleman from Michigan?

There was no objection.

The Clerk read the statement.

The conference report and statement are as follows:

### CONFERENCE REPORT

The committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (S. 418) "An Act to provide for water pollution control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes", having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the Senate recede from its disagreement to the amendment of the House, and agree to the same with amendments, as follows:

Page 3, line 12, of the amendment of the House, strike out the words "hereinafter declared to be a public nuisance".

Page 3, lines 13 and 14, of the amendment of the House, strike out the words "such interstate water and tributaries thereof", and insert the following words "surface and underground waters".

Page 9, line 11, of the amendment of the House, strike out the figure "$250,000" and insert the figure "$350,000".

Page 11, line 25, of the amendment of the House, strike out the figure "$22,000,000" and insert the figure "$22,500,000".

Page 12, line 25, of the amendment of the House, after the word "study of" insert the word "water", and strike out the word "of" after the word "pollution".

Page 13, line 1, of the amendment of the House, strike out the words "interstate waters".

Page 13, line 2, of the amendment of the House, before the word "pollution" insert the word "water", and after the word "pollution" strike out the words "of interstate waters".

Page 14, line 17 through line 22, of the amendment of the House, strike out all after the words "Sec. 9. (a)" and insert the following: "Five officers may be appointed to grades in the Regular Corps of the Public Health Service above that of senior assistant, but not to a grade above that of director, to assist in carrying out the purposes of this Act. Officers appointed pursuant to this subsection in any fiscal year shall not be counted as part of the 10 per centum of the original appointments authorized to be made

in such year under section 207 (b) of the Public Health Service Act; but they shall for all other purposes be treated as though appointed pursuant to such section 207 (b)."

And the House agree to the same.

     GEO. A. DONDERO,
     J. HARRY MCGREGOR,
     PAUL CUNNINGHAM,
     JAMES C. AUCHINCLOSS,
     WILL M. WHITTINGTON,
     JOHN A. BLATNIK,
     TOM PICKETT,
     *Managers on the Part of the House.*
     GEO. W. MALONE,
     CHAPMAN REVERCOMB,
     JOHN L. MCCLELLAN,
     *Managers on the Part of the Senate.*

### STATEMENT

The managers on the part of the House at the conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (S. 418) submit the following statement in explanation of the effect of the action agreed upon and recommended in the accompanying conference report as to each of such amendments, namely:

The first two amendments apply to Sec. 2 (a), lines 4, 5, and 6, on page 18 of the bill. The language substituted more clearly defines the authority of the Surgeon General with respect to the preparation and adoption of comprehensive programs for eliminating or reducing the pollution of surface and underground waters.

The amendment to Sec. 5 (line 3, page 25), increases by $50,000 the maximum individual loan which may be made under the Act.

The amendment to Sec. 7 (line 18, page 27), increases by $2,500,000 the maximum authorized to be appropriated to the Federal Security Agency for each of the five fiscal years during the period beginning July 1, 1948, and ending June 30, 1953, for the purpose of making loans under Section 5 of the Act.

The purpose of the amendments to Sec. 5 (b) (lines 16, 17, and 18, page 28), is to expand the service of the Public Health Service station authorized to be erected at Cincinnati, Ohio, in connection with research and study of water pollution and the training of personnel in work related to control of water pollution.

The amendments with reference to Sec. 9 (a), (lines 19 to 16, page 30), substitutes a new Sec. 9 (a), which is required for the purpose set forth in the following letter:

#### FEDERAL SECURITY AGENCY,

     *Washington, June 25, May 14, 1948.*

DEAR MR. CHAIRMAN: This is in reference to S. 418, which your Committee reported out, with amendments, on April 30, 1948.

Section 9 (a) of S. 418 as reported authorizes additional appointments to be made at higher grades in the Regular Corps of the Public Health Service pursuant to section 207 (b) of the Public Health Service Act to assist the Service in carrying out its new or expanded activities under S. 418. Since our letter of January 19, 1946, to you on this bill, however, the Congress has enacted Public Law 425, which amends the provisions of the Public Health Service Act in several respects, primarily in the matter of appointment and promotion of commissioned officers of the Public Health Service. As a result of Public Law 425, the authority to make additional appointments at higher grades in the Regular Corps of the Public Health Service, formerly contained in section 206 (b) of the Public Health Service Act, is now contained in section 207 (b) of that Act, in a somewhat revised form. In order, therefore, to accomplish the purposes for which section 9 (a) of S. 418 was intended, the following is suggested in lieu of such section 9 (a):

(a) Five officers may be appointed to grades in the Regular Corps of the Service above that of senior assistant, but not to a grade

above that of director, to assist in carrying out the purposes of this Act. Officers appointed pursuant to this subsection in any fiscal year shall not be counted as part of the 10 per centum of the original appointments authorized to be made in such year under section 207 (b) of the Public Health Service Act; but they shall for all other purposes be treated as though appointed pursuant to such section 207 (b).

The short time available for necessary action on the amendment suggested by this letter has not permitted us to obtain advice from the Bureau of the Budget as to the relationship of this amendment to the program of the President.

     Sincerely yours,
       J. DONALD KINGSLEY,
         *Acting Administrator.*

Hon. GEORGE A. DONDERO,
*Chairman, Committee on Public Works,*
     *House of Representatives,*
       *Washington 25, D. C.*

     GEO. A. DONDERO,
     J. HARRY MCGREGOR,
     JAMES C. AUCHINCLOSS,
     PAUL CUNNINGHAM,
     WILL M. WHITTINGTON,
     JOHN A. BLATNIK,
     TOM PICKETT,
     *Managers on the Part of the House.*

The conference report was agreed to.

A motion to reconsider was laid on the table.

## UNITED STATES CODE, TITLE 18

Mr. REED of Illinois. Mr. Speaker, I ask unanimous consent to take from the Speaker's desk the bill (H. R. 3190) to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure," with Senate amendments thereto, and concur in the Senate amendments.

The Clerk read the title of the bill.

The Clerk read the Senate amendments, as follows:

Page 3, following:

"13. Laws of States adopted for areas within Federal jurisdiction."

Insert:

"14. Applicability to Canal Zone."

Page 5, line 4, after "States" insert, ", except the Canal Zone."

Page 8, after line 15, insert:

"§ 14. Applicability to Canal Zone."

"In addition to the sections of this title which by their terms apply to and within the Canal Zone, the following sections of this title shall likewise apply to and within the Canal Zone: 6, 8, 11, 321, 371, 474, 478, 479, 480, 482, 483, 484, 485, 486, 488, 490, 499, 502, 506, 594, 595, 598, 600, 601, 604, 605, 608, 611, 612, 703, 756, 791, 792, 793, 794, 795, 796, 797, 915, 917, 951, 953, 954, 955, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 1017, 1073, 1201, 1364, 1382, 1542, 1543, 1544, 1546, 1584, 1621, 1622, 1751, 1821, 1914, 2151, 2152, 2153, 2154, 2155, 2156, 2189, 2231, 2234, 2235, 2274, 2275, 2277, 2304, 2385, 2386, 2388, 2389, 2390, 2421, 2423, 2429, 2434, 3069, 3305, 3109."

Page 91, strike out

"§10. Contributions by national banks or corporations."

And insert:

"§10. Contributions or expenditures by national banks, corporations, or labor organizations."

Page 194, strike out lines 4 to 21, inclusive, and insert:

"§ 610. Contributions by national banks, corporations, or labor organizations

"It is unlawful for any national bank, or any corporation organized by authority of any law of Congress, to make a contribution or expenditure in connection with any election to any political office, or in connection with any primary election or political con-

mention or caucus held to select candidates for any political office, or for any corporation whatever, or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commissioner to Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices, or for any candidate, political committee, or other person to accept or receive any contribution prohibited by this section.

"Every corporation or labor organization which makes any contribution or expenditure in violation of this section shall be fined not more than $5,000; and every officer or director of any corporation, or officer or any labor organization, who consents to any contribution or expenditure by the corporation or labor organization, as the case may be, in violation of this section shall be fined not more than $1,000 or imprisoned not more than 1 year, or both.

"For the purposes of this section 'labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

Page 117, line 4, strike out all after "refer," down to and including "System," in line 16.

Page 134, line 13, strike out all after "case," down to and including "institution," in line 20.

Page 134, line 10, after "both" insert "; or if he negligently suffers such person to escape, he shall be fined not more than $500 or imprisoned not more than 1 year, or both."

Page 381, after line 13, insert "While any foreign government is a member both of the International Monetary Fund and of the International Bank for Reconstruction and Development, this section shall not apply to the sale or purchase of bonds, securities, or other obligations of such government or any political subdivision thereof or of any organization or association acting for or on behalf of such government or political subdivision, or to making of any loan to such government, political subdivision, organization, or association."

Page 881, strike out lines 15 to 18, inclusive, and insert "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

"Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

Page 413, line 10, after "Zone," insert "District of Columbia."

Page 413, after line 17, insert:

"Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court."

Page 414, after line 21, insert:

"Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court."

Page 446, items 24 and 25, strike out "the Revised Statutes (1 U. S. C. sec. 1)" and insert "Title 1 of the United States Code."

Page 464, strike out lines 3 to 31, inclusive.

Page 458, line 22, strike out "19" and insert "18."

Page 467, line 3, strike out "20" and insert "19."

Page 469, strike out lines 8 to 15, inclusive, and insert:

"Sec. 20. This act shall take effect September 1, 1948."

Page 467, line 16, strike out "22" and insert "21."

Page 468, about middle of page, strike out [July 3 ......] 138   4, 6| 46738, 768, 16|   768, 768]

Page 467, below middle of page, strike out [June 30 ...... ] 428   4| 5|   1668| 2|   76|
[De ...... ] 428   1, 2| 6|   1687| 2|   168]

and insert:

[June 30 ...... ] 428   1, 2| 6|   1851| 21|   145"
Page 470, after

[June 6 ...... ] 173   1, 2, 3| 59|24, 22| 80|   242, 185, 287"
insert:

[July 21 ...... ] 173   8   68|   549| 21|   588"

Page 471, at the end of the schedule of repeals on this page, insert:

"152—

| | | | | | |
|---|---|---|---|---|---|
| Apr. 16 ...... | 38| | 67| 52| 10| 411 |
| May 16 ...... | 72| | 67| 87| 9| 748—3 |
| June 21 ...... | 114| | 67| 134| 10| 704 |
| June 22 ...... | 176| 304| 61| 129| 2| 287" |

The SPEAKER. Is there objection to the request of the gentleman from Illinois?

There was no objection.

The Senate amendments were concurred in.

A motion to reconsider was laid on the table.

## NATIONAL FREEDOM DAY

Mr. REED of Illinois. Mr. Speaker, I ask unanimous consent to take from the Speaker's desk the joint resolution (S. J. Res. 27) requesting the President to proclaim February 1 as National Freedom Day, and ask for its immediate consideration. I have consulted with the leaders on both sides.

The Clerk read the title of the joint resolution.

The SPEAKER. Is there objection to the request of the gentleman from Illinois?

There was no objection.

The Clerk read, as follows:

Resolved, etc., That the President of the United States is authorized to issue a proclamation designating the 1st day of February of each year as National Freedom Day for the purpose of commemorating the signing by President Abraham Lincoln, on February 1, 1865, of the joint resolution adopted by the Senate and the House of Representatives of the United States, proposing the thirteenth amendment to the Constitution of the United States of America.

The joint resolution was ordered to be read a third time, was read the third time, and passed, and a motion to reconsider was laid on the table.

## PERMISSION TO EXTEND REMARKS AT THIS POINT

Mr. McGARVEY. Mr. Speaker, I ask unanimous consent to extend my remarks at this point in the Record.

The SPEAKER. Is there objection to the request of the gentleman from Pennsylvania?

There was no objection.

Mr. McGARVEY. Mr. Speaker, the bill which has been reached on the Consent Calendar today will authorize and request the President to proclaim February 1 as National Freedom Day and invite the people of this Nation to observe the day with appropriate ceremonies and thanksgiving. As you all know, on February 1, 1865, President Abraham Lincoln signed the joint resolution, which had previously been adopted by the Congress, proposing the thirteenth amendment to the Constitution.

I should like to repeat for you at this time the immortal words of that amendment: "Neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." These words are the foundation of our form of government with its emphasis on the freedom of the individual and the human liberties which belong to every citizen of the United States. It is therefore with pride in our free Nation that I introduced this resolution at the first session of the Eightieth Congress. Since that time I have been striving to obtain approval of the legislation.

I wish to thank the members of the Judiciary Committee and, in particular, the members of the subcommittee which handled the resolution, headed by the gentleman from Illinois [Mr. REED], for the interest and cooperation they have displayed in reporting the legislation, also the gentleman from Pennsylvania [Mr. CHADWICK].

I should like to pause here to pay tribute to the founder of National Freedom Day, Maj. R. R. Wright. It is regrettable that Major Wright is not with us today to realize the fulfillment of his long years of hard work and inspiring efforts. Born in slavery, Major Wright rose to prominence as a great American and occupied an unequalled position in the hearts of his fellow Americans. The story of Major Wright is truly the story of America, for in no other country today is it possible for a citizen to achieve such outstanding success. His success, however, would not have occurred had the thirteenth amendment to the Constitution not been approved. Since his signing is one of the cornerstones in the foundation of our American traditions, I am proud that we have today passed the resolution commemorating its inception.

## PROCUREMENT AND SUPPLY OF GOVERNMENT HEADSTONES

Mr. WELCH. Mr. Speaker, I ask unanimous consent to take from the Speaker's desk the bill (H. R. 6272) to provide for the procurement and supply of Government headstones or markers for unmarked graves of members of the armed forces dying in the service or after honorable discharge therefrom, and other persons, and for other purposes, with a Senate amendment thereto, and concur in the Senate amendment.

The Clerk read the title of the bill.

The Clerk read the Senate amendment, as follows:

Page 2, line 2, strike out all after "cemeteries," down to and including "costs." in line 14 and insert "The Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force are authorized and directed to compile a list of the names of all members of the armed forces of the United States who died while serving in such forces in the overseas theaters of operations on or after September 3, 1939, and whose bodies have not been recovered or identified or have been buried at sea. Upon the compilation of such list of names and other appropriate data, the American Battle Monuments Commission and the Secretary of the Army are authorized and directed to provide for the inscribing of each such name and pertinent

of the Federal Communications Commission.

The PRESIDING OFFICER. Is there objection?

Mr. YOUNG. I object.

Mr. WHERRY. Then, Mr. President, I move that the nomination of Frieda B. Hennock, of New York, be confirmed.

The PRESIDING OFFICER. The question is on agreeing to the motion of the Senator from Nebraska.

Mr. BALL. Mr. President, what kind of procedure is this? We are not in executive session.

Mr. WHERRY. I asked for unanimous consent.

Mr. BALL. I did not hear any motion.

Mr. WHERRY. I understand that. I asked for unanimous consent.

The PRESIDING OFFICER. The Senator asked unanimous consent, and unanimous consent was granted.

Mr. BALL. I am sorry.

The PRESIDING OFFICER. The Chair did not understand that that is what it was for.

Mr. WHERRY. If there is any doubt about it—

The PRESIDING OFFICER. Consent was granted.

Mr. WHERRY. Very well.

Mr. BALL. Are we in executive session, then?

The PRESIDING OFFICER. We are.

Mr. WHERRY. We are, for the consideration of the nomination of Miss Frieda B. Hennock.

Mr. BALL. May we proceed in the regular order, then, and have the nomination stated, so that we will know what we are doing? I do not like to have the Senate doing things by unanimous consent. I am not going to hold up the Senate—

Mr. WHERRY. That is the very thing that is done after the Executive Calendar is taken up, and I ask that the nomination be stated.

The PRESIDING OFFICER. The clerk will state the nomination.

The LEGISLATIVE CLERK. Nomination passed over. Frieda B. Hennock, of New York, to be a member of the Federal Communications Commission.

The PRESIDING OFFICER. The question is, Will the Senate advise and consent to the nomination?

Mr. BALL. Mr. President, I do not intend to make a lengthy speech about this nomination. I am opposed to it, and I want the RECORD to show that. So far as I can discover, the only investigation, the only hearing, regarding this nomination, was a brief executive session of the subcommittee of the Committee on Interstate and Foreign Commerce. For several weeks the reports were that the nomination would never get out of committee. Then all of a sudden it was reported, with, I may say, somewhat suspicious haste. It is for a 7-year term on the Federal Communications Commission. In my opinion that is a tremendously important Commission. I think it is up to the Senate to satisfy itself—and frankly I am not satisfied; I do not know about the wisdom of the nomination one way or the other—that appointments to this

Commission will really serve the best interests of the Nation.

I myself have observed some rather disturbing things about the Federal Communications Commission. I have heard more disturbing reports since this nomination was reported. I have heard a report, on what I consider reliable authority—and obviously in the past few days I have not had any opportunity to investigate it, I do not know whether it is true or not—which indicates that certain interests, groups, who are greatly interested in this nomination, have a direct pipe line to the Federal Communications Commission, which we certainly would not want to have occur. What the score is I do not know. So far as I can determine, Miss Hennock is a lawyer from New York, and I might point out that the late President Roosevelt never appointed a member of the Federal Communications Commission from New York City, for the simple reason that New York City is the center of the radio industry, and he wanted to avoid any possibility of the industry itself having too much influence on the Commission. So far as I can discover, she has had no experience in radio matters, and from what I can learn of her background, frankly I do not think she is qualified for the job, and I want to be on record as opposed to her confirmation.

Mr. BREWSTER. Mr. President, I think the Senator from Minnesota has been very fair in his statement. As chairman of the subcommittee which investigated this nomination for the Senate Committee on Interstate and Foreign Commerce, which reported it by a vote of 8 to 6, with another member voting "present," I think the Senate should know what we have learned as to the circumstances.

Miss Hennock has been a member of the New York bar for 20 or 25 years. I hesitate to estimate the age of a lady, but I should say she is between 40 and 50 years old, so she is reasonably mature. She has had quite a brilliant record at the bar. She is a member now, which is somewhat unusual for a woman, of the third largest law firm in New York City, one of the most highly respected and distinguished, and composed almost exclusively of Republicans. She has had no experience in radio, as the Senator from Minnesota has said, which, it seemed to many of us, was perhaps most fortunate, because one who had been active in radio work, representing radio clients, would by that very fact come in under somewhat of a cloud. The committee took into consideration her breadth of experience and training and recognized abilities.

I may say that one of her most earnest sponsors was John W. Davis, of New York, who certainly is a leader of the New York bar, and who vouched most earnestly for her capacity and character. And from many other quarters there have come most earnest testimonials as to the character and competency of this woman.

Obviously only the future can tell how well she can fulfill these responsibilities. I can say that we in our committee,

share the concern which the Senator from Minnesota has experienced concerning the functioning of the Federal Communications Commission. We think it needs new blood, and it was the consensus of those of us who became familiar with this matter through contact with many who were acquainted with her and through various representations, that she would be well qualified to fit into this position, and we believed her confirmation was warranted and wise.

The PRESIDING OFFICER. The question is, will the Senate advise and consent to this nomination?

The nomination was confirmed.

## POSTMASTERS

### EXECUTIVE REPORT OF A COMMITTEE

The following favorable report of a committee was submitted:

By Mr. LANGER, from the Committee on Post Office and Civil Service:

The nomination of Jack Bostwick to be postmaster at Bastrop, in the State of Louisiana.

On motion by Mr. LANGER, and by unanimous consent, it was

Ordered, That the said nomination be considered with those postmasters appearing on today's calendar.

Mr. BARKLEY. Does the Senator intend that the nominations of postmasters shall be considered?

Mr. WHERRY. Yes.

The PRESIDING OFFICER. The clerk will state the nominations of postmasters on the calendar.

The legislative clerk proceeded to read the nominations of postmasters on the calendar.

The PRESIDING OFFICER. Without objection, the nominations of postmasters will be confirmed en bloc.

Without objection the President will be notified of all nominations this day confirmed on the Executive Calendar.

Mr. WHERRY. Mr. President, are there any measures any Senator desires to bring up at this time, or is there any other matter that is desired to be considered?

Mr. O'MAHONEY. Mr. President, may I ask the majority leader whether there is any intention to proceed with Calendar No. 1253, Senate Joint Resolution 76?

Mr. WHERRY. That is the equal-rights amendment?

Mr. O'MAHONEY. Yes.

Mr. WHERRY. I believe the Senator who was particularly interested in the legislation stated that it would not be taken up at this time. I would not undertake to take it up.

Mr. O'MAHONEY. Very well.

### CONDITIONAL ADJOURNMENT TO DECEMBER 31, 1948

Mr. WHERRY. I move that the Senate do now adjourn.

The motion was agreed to; and (at 7 o'clock and 14 minutes a. m., Sunday, June 20, 1948) the Senate adjourned, the adjournment being under the provision of House Concurrent Resolution 218, to Friday, December 31, 1948, at 12 o'clock meridian.

Case 2:10-cr-00520-JCM -RJJ Document 40-3 Filed 07/12/12 Page 12 of 74

8948

cmh fund to such extent and in such manner and under such terms and conditions as the Secretary of Labor may by regulation or otherwise prescribe.

Mr. HOPE. Mr. Speaker, I ask unanimous consent to withdraw the committee amendments.

The SPEAKER. Is there objection to the request of the gentleman from Kansas?

There was no objection.

Mr. HOPE. Mr. Speaker, I offer the amendments, which I send to the Clerk's desk.

The Clerk read as follows:

Amendments offered by Mr. Hope:
On page 1, line 3, strike out "the Secretary of Labor" and insert "the Administrator of the Federal Security Agency."
On page 2, line 21, strike out "the Secretary of Labor" and insert "the Administrator of the Federal Security Agency."

Mr. FOGARTY. The first amendment was to strike out "the Secretary of Labor" and insert "the Federal Security Administrator"; is that correct?

Mr. HOPE. Yes. That is made necessary by reason of the act that was passed, the reorganization bill, which transferred the Federal Employment Service to the Federal Security Agency.

The SPEAKER. The question is on agreeing to the amendments.

The amendments were agreed to.

The bill was ordered to be read a third time, was read the third time, and passed, and a motion to reconsider was laid on the table.

**INDIAN PATENTS IN ALASKA**

Mr. D'EWART. Mr. Speaker, I ask unanimous consent for the immediate consideration of House Joint Resolution 165, a joint resolution to repeal section 2 of the act of May 1, 1936, and for other purposes.

The Clerk read the title of the resolution.

The SPEAKER. Is there objection to the request of the gentleman from Montana [Mr. D'EWART]?

Mr. RICH. Mr. Speaker, reserving the right to object, what does this bill do?

Mr. D'EWART. The bill repeals section 2 of the act of May 1, 1936, having to do with the issuing of certain patents in Alaska. Second, it permits the Secretary of the Interior to issue patents in Alaska to individual tribes, villages, or individuals, with the approval of the Secretary of the Interior.

Mr. RICH. Mr. Speaker, it is now 15 minutes after 6 in the morning. It is about time to go to church. It seems to me this legislation should be deferred until some other time. I object.

**ADJOURNMENT RESOLUTIONS**

Mr. HALLECK. Mr. Speaker, I offer a concurrent resolution (H. Con. Res. 219) and ask for its immediate consideration.

The Clerk read as follows:

Resolved, That when the two Houses adjourn on Sunday, June 20, 1948, they stand adjourned until 12 o'clock meridian on Friday, December 31, 1948, or until 12 o'clock meridian on the third day after the respective Members are notified in accordance with section 2 of this resolution, whichever shall first occur.

Sec. 2. The President pro tempore of the Senate, the Speaker of the House of Representatives, the acting majority leader of the Senate, or the majority leader of the House of Representatives, if acting jointly, shall notify the Members of the Senate and the House, respectively, to reassemble whenever, in their opinion, the public interest shall warrant it.

The SPEAKER. The question is on agreeing to the resolution.

The resolution was agreed to.

**AUTHORIZING THE SPEAKER AND THE PRESIDENT PRO TEMPORE TO SIGN ENROLLED BILLS AND JOINT RESOLUTIONS**

Mr. HALLECK. Mr. Speaker, I offer a concurrent resolution (H. Con. Res. 218) and ask for its immediate consideration.

The Clerk read the resolution, as follows:

Resolved, That notwithstanding the adjournment of the two Houses until December 31, 1948, the Speaker of the House of Representatives and the President pro tempore of the Senate be, and they are hereby, authorized to sign enrolled bills and joint resolutions duly passed by the two Houses and found truly enrolled.

The SPEAKER. The question is on agreeing to the resolution.

The resolution was agreed to.

A motion to reconsider was laid on the table.

**AUTHORIZING THE CLERK TO RECEIVE MESSAGES**

Mr. HALLECK. Mr. Speaker, I ask unanimous consent that notwithstanding the adjournment of the House until December 31, 1948, the Clerk be authorized to receive messages from the Senate.

The SPEAKER. Without objection, it is so ordered.

There was no objection.

**AUTHORIZING THE SPEAKER TO APPOINT COMMISSIONS, BOARDS, AND COMMITTEES**

Mr. HALLECK. Mr. Speaker, I ask unanimous consent that notwithstanding the adjournment of the House until December 31, 1948, the Speaker be authorized to appoint commissions, boards, and committees authorized by law or by the House.

The SPEAKER. Without objection, it is so ordered.

There was no objection.

**GENERAL LEAVE TO EXTEND REMARKS**

Mr. HALLECK. Mr. Speaker, I ask unanimous consent that all Members of the House shall have the privilege until the last edition authorized by the Joint Committee on Printing is published to extend and revise their own remarks in the CONGRESSIONAL RECORD on more than one subject, if they so desire, and also to include therein such short quotations as may be necessary to explain or complete such extension of remarks, but this order shall not apply to any subject matter which may have occurred or to any speech delivered subsequent to the adjournment of Congress until Friday, December 31, 1948.

The SPEAKER. Is there objection to the request of the gentleman from Indiana?

There was no objection.

**REPORTS OF INVESTIGATING COMMISSIONS TO BE DOCUMENTS OF EIGHTIETH CONGRESS**

Mr. HALLECK. Mr. Speaker, I ask unanimous consent that reports filed with the Clerk following the adjournment of the House until Friday, December 31, 1948, by committees authorized by the House to conduct investigations may be printed by the Clerk as reports of the Eightieth Congress.

The SPEAKER. Is there objection to the request of the gentleman from Indiana?

There was no objection.

**CERTAIN REPORTS OF COMPTROLLER GENERAL'S OFFICE TO BE PRINTED AS HOUSE DOCUMENTS**

Mr. HALLECK. Mr. Speaker, I offer a resolution (H. Res. 700) and ask for its immediate consideration.

The Clerk read as follows:

Resolved, That the reports of the Comptroller General of the United States made to Congress, pursuant to section 6 of the act of February 24, 1925 (33 Stat. 6), and the Government Corporation Control Act (59 Stat. 597), after the adjournment of the House until December 31, 1948, shall be printed as House documents of the second session of the Eightieth Congress.

The resolution was agreed to.

A motion to reconsider was laid on the table.

**DESIGNATION OF ASSISTANT CLERK OF THE HOUSE OF REPRESENTATIVES**

Mr. HALLECK. Mr. Speaker, I offer a resolution (H. Res. 701) and ask for its immediate consideration.

The Clerk read as follows:

Resolved, That in order that the duties of his office may be discharged in case of his absence or disability or in case his office should become vacant, the Clerk of the House of Representatives on or before June 19, 1948, shall designate a subordinate in his office to perform the duties thereof in any such contingencies until the commencement of the first session of the Eighty-first Congress. Such designee when acting under this authorization, shall subscribe himself as Acting Clerk of the House of Representatives.

The Clerk of the House shall promptly communicate to the Speaker the name of the employee designated hereunder for the information of the House.

The resolution was agreed to.

A motion to reconsider was laid on the table.

The SPEAKER laid before the House the following communication, which was read by the Clerk:

OFFICE OF THE CLERK,
HOUSE OF REPRESENTATIVES,
Washington, D. C., June 19, 1948.
The Honorable the SPEAKER,
House of Representatives.

SIR: Pursuant to the provisions of House Resolution 701 adopted by the House today, I have designated Mr. Harry Newlin Megill, an official in my office, to discharge the duties contemplated by said resolution.

Respectfully yours,
JOHN ANDREWS,
Clerk of the House of Representatives.

**EXTENSION OF REMARKS**

Mr. WIGGLESWORTH asked and was given permission to extend his remarks in two instances and in each to include tabular material.

Mr. KERSTEN of Wisconsin asked and was given permission to extend his remarks in the Appendix of the RECORD in two instances.

The SPEAKER. The gentleman from Vermont [Mr. PLUMLEY].

Mr. PLUMLEY. I just wish to call attention to the fact that this is Father's Day, and, therefore, I say: Good night, good morning, good luck.

The SPEAKER. The gentleman from Illinois [Mr. BUSBEY].

Mr. BUSBEY. Mr. Speaker, I do not know how many have ever attended a sunrise service before, but you have to-day.

## RECESS

The SPEAKER. The Chair declares a recess subject to the call of the Chair.

Thereupon (at 6 o'clock and 23 minutes a. m.) the House stood in recess subject to the call of the Chair.

## AFTER RECESS

The recess having expired, the House was called to order by the Speaker at 6 o'clock and 55 minutes a. m.

## FURTHER MESSAGE FROM THE SENATE

A further message from the Senate by Mr. Latta, its enrolling clerk, announced that the Senate had passed without amendment concurrent resolutions of the House of the following titles:

H. Con. Res. 218. Concurrent resolution providing for adjournment of the two Houses of Congress until December 31, 1948; and

H. Con. Res. 219. Concurrent resolution authorizing the signing of enrolled bills following adjournment.

The message also announced that the Senate agrees to the report of the committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the bill (H. R. 6248) entitled "An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes."

The message also announced that the Senate had passed without amendment joint resolutions of the House of the following titles:

S. J. Res. 268. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer United States Cavalry) of the Spanish-American War; and

S. J. Res. 227. Joint resolution to authorize the issuance of a special series of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America.

The message also announced that the Senate agrees to the amendments of the House to bills of the Senate of the following title:

S. 2167. An act to provide assistance in the recruitment and distribution of farm labor for the increased production, harvesting, and preparation for market of agricultural commodities to meet domestic needs and foreign commitments; and

S. 2780. An act to amend the Servicemen's Readjustment Act o' 1944, as amended, and for other purposes.

## ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee had examined and found truly enrolled bills and joint resolutions of the House of the following titles, which were thereupon signed by the Speaker:

H. R. 371. An act for the relief of Jenness C. Thomas;

H. R. 564. An act for the relief of Sarah Lee Cregg;

H. R. 708. An act for the relief of Anthony Annetta;

H. R. 851. An act for the relief of Leon Nikolaivich Volkov;

H. R. 851. An act for the relief of Adney W. Gray;

H. R. 911. An act for the relief of Kam Fong Chun, Mr. and Mrs. Jose Diaz, Joseph De Souza, Mr. and Mrs. Kenneth Ayres, and Jose Ochoa do;

H. R. 912. An act for the relief of Hiro Higa and Kana Higa;

H. R. 915. An act to confer jurisdiction upon the District Court of the United States for the Territory of Hawaii to hear, determine, and render judgment on the claims of the executors and trustees of the estate of L. L. McCandless, deceased, as their interests may appear, against the United States of America;

H. R. 1078. An act for the relief of Chester O. Glenn;

H. R. 729. An act for the relief of James D. Sigler and Frederick P. Vogelsang III;

H. R. 1409. An act for the relief of Frantisek Jiri Pavlik or Georg Pavlik;

H. R. 1490. An act for the relief of the United States Radiator Corp. of Detroit, Mich.;

H. R. 1642. An act for the relief of Miss Rosella M. Kostenbader;

H. R. 1733. An act for the relief of G. C. Kendrick;

H. R. 1734. An act for the relief of Gabel Construction Co.;

H. R. 1779. An act for the relief of the Winona Machine & Foundry Co., a corporation of Winona, Minn.;

H. R. 1790. An act for the relief of the Cannon Valley Milling Co.;

H. R. 1919. An act for the relief of the legal guardian of Robert Lee Threatt, a minor;

H. R. 1900. An act for the relief of the Growers Fertilizer Co., a Florida corporation;

H. R. 2096. An act to amend section 11 of the act approved June 5, 1942 (56 Stat. 317), relating to Mammoth Cave National Park in the State of Kentucky, and for other purposes;

H. R. 2192. An act for the relief of the Maximum Construction Co.;

H. R. 2192. An act for the relief of Robert E. Graham;

H. R. 2259. An act to provide for sale to the Crow Tribe of interests in the estates of deceased Crow Indian allottees;

H. R. 2372. An act for the relief of George Cleve Williams;

H. R. 2385. An act for the relief of the Cypress Creek drainage district of the State of Arkansas;

H. R. 2431. An act for the relief of the estate of David Jefferson Janow, deceased;

H. R. 2439. An act for the relief of James W. Adkins and Mary Clark Adkins;

H. R. 2551. An act for the relief of William E. Ramsey;

H. R. 2552. An act for the relief of Thomas A. Hanley;

H. R. 2696. An act for the relief of Otto Kraus, receiver of the Neafie & Levy Ship & Engine Building Co.;

H. R. 2728. An act for the relief of the legal guardian of Rose Mary Ammirato, a minor;

H. R. 2732. An act for the relief of Dennis Stanton;

H. R. 2734. An act for the relief of Joseph M. Henry;

H. R. 2876. An act to amend the act approved May 18, 1928 (45 Stat. 602), as amended, to revise the roll of the Indians of California provided therein;

H. R. 2880. An act for the relief of Aubrey F. Houston;

H. R. 2918. An act for the relief of the Sumner County Colored Fair Association;

H. R. 3052. An act for the relief of the estate of Rudolph Maximilian Gospp, Jr.;

H. R. 3218. An act to authorize an emergency fund for the Bureau of Reclamation to assure the continuous operation of its irrigation and power systems;

H. R. 3261. An act for the relief of Capt. Carroll C. Garretson;

H. R. 3427. An act for the relief of Mrs. Mary M. Overall and Thomas I. Baker;

H. R. 3499. An act for the relief of Petrol Corp.;

H. R. 3505. An act to amend subsection (c) of section 19 of the Immigration Act of 1917, as amended, and for other purposes;

H. R. 3705. An act to authorize and direct the Secretary of the Army to donate and convey to Okaloosa County, State of Florida, all the right, title, and interest of the United States in and to a portion of Santa Rosa Island, Fla., and for other purposes;

H. R. 3937. An act for the relief of William C. Raser;

H. R. 3999. An act to authorize the Attorney General to adjudicate certain claims resulting from evacuation of certain persons of Japanese ancestry under military orders;

H. R. 4067. An act for the relief of Edmund Huppier;

H. R. 4103. An act for the relief of Charles M. Davis;

H. R. 4199. An act for the relief of George Bandolis;

H. R. 4272. An act to provide for the procurement and supply of Government headstones or markers for unmarked graves of members of the armed forces dying in the service or after honorable discharge therefrom, and other persons, and for other purposes;

H. R. 4299. An act to authorize the Secretary of State to perform certain consular-type functions within the United States and its Territories and possessions;

H. R. 4367. An act authorizing the Hidalgo Bridge Co., its heirs, legal representatives, and assigns, to construct, maintain, and operate a railroad toll bridge across the Rio Grande, at or near Hidalgo, Tex.;

H. R. 4425. An act to amend the Civil Aeronautics Act of 1938 by redefining certain powers of the Administrator, by authorizing delegation of certain powers by the Civil Aeronautics Board to the Administrator, and for other purposes;

H. R. 4441. An act for the relief of the William J. Burns International Detective Agency;

H. R. 4452. An act for the relief of Douglas L. Craig;

H. R. 4462. An act authorizing the conveyance of certain lands in Park County, Wyo., to the State of Wyoming;

H. R. 4516. An act for the relief of the Moore Dry Dock Co., of Oakland, Calif.;

H. R. 4518. An act for the relief of Gerald S. Furman;

H. R. 4557. An act for the relief of Mrs. Harry A. Light (formerly Mrs. Elsie Purvey);

H. R. 4560. An act for the relief of Mrs. Loraine Thomsen;

H. R. 4635. An act to amend section 11 of an act entitled "An act to regulate barbers in the District of Columbia, and for other purposes";

H. R. 4644. An act for the relief of E. Brevard Walker, trading as E. B. Walker Lumber Co.;

H. R. 4690. An act to amend the act of July 20, 1947, permitting vessels of Canadian registry to transport certain merchandise between



UNITED STATES    OF AMERICA

# Congressional Record

PROCEEDINGS AND DEBATES OF THE 80th CONGRESS
SECOND SESSION

## VOLUME 94—PART 8

JULY 26, 1948, TO DECEMBER 31, 1948
(PAGES 9353 TO 10316)

UNITED STATES GOVERNMENT PRINTING OFFICE, WASHINGTON, 1948



# Congressional Record

**United States of America**

**PROCEEDINGS AND DEBATES OF THE 80th CONGRESS, SECOND SESSION**

## SENATE

### Monday, July 26, 1948

The Senate reassembled this day in its Chamber at the Capitol, in the city of Washington, in pursuance of the proclamation of the President of the United States of the 15th day of July 1948.

ARTHUR H. VANDENBERG, President pro tempore, called the Senate to order at 12 o'clock noon.

Rev. Bernard Braskamp, D. D., pastor of the Gunton-Temple Memorial Presbyterian Church, Washington, D. C., offered the following prayer:

O Thou God of infallible wisdom, we have entered upon days which are fraught with perplexing problems and heavy responsibilities, but also with glorious opportunities and possibilities.

We pray that we may have the interpreting light and the clear and confident leading of Thy spirit in all our deliberations and decisions.

May the ideals and principles of our blessed Lord not only stir our emotions but our wills, and may every lofty God-inspired sentiment be translated into action and achievement.

Grant that it may be the goal of all our aspirations to glorify Thy great and holy name and to build Thy kingdom of peace and good will among men and nations.

Hear us for the sake of the Christ. Amen.

The PRESIDENT pro tempore. The proclamation of the President reconvening the Congress will be read by the clerk.

The Chief Clerk (Edward E. Mansur, Jr.) read the proclamation, as follows:

### CONVENING THE CONGRESS BY THE PRESIDENT OF THE UNITED STATES OF AMERICA—A PROCLAMATION

Whereas the public interest requires that the Congress of the United States should be convened at 12 o'clock noon on Monday, the 26th day of July 1948, to receive such communication as may be made by the Executive:

Now, therefore, I, Harry S. Truman, President of the United States of America, do hereby proclaim and declare that an extraordinary occasion requires the Congress of the United States to convene at the Capitol in the city of Washington on Monday, the 26th day of July 1948, at 12 o'clock noon, of which all persons who shall at that time be entitled to act as Members thereof are hereby required to take notice.

In witness whereof, I have hereunto set my hand and caused to be affixed the great seal of the United States.

Done at the city of Washington this 15th day of July, in the year of our Lord 1948, and of the independence of the United States of America the one hundred and seventy-third.

HARRY S. TRUMAN.

By the President:
G. C. MARSHALL,
*Secretary of State.*

### CALL OF THE ROLL

Mr. WHERRY. I suggest the absence of a quorum.

The PRESIDENT pro tempore. The clerk will call the roll.

The Chief Clerk called the roll, and the following Senators answered to their names:

| | | |
|---|---|---|
| Aiken | Hickenlooper | O'Daniel |
| Baldwin | Hill | O'Mahoney |
| Barkley | Hoey | Pepper |
| Brewster | Holland | Reed |
| Brooks | Jenner | Revercomb |
| Butler | Johnson, Colo. | Robertson, Va. |
| Byrd | Johnston, S. C. | Robertson, Wyo. |
| Cain | Kem | Russell |
| Capehart | Kilgore | Saltonstall |
| Capper | Knowland | Smith |
| Connally | Langer | Sparkman |
| Cooper | Lodge | Stennis |
| Cordon | Lucas | Stewart |
| Donnell | McCarthy | Taft |
| Downey | McClellan | Taylor |
| Eastland | McFarland | Thomas, Okla. |
| Ecton | McGrath | Thomas, Utah |
| Ellender | McMahon | Thye |
| Ferguson | Magnuson | Tobey |
| George | Martin | Umstead |
| Green | Maybank | Vandenberg |
| Gurney | Mifflin | Watkins |
| Hatch | Moore | Wherry |
| Hawkes | Murray | Wiley |
| Hayden | Myers | Williams |
| | O'Conor | Young |

Mr. WHERRY. I announce that the Senator from Minnesota [Mr. BALL], the Senator from Ohio [Mr. BRICKER], the Senator from Delaware [Mr. BUCK], the Senator from South Dakota [Mr. BUSHFIELD], the Senator from Vermont [Mr. FLANDERS], the Senator from Oregon [Mr. MORSE], and the Senator from Iowa [Mr. WILSON] are necessarily absent.

The Senator from New Hampshire [Mr. BRIDGES] is detained on official business.

The Senator from Idaho [Mr. DWORSHAK] is absent on official state business.

The Senator from New York [Mr. IVES] is absent because of illness in his family.

The Senator from Nevada [Mr. MALONE] is absent on official committee business of the Committee on Public Works.

Mr. LUCAS. I announce that the Senator from New Mexico [Mr. CHAVEZ] is unavoidably detained.

The Senator from Arkansas [Mr. FULBRIGHT], the Senator from Nevada [Mr. McCARRAN], the Senator from Tennessee [Mr. McKELLAR], the Senator from Maryland [Mr. TYDINGS], and the Senator from New York [Mr. WAGNER] are necessarily absent.

The PRESIDENT pro tempore. Seventy-eight Senators having answered to their names, a quorum is present.

### THE JOURNAL

Mr. WHERRY. Mr. President, I ask unanimous consent that, without reading, the Journal of the proceedings of the Senate for the calendar days Friday, June 18, Saturday, June 19, and Sunday, June 20, 1948, be approved.

The PRESIDENT pro tempore. Without objection, the order is made.

### ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED AFTER ADJOURNMENT

Subsequent to the adjournment of the Senate on June 20, 1948, the President pro tempore, under the authority of House Concurrent Resolution 219, signed the following enrolled bills and joint resolutions, which had previously been signed by the Speaker of the House of Representatives:

S. 166. An act for the relief of Doris E. Snyder;

S. 418. An act to provide for water-pollution-control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes;

S. 805. An act to provide that the rates of compensation for disabilities incurred in active military or naval service other than in a period of war service shall be equal to 80 percent of the rates payable for similar disabilities incurred during active service in time of war;

S. 1245. An act to provide for the payment of revenues from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes;

S. 1260. An act to create a commission to hear and determine the claims of certain motor carriers;

S. 1323. An act to provide a Federal charter for the Commodity Credit Corporation;

S. 1682. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such State;

S. 1715. An act for the relief of Archie Hamilton and Delbert Hamilton;

S. 1717. An act for the relief of the estate of William R. Stigall, deceased;

S. 1909. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III;

S. 2217. An act conferring jurisdiction upon the Court of Claims of the United States to hear, determine, and render judgment upon the joint claims of Silas Mason Co., Inc.; Walsh Construction Co.; and Atkinson-Kier Co.;

S. 2242. An act to authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other purposes;

Case 2:10-cr-00520-JCM-PAL   Document 40-3   Filed 07/12/12   Page 17 of 74

S. 2283. An act to provide for an air parcel-post service, and for other purposes;

S. 2371. An act validating certain conveyances of the Oregon Short Line Railroad Co. and the Union Pacific Railroad Co., and waiving, relinquishing, and disclaiming all title and all right of reverter and forfeiture of the United States of America to the lands described in said conveyance;

S. 2276. An act to provide a revolving fund for the purchase of agricultural commodities and raw materials to be processed in occupied areas and sold;

S. 2440. An act for the relief of Charles Duncan Montieth;

S. 2554. An act to promote the common defense by providing for the retention and maintenance of a national reserve of industrial productive capacity, and for other purposes;

S. 2621. An act authorizing the extension of the functions and duties of Federal Prison Industries, Inc., to military disciplinary barracks;

S. 2655. An act to provide for the common defense by increasing the strength of the armed forces of the United States, including the Reserve components thereof, and for other purposes;

S. 2676. An act to authorize the Secretary of the Interior to convey a certain parcel of land in St. Louis County, Minn., to the University of Minnesota;

S. 2692. An act to terminate the retirement system of the Office of the Comptroller of the Currency, and to transfer that retirement fund to the Civil Service Retirement and Disability Fund;

S. 2695. An act to authorize the transfer of horses and equipment owned by the United States Army to the New Mexico Military Institution, a State institution, and for other purposes;

S. 2705. An act to reimburse the James & Phelps Construction Co.;

S. 2709. An act for the relief of Stefan Magura and Michal Magura;

S. 2730. An act to include as allowable service under the act of July 6, 1945, service performed in the military forces and on war transfer by employees in the field service of the Post Office Department;

S. 2742. An act providing for the more expeditious determination of certain claims filed by Ute Indians;

S. 2747. An act to amend the Canal Zone Code for the purpose of incorporating the Panama Railroad Company;

S. 2767. An act to provide assistance in the recruitment and distribution of farm labor for the increased production, harvesting, and preparation for market of agricultural commodities to meet domestic needs and foreign commitment;

S. 2769. An act to amend the Servicemen's Readjustment Act of 1944, as amended, and for other purposes;

S. 2794. An act to authorize the Administrator of Veterans' Affairs to prescribe the rates of pay for certain positions at field installations;

S. 2820. An act to extend for 2 years the authority to provide for the maintenance of a domestic tin-smelting industry;

S. 2849. An act to authorize the Administrator of Veterans' Affairs to convey a certain tract of land in the State of Arkansas to Washington County, Ark.;

S. 2861. An act to assist by grants-in-aid the Republic of the Philippines in providing medical care and treatment for certain veterans;

S. 2877. An act to amend the Reconstruction Finance Corporation Act, as amended;

H. R. 333. An act for the relief of sundry residents of Alaska, the veterans of World War II;

H. R. 2709. An act for the relief of the estate of Vito Aberno;

H. R. 2269. An act for the relief of Frank A. Constable;

H. R. 2786. An act to amend section 6, Home Owners' Loan Act of 1933, and for other purposes;

H. R. 3190. An act to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure";

H. R. 3416. An act to provide for the establishment of the Pensacola National Monument;

H. R. 4044. An act to amend the Trading With the Enemy Act, as amended; to create a commission to make an inquiry and report with respect to war claims; and to provide for relief for internees in certain cases;

H. R. 4917. An act to provide further benefits for certain employees of the United States who are veterans of World War II and lost opportunity for probational civil-service appointments by reason of their service in the armed forces of the United States, and who, due to service-connected disabilities, are unable to perform the duties of the positions for which examinations were taken;

H. R. 5416. An act to promote the interests of the Fort Hall Indian irrigation project, Idaho, and for other purposes;

H. R. 5892. An act to authorize the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force to donate excess and surplus property for educational purposes;

H. R. 5904. An act to continue the Virgin Islands Company as an agency of the United States;

H. R. 6242. An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes;

H. R. 6402. An act to provide for extension of the terms of office of the present members of the Atomic Energy Commission;

H. R. 6448. An act to authorize the Administrator of Veterans' Affairs to convey certain land in Tennessee to the city of Johnson City;

H. R. 6465. An act to amend and supplement section 3 of the act approved August 30, 1935, relating to the construction and financing of toll bridges over the Delaware River by the Delaware River Joint Toll Bridge Commission of the Commonwealth of Pennsylvania and the State of New Jersey;

H. R. 6461. An act making appropriations for Government corporations and independent executive agencies for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6527. An act to provide assistance to certain local school agencies overburdened with war-incurred or postwar national-defense-incurred enrollments;

H. R. 6843. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948;

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6801. An act making appropriations for foreign aid, and for other purposes;

H. R. 6808. An act to permit refund or credit to brewers of taxes paid on beer lost in bottling operations;

H. R. 6828. An act making supplemental appropriations for the Executive Office and sundry independent executive bureaus, boards, commissions, and offices for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6916. An act to provide for permanent postal rates and to provide pay increases for Government employees;

H. R. 6935. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1948, and for other purposes;

S. J. Res. 177. Joint resolution providing for participation by the Government of the United States in the Pan American Railway Congress, and authorizing an appropriation therefor;

S. J. Res. 219. Joint resolution to continue until March 1, 1919, the authority of the United States Maritime Commission to make provision for certain ocean transportation service to, from, and within Alaska;

H. J. Res. 198. Joint resolution authorizing the printing and binding of Cannon's Precedure in the House of Representatives and providing that the same shall be subject to copyright by the author;

H. J. Res. 305. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer U. S. Cavalry) of the Spanish-American War;

H. J. Res. 327. Joint resolution to authorize the issuance of a special series of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America; and

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

## ENROLLED BILLS AND JOINT RESOLUTIONS PRESENTED AFTER ADJOURNMENT

Subsequent to the adjournment of the Senate on June 20, 1948, the following enrolled bills and joint resolutions, heretofore duly signed by the Presiding Officers of the two Houses, were presented to the President of the United States by the Secretary of the Senate:

On June 21, 1948:

S. 99. An act authorizing the naturalization of Elizabeth Pickering Winn;

S. 1107. An act relating to the arming of American vessels;

S. 1639. An act authorizing the repair and rehabilitation of irrigation works damaged by flood and the prevention of flood damage in the Fort Sumner irrigation district, and for other purposes;

S. 1730. An act for the relief of Mrs. Anna V. Beyer, Alexander A. Beyer, and Vitaly A. Beyer;

S. 1820. An act to confer jurisdiction on the State of Iowa over offenses committed by or against Indians on the Sac and Fox Indian Reservation;

S. 2186. An act to amend section 5 of the act entitled "An act to amend the laws relating to navigation, and for other purposes";

S. 2192. An act to amend the Interstate Commerce Act so as to permit the issuance of free passes to time inspectors of carriers subject to part 1 of such act;

S. 2241. An act to authorize an increase in the annual appropriation for the maintenance and operation of the Gorgas Memorial Laboratory;

S. 2530. An act to provide for certain administrative expenses in the Post Office Department, including retainment of pneumatic-tube systems, and for other purposes;

S. 2706. An act to authorize the Federal Works Administrator to lease for commercial purposes certain space in the building located at 811 Vermont Avenue NW., Washington, D. C., commonly known as the Lafayette Building;

S. 2739. An act to authorize the issuance of a stamp commemorative of the two hun-

amount concerning the construction of railroads in Alaska and the establishment of reciprocal tariff and immigration arrangements.

**ENROLLED BILLS AND JOINT RESOLUTIONS SIGNED AFTER ADJOURNMENT**

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee had examined and found truly enrolled bills and joint resolutions of the House of the following titles:

H. R. 359. An act for the relief of sundry residents of Alaska, the veterans of World War II;

H. R. 2080. An act for the relief of the estate of Vito Albarno;

H. R. 2397. An act for the relief of Frank A. Constable;

H. R. 2704. An act to amend section 6, Home Owners' Loan Act of 1933, and for other purposes;

H. R. 3190. An act to revise, codify, and enact into positive law title 18 of the United States Code, entitled "Crimes and Criminal Procedure";

H. R. 3416. An act to provide for the establishment of the Pensacola National Monument;

H. R. 4045. An act to amend the Trading With the Enemy Act, as amended; to create a commission to make an inquiry and report with respect to war claims; and to provide for relief for internees in certain cases;

H. R. 4517. An act to provide further benefits for certain employees of the United States who are veterans of World War II and lost opportunity for probational civil-service appointments by reason of their service in the armed forces of the United States, and who, due to service-connected disabilities, are unable to perform the duties of the positions for which examinations were taken;

H. R. 5441. An act to promote the interests of the Fort Hall Indian irrigation project, Idaho, and for other purposes;

H. R. 5902. An act to authorize the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force to donate excess and surplus property for educational purposes;

H. R. 5904. An act to continue the Virgin Islands Company as an agency of the United States;

H. R. 6048. An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes;

H. R. 6462. An act to provide for extension of the terms of office of the present members of the Atomic Energy Commission;

H. R. 6448. An act to authorize the Administrator of Veterans' Affairs to convey certain land in Tennessee to the city of Johnson City;

H. R. 5465. An act to amend and supplement section 2 of the act approved August 30, 1935, relating to the construction and financing of toll bridges over the Delaware River by the Delaware River Joint Toll Bridge Commission of the Commonwealth of Pennsylvania and the State of New Jersey;

H. R. 6481. An act making appropriations for Government corporations and independent executive agencies for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6527. An act to provide assistance to certain local school agencies overburdened with war-incurred or postwar national-defense-incurred enrollments;

H. R. 6561. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948;

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6801. An act making appropriations for foreign aid, and for other purposes;

H. R. 6828. An act making supplemental appropriations for the Executive Office and sundry independent executive bureaus, boards, commissions, and offices for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6916. An act to provide for permanent postal rates and to provide pay increases for Government employees;

H. R. 6963. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1948, and for other purposes;

H. R. 6906. An act to permit refund or credit to brewers of taxes paid on beer lost in bottling operations;

H. J. Res. 190. Joint resolution authorizing the printing and binding of Cannon's Procedure in the House of Representatives and providing that the same shall be subject to copyright by the author;

H. J. Res. 305. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer U. S. Cavalry) of the Spanish-American War;

H. J. Res. 327. Joint resolution to authorize the issuance of a special series of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America; and

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

**The SPEAKER, pursuant to the provisions of House Concurrent Resolution 219, Eightieth Congress, announced his signature to enrolled bills and joint resolutions of the Senate as follows:**

On June 22, 1948:

S. 418. An act to provide for water-pollution-control activities in the Public Health Service of the Federal Security Agency and in the Federal Works Agency, and for other purposes;

S. 596. An act to provide that the rates of compensation for disabilities incurred in active military or naval service other than in a period of war service shall be equal to 80 percent of the rates payable for similar disabilities incurred during active service in time of war;

S. 1243. An act to provide for the payment of revenues from certain lands into the tribal funds of the Confederated Tribes of the Warm Springs Reservation of Oregon, and for other purposes;

S. 1269. An act to create a commission to hear and determine the claims of certain motor carriers;

S. 1322. An act to provide a Federal charter for the Commodity Credit Corporation;

S. 1693. An act to confer jurisdiction on the State of New York with respect to offenses committed on Indian reservations within such State;

S. 1715. An act for the relief of Archie Hamilton and Delbert Hamilton;

S. 1717. An act for the relief of the estate of William R. Stigall, deceased;

S. 1969. An act to amend the Philippine Rehabilitation Act of 1946 in connection with the training of Filipinos as provided for in title III;

S. 2217. An act conferring jurisdiction upon the Court of Claims of the United States to hear, determine, and render judgment upon the joint claims of Ellen Mason Co., Inc.; Walsh Construction Co.; and Atkinson-Kier Co.;

S. 2242. An act to authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other purposes;

S. 2263. An act to provide for an air parcel-post service, and for other purposes;

S. 2271. An act validating certain conveyances of the Oregon Short Line Railroad Co. and the Union Pacific Railroad Co. and waiving, relinquishing, and disclaiming all title and all right of reverter and forfeiture of the United States of America to the lands described in said conveyances;

S. 2376. An act to provide a revolving fund for the purchase of agricultural commodities and raw materials to be processed in occupied areas and sold;

S. 2440. An act for the relief of Charles Duncan Mointrath;

S. 2554. An act to promote the common defense by providing for the retention and maintenance of a national reserve of industrial productive capacity, and for other purposes;

S. 2621. An act authorizing the extension of the functions and duties of Federal Prison Industries, Inc., to military disciplinary barracks;

S. 2655. An act to provide for the common defense by increasing the strength of the armed forces of the United States, including the Reserve components thereof, and for other purposes;

S. 2678. An act to authorize the Secretary of the Interior to convey a certain parcel of land in St. Louis County, Minn., to the University of Minnesota;

S. 2682. An act to terminate the retirement system of the Office of the Comptroller of the Currency, and to transfer that retirement fund to the Civil Service Retirement and Disability Fund;

S. 2698. An act to authorize the transfer of horses and equipment owned by the United States Army to the New Mexico Military Institution, a State institution, and for other purposes;

S. 2706. An act to reimburse the James & Phelps Construction Co.;

S. 2709. An act for the relief of Stefan Magura and Michal Magura;

S. 2730. An act to include as allowable service under the act of July 6, 1945, service performed in the military forces and on war transfer by employees in the field service of the Post Office Department;

S. 2743. An act providing for the more expeditious determination of certain claims filed by the Indians;

S. 2747. An act to amend the Canal Zone Code for the purpose of incorporating the Panama Railroad Company;

S. 2761. An act to provide assistance in the recruitment and distribution of farm labor for the increased production, harvesting, and preparation for market of agricultural commodities to meet domestic needs and foreign commitment;

S. 2794. An act to authorize the Administrator of Veterans' Affairs to prescribe the rates of pay for certain positions at field installations;

S. 2830. An act to extend for 2 years the authority to provide for the maintenance of a domestic tin-smelting industry;

S. 2949. An act to authorize the Administrator of Veterans' Affairs to convey a certain tract of land in the State of Arkansas to Washington County, Ark.;

S. 2961. An act to assist by grants-in-aid the Republic of the Philippines in providing medical care and treatment for certain veterans;

S. J. Res. 177. Joint resolution providing for participation by the Government of the United States in the Pan American Railway Congress, and authorizing an appropriation therefor; and

S. J. Res. 219. Joint resolution to continue until March 1, 1949, the authority of the United States Maritime Commission to make provision for certain ocean transportation service to, from, and within Alaska.

And on June 23, 1948, enrolled bills of the Senate as follows:

S. 165. An act for the relief of Dora E. Snyder;

S. 2790. An act to amend the Servicemen's Readjustment Act of 1944, as amended, and for other purposes; and

S. 2277. An act to amend the Reconstruction Finance Corporation Act, as amended.

**BILLS AND JOINT RESOLUTIONS PRESENTED TO THE PRESIDENT AFTER ADJOURNMENT**

Mr. LeCOMPTE, from the Committee on House Administration, reported that that committee did on the following dates present to the President, for his approval, bills and joint resolutions of the House of the following titles:

On June 21, 1948:

H. R. 371. An act for the relief of Jennora C. Thomas;

H. R. 564. An act for the relief of Sarah Lee Cregg;

H. R. 700. An act for the relief of Anthony Arancic;

H. R. 763. An act for the relief of Leon Nikolaovich Vokhes;

H. R. 854. An act for the relief of Adney W. Gray;

H. R. 811. An act for the relief of Kam Forg Chun, Mr. and Mrs. Joss Diaz, Joseph de Scuza, Mr. and Mrs. Kenneth Ayres, and Jose Odrende;

H. R. 922. An act for the relief of Hiro Higa and Kana Higa;

H. R. 915. An act to confer jurisdiction upon the District Court of the United States for the Territory of Hawaii to hear, determine, and render judgment on the claims of the executors and trustees of the estate of L. L. McCandless, deceased, as their interests may appear, against the United States of America;

H. R. 1078. An act for the relief of Chester O. Olson;

H. R. 1409. An act for the relief of Frantisek Jiri Pavlik or Georg Pavlik;

H. R. 1488. An act for the relief of the United States Radiator Corp., at Detroit, Mich.;

H. R. 1642. An act for the relief of Miss Rosella M. Kosternbader;

H. R. 1730. An act for the relief of James D. Sigler and Frederick P. Vogrinand III;

H. R. 1732. An act for the relief of G. C. Badrick;

H. R. 1734. An act for the relief of Gabel Construction Co.;

H. R. 1779. For the relief of the Winona Machine & Foundry Co., a corporation of Winona, Minn.;

H. R. 1856. An act for the relief of the Cannon Valley Milling Co.;

H. R. 1936. An act for the relief of the legal guardian of Robert Lee Therazit, a minor;

H. R. 1930. An act for the relief of the Growers Fertilizer Co., a Florida corporation;

H. R. 2094. An act to amend section 11 of the act approved June 5, 1942 (56 Stat. 317), relating to Mammoth Cave National Park in the State of Kentucky, and for other purposes;

H. R. 2192. An act for relief of the Mammon Construction Co.;

H. R. 2293. An act for the relief of Robert E. Carlson;

H. R. 2352. An act to provide for sale to the Crow tribe of interests in the estates of deceased Crow Indian allottees, and to provide for the sale of certain lands to the Board of County Commissioners of Comanche County, Okla., and for other purposes;

H. R. 2372. An act for the relief of George Cleve Williams;

H. R. 2395. An act for the relief of the Cypress Creek drainage district of the State of Arkansas;

H. R. 2421. An act for the relief of the estate of David Jefferson Janow, deceased;

H. R. 2459. An act for the relief of James W. Adkins and Mary Clark Adkins;

H. R. 2554. An act for the relief of William R. Ramsey;

H. R. 2582. An act for the relief of Thomas A. Henley;

H. R. 2686. An act for the relief of Otto Kraus, receiver of the Neafie and Levy Ship & Engine Building Co.;

H. R. 2729. An act for the relief of the legal guardian of Rose Mary Ammirato, a minor;

H. R. 2732. An act for the relief of Dennis Stanton;

H. R. 2734. An act for the relief of Joseph M. Henry;

H. R. 2728. An act to amend the act approved May 18, 1928 (45 Stat. 602), as amended, to revise the roll of the Indians of California provided therein;

H. R. 2839. An act for the relief of Aubrey F. Houston;

H. R. 2919. An act for the relief of the Sumner County Colored Fair Association;

H. R. 3062. An act for the relief of the estate of Rudolph Maximilian Goerp, Jr.;

H. R. 3219. An act to authorize an emergency fund for the Bureau of Reclamation to assure the continuous operation of its irrigation and power systems;

H. R. 3381. An act for the relief of Capt. Carroll C. Garretson;

H. R. 3427. An act for the relief of Mrs. Mary H. Overall and Thomas I. Baker;

H. R. 3459. An act for the relief of Petrol Corp.;

H. R. 3566. An act to amend subsection (c) of section 19 of the Immigration Act of 1917, as amended, and for other purposes;

H. R. 3725. An act to authorize the Secretary of the Army to sell and convey to Okaloosa County, State of Florida, all the right title, and interest of the United States in and to a portion of Santa Rosa Island, Fla., and for other purposes;

H. R. 3937. An act for the relief of William C. Perco;

H. R. 3999. An act to authorize the Attorney General to adjudicate certain claims resulting from evacuation of certain persons of Japanese ancestry under military orders;

H. R. 4047. An act for the relief of Edmund Hampler;

H. R. 4071. An act to amend sections 301 (k) and 304 (a) of the Federal Food, Drug, and Cosmetic Act, as amended;

H. R. 4162. An act for the relief of Charles M. Davis;

H. R. 4199. An act for the relief of George Hantotis;

H. R. 4272. An act to provide for the procurement and supply of Government headstones or markers for unmarked graves of members of the armed forces dying in the service or after honorable discharge therefrom, and other persons, and for other purposes;

H. R. 4339. An act to authorize the Secretary of State to perform certain consular-type functions within the United States and its Territories and possessions;

H. R. 4367. An act authorizing the Hidalgo Bridge Co., its heirs, legal representatives, and assigns, to construct, maintain, and operate a railroad toll bridge across the Rio Grande, at or near Hidalgo, Tex.;

H. R. 4435. An act to amend the Civil Aeronautics Act of 1938 by redefining certain powers of the Administrator, by authorizing delegation of certain powers by the Civil Aeronautics Board to the Administrator, and for other purposes;

H. R. 4441. An act for the relief of the Williams J. Burns International Detective Agency;

H. R. 4492. An act for the relief of Douglas L. Craig;

H. R. 4482. An act authorizing the conveyance of certain lands in Park County, Wyo., to the State of Wyoming;

H. R. 4516. An act for the relief of the Moore Dry Dock Co., of Oakland, Calif.;

H. R. 4518. An act for the relief of Gerald S. Furman;

H. R. 4567. An act for the relief of Mrs. Harry A. Light (formerly Mrs. Elsie Purvey);

H. R. 4590. An act for the relief of Mrs. Loraine Thomson;

H. R. 4635. An act to amend section 11 of an act entitled "An act to regulate barbers in the District of Columbia, and for other purposes";

H. R. 4644. An act for the relief of E. Brevard Walker, trading as E. B. Walker Lumber Co.;

H. R. 4660. An act to amend the act of July 30, 1947, permitting vessels of Canadian registry to transport certain merchandise between Hyder, Alaska, and points in the continental United States;

H. R. 4816. An act to amend section 624 of the Public Health Service Act so as to provide a minimum allotment of $180,000 to each State for the construction of hospitals;

H. R. 4856. An act to delay the liquidation of mineral interests reserved to the United States as required by the Farmers' Home Administration Act of 1946, and for other purposes;

H. R. 4881. An act for the relief of Dimitri Petru;

H. R. 4962. An act to provide pensions for certain widows of veterans of the Spanish-American War, including the Boxer Rebellion and the Philippine Insurrection;

H. R. 5053. An act to provide for the establishment of the Independence National Historical Park, and for other purposes;

H. R. 5232. An act to extend the time for commencing the construction of a toll bridge across the Rio Grande at or near Rio Grande City, Tex.;

H. R. 5355. An act authorizing a per capita payment of $60 each to the members of the Red Lake Band of Chippewa Indians from the proceeds of the sale of timber and lumber on the Red Lake Reservation;

H. R. 5502. An act to amend the Veterans' Preference Act of 1944 to extend the benefits of such act to certain mothers of veterans;

H. R. 5710. An act to amend the act entitled "An act to expedite the provision of housing in connection with national defense, and for other purposes," approved October 14, 1940, as amended;

H. R. 5716. An act to record the lawful admission to the United States for permanent residence of Patricia Schwartz and Beatrice Schwartz;

H. R. 5754. An act to authorize the Administrator of Veterans' Affairs to convey to the city of Cheyenne, Wyo., for public-park and golf-course purposes, certain land situated within the boundaries of the Veterans' Administration center at Cheyenne, Wyo.;

H. R. 5756. An act to provide for the extension and improvement of post-office facilities at Los Angeles, Calif., and for other purposes;

H. R. 5681. An act to direct the Secretary of Agriculture to convey certain land to the State of Oklahoma;

H. R. 5686. An act to amend section 332 (a) of the Nationality Act of 1940;

H. R. 5868. An act to amend and supplement the Federal-Aid Road Act approved July 11, 1916 (39 Stat. 355), as amended and supplemented, to authorize appropriations for continuing the construction of highways, and for other purposes;

H. R. 6039. An act to authorize the permanent appointment in the Regular Army of one officer in the grade of general and to authorize the permanent appointment in the Regular Air Force of one officer in the grade of general, and for other purposes;

H. R. 6089. An act to amend the act of July 6, 1945 (Public Law 134);

H. R. 6090. An act authorizing the Secretary of the Interior to issue patents for lands held under color of title;

H. R. 6086. An act to provide for making available the Government-owned alcohol plants at Muscatine, Iowa; Kansas City, Mo.; and Omaha, Nebr., for the production of products from agricultural commodities in the furtherance of authorized programs of

the Department of Agriculture, and for other purposes;

H. R. 6136. An act to amend the Trading With the Enemy Act;

H. R. 6162. An act to make imported beer and other similar imported fermented liquors subject to the internal-revenue tax on fermented liquor;

H. R. 6184. An act for the relief of the East Coast Ship & Yacht Corp., of Noank, Conn.;

H. R. 6188. An act for reimbursement of the Havaiian Dredging Co., Ltd.;

H. R. 6224. An act for the relief of John Watkins;

H. R. 6283 An act to amend the act of June 19, 1934, providing for the establishment of the National Archives, so as to provide that certain fees collected by the Archivist shall be available for disbursement in the interest of the National Archives;

H. R. 6318. An act to amend section 2 of the Standard Time Act of March 19, 1918, as amended, relating to the placing of a certain portion of the State of Idaho in the third time zone;

H. R. 6327. An act to provide for the issuance of a license to practice chiropractic in the District of Columbia to Samuel O. Burdette;

H. R. 6439. An act to reimburse the Luther Bros. Construction Co.;

H. R. 6452. An act to amend section 7 of the act entitled "An act making appropriations to provide for the government of the District of Columbia for the fiscal year ending June 30, 1902, and for other purposes," approved July 1, 1902, as amended;

H. R. 6454. An act to amend the Civil Service Retirement Act of May 29, 1930, as amended, to provide annuities for certain Federal employees who have rendered at least 20 years' service in the investigation, apprehension, or detention of persons suspected or convicted of offenses against the United States;

H. R. 6567. An act to amend subsection 602 (f) of the National Service Life Insurance Act of 1940, as amended, to authorize renewal of level premium term insurance for a second 5-year period, and for other purposes;

H. R. 6596. To amend section 2 of the act entitled "An act to provide for insanity proceedings in the District of Columbia," approved August 9, 1889;

H. R. 6639. An act to authorize an exchange of lands and interests therein between the city of San Diego, Calif., and the United States, and for other purposes;

H. R. 6684. An act to authorize the issuance of a special series of stamps in honor and commemoration of Moina Michael, originator of Flanders Field memorial poppy idea;

H. R. 6696. An act to authorize the course of instruction at the United States Naval Academy to be given to not exceeding four persons at a time from the Republic of the Philippines;

H. R. 6707. An act to amend the Office Personnel Act of 1947 (Public Law 381), 80th Cong.), and for other purposes;

H. R. 6818. An act to amend title X of the Social Security Act (relating to aid to the blind) so as to provide greater encouragement to blind recipients thereunder to become self-supporting;

H. R. 6822. An act to continue the authorization for the appointment of two additional Assistant Secretaries of State;

H. R. 6680. An act to amend the Federal Airport Act;

H. R. 6652. An act to codify and enact into law title 3 of the United States Code, entitled "The President";

H. R. 6419. An act authorizing the construction, repair, and preservation of certain public works on rivers and harbors for navigation, flood control, and for other purposes;

H. R. 6705. An act making appropriations for the Department of the Interior for the

fiscal year ending June 30, 1949, and for other purposes;

H. R. 6712. An act making appropriations for the Department of the Navy and the naval service for the fiscal year ending June 30, 1949, and for other purposes;

H. J. Res. 287. Joint resolution to increase the sum authorized to be appropriated for the presentation to Eire of a statute of Commodore John Barry;

H. J. Res. 431. Joint resolution to authorize and direct the Commissioners of the District of Columbia to investigate and study certain matters relating to parking lots in the District of Columbia;

H. J. Res. 577. Joint resolution correcting act establishing the Theodore Roosevelt National Memorial Park, as amended;

H. J. Res. 429. Joint resolution providing an extension of time for claiming credit or refund with respect to war losses; and

H. J. Res. 429. Joint resolution relating to the marital deduction, for estate-tax purposes, in the case of life insurance or annuity payments.

On June 23, 1948:

H. R. 333. An act for the relief of sundry residents of Alaska, veterans of World War II;

H. R. 3039. An act for the relief of the estate of Vito Abarno;

H. R. 3269. An act for the relief of Frank A. Constable;

H. R. 3196. An act to amend section 5, Home Owners' Loan Act of 1933, and for other purposes;

H. R. 3190. An act to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure";

H. R. 3415. An act to provide for the establishment of the Pensacola National Monument;

H. R. 4044. An act to amend the Trading With the Enemy Act, as amended, to create a commission to make an inquiry and report with respect to war claims, and to provide for relief of internees in certain cases;

H. R. 4917. An act to provide further benefits for certain employees of the United States who are veterans of World War II and lost opportunity for probational civil-service appointments by reason of their service in the armed forces of the United States, and who, due to service-connected disabilities, are unable to perform the duties of the positions for which examinations were taken;

H. R. 5416. An act to promote the interests of the Fort Hall Indian irrigation project, Idaho, and for other purposes;

H. R. 5892. An act to authorize the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force to donate excess and surplus property for educational purposes;

H. R. 5904. An act to continue the Virgin Islands Company as an agency of the United States;

H. R. 6249. An act to authorize the Secretary of Agriculture to stabilize prices of agricultural commodities; to amend section 22 of the Agricultural Adjustment Act, reenacted by the Agricultural Marketing Agreement Act of 1937; and for other purposes;

H. R. 6402. An act to provide for extension of the terms of office of the present members of the Atomic Energy Commission;

H. R. 6448. An act to authorize the Administrator of Veterans' Affairs to convey certain land in Tennessee to the city of Johnson City;

H. R. 6465. An act to amend and supplement section 2 of the act approved August 30, 1935, relating to the construction and financing of toll bridges over the Delaware River by the Delaware River Joint Toll Bridge Commission of the Commonwealth of Pennsylvania and the State of New Jersey;

H. R. 6481. An act making appropriations for Government corporations and independent executive agencies for the fiscal year ending June 30, 1948 and for other purposes;

H. R. 6527. An act to provide assistance to certain local school agencies overburdened with war-incurred, or postwar national-defense-incurred enrollments;

H. R. 6091. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948;

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6801. An act making appropriations for foreign aid, and for other purposes;

H. R. 5686. An act to permit refund or credit to brewers of taxes paid on beer lost in bottling operations;

H. R. 6829. An act making supplemental appropriations for the Executive Office and sundry independent executive bureaus, boards, commissions, and offices, for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6916. An act to provide for permanent postal rates and to provide pay increases for Government employees;

H. R. 6935. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1948, and for other purposes;

H. J. Res. 190. Joint resolution authorizing the printing and binding of Cannon's Procedure in the House of Representatives and providing that the same shall be subject to copyright by the author;

H. J. Res. 305. Joint resolution authorizing the issuance of a special series of stamps commemorative of the fiftieth anniversary of the organization of the Rough Riders (First Volunteer United States Cavalry) of the Spanish-American War;

H. J. Res. 327. Joint resolution to authorize the issuance of a special series of stamps commemorative of Juliette Low, founder and organizer of Girl Scouting in the United States of America; and

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

## APPROVAL OF BILLS AND JOINT RESOLUTIONS AFTER ADJOURNMENT

A message from the President of the United States, received by the Clerk of the House, reported that on the following dates the President had approved and signed bills and joint resolutions of the House of the following titles:

On June 19, 1948:

H. R. 228. An act for the extension of admiralty jurisdiction;

H. R. 636. An act for the relief of W. A. Knox, W. L. M. Knox, and Frank C. Morris, operating as Knox Lumber Sales Co., of Thomson, Ga.;

H. R. 1222. An act for the relief of Mr. and Mrs. M. C. Lewis;

H. R. 1786. An act for the relief of Elsie L. Rosenow;

H. R. 1781. An act for the relief of Annie L. Taylor, and William Benjamin Taylor;

H. R. 1855. An act for the relief of Elbert Spivey;

H. R. 2042. An act for the relief of Mrs. Carrie M. Lee;

H. R. 2273. An act to amend the act of May 29, 1944, providing for the recognition of the services of the civilian officials and employees, citizens of the United States, engaged in and about the construction of the Panama Canal;

H. R. 2479. An act for the relief of Hardy H. Bryant;

H. R. 2694. An act for the relief of sundry fruit growers of the State of Delaware who sustained losses as the result of the fumigation of apples with methyl bromide in order to comply with the requirements of the

United States Department of Agriculture relating to the Japanese beetle quarantine:

H. R. 2731. An act to amend the act of March 10, 1934, entitled "an act to promote the conservation of wildlife, fish, and game, and for other purposes," as amended by the act approved August 14, 1946;

H. R. 2816. An act for the relief of Walter Vandski and Esther S. Vandski, Albastrada Adams, Mrs. Lucile L. Brice Tasbet, Mrs. Gladys Webb and John E. Webb;

H. R. 2822. An act for the relief of Charles B. Paschenkowe;

H. R. 2807. An act for the relief of Ernest F. Lathem;

H. R. 3114. An act for the relief of the estate of John Detman;

H. R. 3159. An act for the relief of Mrs. Mae B. Fitzgerald;

H. R. 3260. An act for the relief of Clarence S. Osika;

H. R. 3352. An act for the relief of Emeline Laique;

H. R. 3402. An act to extend the authorized maturity date of certain bridge revenue bonds to be issued in connection with the refunding of the acquisition cost of the bridge across the Missouri River at Rulo, Nebr.;

H. R. 3433. An act to amend the act entitled "An act to classify the officers and members of the Fire Department of the District of Columbia, and for other purposes," approved June 20, 1906, and for other purposes;

H. R. 3560. An act for the relief of Lester I. Elder and Mrs. Esther E. Elder;

H. R. 3641. An act for the relief of Mrs. Helen K. Scofield;

H. R. 3882. An act to authorize and direct the Secretary of the Army to transfer to the Territory of Alaska the title to the Army vessel Hygiene;

H. R. 3915. An act to increase the size of the Arkansas-Mississippi Bridge Commission, and for other purposes;

H. R. 4294. An act to authorize assistance to certain veterans in acquiring specially adapted housing which they require by reason of the nature of their service-connected disabilities;

H. R. 4455. An act to authorize the conveyance by the Secretary of the Interior to the Richmond, Fredericksburg & Potomac Railroad Co., of certain lands lying in the bed of Roaches Run, Arlington County, Va., and for other purposes;

H. R. 4683. An act to confer jurisdiction upon the District Court of the United States for the Middle District of Georgia to hear, determine, and render judgment on the claims of the owners of the fee-simple titles and leasehold interests in land leased to the United States by the city of Macon, Ga., for use as a part of the site of Camp Wheeler, Ga.;

H. R. 4686. An act to enlarge the Gettysburg National Cemetery;

H. R. 4839. An act for the relief of Cooperative for American Remittances to Europe, Inc.;

H. R. 4876. An act to transfer Pelican Rock in Crescent City Harbor, Del Norte County, Calif., to that county;

H. R. 5065. An act to amend section 1700 (a) (1) of the Internal Revenue Code so as to exempt hospitalized servicemen and veterans from the admissions tax when admitted free;

H. R. 5112. An act to amend the Civil Service Retirement Act of May 29, 1930, as amended;

H. R. 5147. An act authorizing the Secretary of the Interior to issue a patent in fee to Florence A. W. Arens;

H. R. 5176. An act to authorize Commodity Credit Corporation to make adjustment payments to certain producers of raw cane sugar in Puerto Rico and Hawaii;

H. R. 5344. An act to prevent retroactive checkage of retired pay in the cases of certain enlisted men and warrant officers ap-

pointed or advanced to commissioned rank or grade under the act of July 24, 1941 (55 Stat. 603), as amended, and for other purposes;

H. R. 5590. An act for the relief of W. W. DeLoach;

H. R. 5655. An act confirming the claim of Juan Berrar to certain lands in the State of Louisiana, county of Attakapas, now parish of St. Martin, said claim being listed as No. B-690 in the report of the commissioners dated June 1811, so as to include section 2, township 11 south, range 6 east, Louisiana meridian, containing one hundred and thirty-nine and sixty-two one-hundredths acres;

H. R. 5756. An act to amend further the Armed Forces Leave Act of 1946, as amended, to permit certain payments to be made to surviving brothers and sisters, and nieces and nephews, of deceased members and former members of the armed forces;

H. R. 5808. An act to continue a system of nurseries and nursery schools for the day care of school-age and under-school-age children of the District of Columbia;

H. R. 5826. An act to aid in the development of improved prosthetic appliances, and for other purposes;

H. R. 5863. An act making appropriations for the Department of Agriculture (exclusive of the Farm Credit Administration) for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 5869. An act to extend the provisions of title VI of the Public Health Service Act to the Virgin Islands;

H. R. 5881. An act to repeal an act approved August 24, 1894, entitled "An act to authorize the purchasers of the property and franchises of the Choctaw Coal & Railway Co. to organize a corporation, and to confer upon the same all the powers, privileges, and franchises vested in that company," and all acts amendatory thereof and supplemental thereto;

H. R. 5957. An act to provide for the establishment of the Fort Vancouver National Monument, in the State of Washington, to include the site of the old Hudson's Bay Co. stockade, and for other purposes;

H. R. 5963. An act to amend section 202 of title II of the Army-Navy Medical Services Corps Act of 1947, as amended, to remove the present restriction on appointments to the Navy Medical Service Corps;

H. R. 6072. An act to provide for the acquisition of lands for grazing and related purposes;

H. R. 6110. An act to permit the landing of halibut by Canadian fishing vessels to Alaskan ports, and for other purposes;

H. R. 6112. An act to transfer certain land in Langlade County, Wis., to the United States Forest Service;

H. R. 6114. An act to amend title I of the Bankhead-Jones Farm Tenant Act, as amended, so as to increase the interest rate on title I loans, to provide for the redemption of nondelinquent insured mortgages, to authorize advances for the preservation and protection of the insured loan security, and for other purposes;

H. R. 6229. An act to authorize the extension of leases of certain land in the Territory of Hawaii;

H. R. 6394. An act to authorize the establishment of internships in the Department of Medicine and Surgery of the Veterans' Administration;

H. R. 6426. An act to authorize the issuance of a land patent to certain public lands, situated in the county of Kauai, Territory of Hawaii, for school purposes;

H. R. 6399. An act to amend the provisions of title VI of the Public Health Service Act relating to standards of maintenance and operation for hospitals receiving aid under that title;

H. R. 6430. An act making appropriations for the government of the District of Columbia and other activities chargeable in

whole or in part against the revenues of such District for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6489. An act to provide for the temporary free importation of lead;

H. R. 6716. An act to authorize the Administrator of Veterans' Affairs to transfer a portion of the Veterans' Administration center at Los Angeles, Calif., to the State of California for the use of the University of California; and

H. R. 6758. An act making supplemental appropriations for the Treasury and Post Office Departments for the fiscal year ending June 30, 1949, and for other purposes.

On June 21, 1948:

H. R. 633. An act for the relief of Mrs. Myrtle Morse;

H. R. 6388. An act to provide for the issuance of a special postage stamp in commemoration of the dedication of the Palomar Mountain Observatory.

On June 22, 1948:

H. R. 929. An act for the relief of Ernest L. Godfrey;

H. R. 4964. An act to preserve seniority rights of 10-point preference eligibles in the postal service transferring from the position of letter carrier to clerk or from the position of clerk to letter carrier;

H. R. 5071. An act to extend the public land laws of the United States to certain lands, consisting of islands, situated in the Red River in Oklahoma; and

H. R. 5272. An act relating to the compensation of certain railway postal clerks;

H. R. 5822. An act to establish the Saratoga National Historical Park, in the State of New York, from the lands that have been acquired by the Federal Government for that purpose pursuant to the act of June 1, 1938 (52 Stat. 608), and for other purposes;

H. R. 6239. An act to provide for the suspension of annual assessment work on mining claims held by location in the Territory of Alaska;

H. R. 6240. An act to authorize the transfer of certain Federal lands within the Chopawamsic Park to the Secretary of the Navy, the addition of lands surplus to the Department of the Army to this park, the acquisition of additional lands needed to round out the boundaries of this park, to change the name of said park to Prince William Forest Park, and for other purposes; and

H. R. 6289. An act to provide for the voluntary admission and treatment of mental patients at St. Elizabeths Hospital.

On June 23, 1948:

H. R. 2566. An act requiring all mails consigned to an airport from a post office or branch, or from an airport to a post office or branch, within a radius of 35 miles of a city in which there has been established a Government-owned vehicle service to be delivered by Government-owned motor vehicles; and

H. R. 6766. An act to amend the Railroad Retirement Act of 1937, as amended, and the Railroad Unemployment Insurance Act, as amended, and for other purposes.

On June 24, 1948:

H. R. 239. An act to further perfect the consolidation of the Lighthouse Service with the Coast Guard;

H. R. 2867. An act to permit, subject to certain conditions, mining locations under the mining laws of the United States within that portion of the Harney National Forest, designated as a game sanctuary, and for other purposes;

H. R. 3889. An act to amend Veterans Regulation No. 1 (a), parts I and II, as amended, to establish a presumption of service connection for chronic and tropical diseases;

H. R. 4071. An act to amend sections 301 (k) and 304 (a) of the Federal Food, Drug, and Cosmetic Act, as amended;

H. R. 4047. An act for the relief of Edmund Huppler;

Case 2:10-cr-00520-JCM -RJJ    Document 40-3    Filed 07/12/12    Page 21 of 74

H. R. 4586. An act for the relief of the Moore Dry Dock Co., of Oakland, Calif.;

H. R. 4588. An act to provide pensions for certain widows of veterans of the Spanish-American War, including the Boxer Rebellion and the Philippine Insurrection;

H. R. 3693. An act to authorize the attendance of the United States Marine Corps Band at the national assembly of the Marine Corps League to be held at Milwaukee, Wis., September 22 to September 25, inclusive, 1948;

H. R. 3825. An act to amend the Tariff Act of 1930 to provide for the free importation of limestone to be used in the manufacture of fertilizer;

H. R. 3886. An act to provide for the addition of certain surplus Government lands to the Chickamauga and Chattanooga National Military Park, in the States of Georgia and Tennessee, and for other purposes;

H. R. 6218. An act to amend section 2 of the Standard Time Act of March 19, 1918, as amended, relating to the placing of a certain portion of the State of Idaho in the third time zone;

H. R. 6771. An act making appropriations for military functions administered by the National Military Establishment for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 6822. An act to continue the authorization for the appointment of two additional Assistant Secretaries of State;

H. R. 6188. An act to confer jurisdiction over the Fort Des Moines Veterans' Village upon the State of Iowa;

H. R. 6696. An act to authorize the course of instruction at the United States Naval Academy to be given to not exceeding four persons at a time from the Republic of the Philippines;

H. R. 6736. An act to amend the Public Health Service Act to provide for, foster, and aid in coordinating research relating to dental diseases and conditions, and for other purposes; and

H. R. 6772. An act making appropriations for the Department of the Navy and the naval service for the fiscal year ending June 30, 1949, and for other purposes.

On June 25, 1948:

H. R. 566. An act for the relief of Sarah Lee Cregg;

H. R. 700. An act for the relief of Anthony Arancio;

H. R. 912. An act for the relief of Fitro Higa and Kana Higa;

H. R. 945. An act relating to the payment of fees, expenses, and costs of jurors;

H. R. 1409. An act for the relief of Pranislaus Jiri Pavlik or Georg Pavlik;

H. R. 1642. An act for the relief of Miss Roselia M. Kostambader;

H. R. 2009. An act for the relief of the estate of Vito Abarno;

H. R. 2193. An act for the relief of Robert E. Graham;

H. R. 2431. An act for the relief of the estate of David Jefferson Janow, deceased;

H. R. 2734. An act for the relief of Joseph M. Harry;

H. R. 2766. An act to amend section 2 of an act, entitled, "An act to provide for the establishment of a probation system in the United States courts, except in the District of Columbia," approved March 4, 1925, as amended (18 U. S. C. 725);

H. R. 3130. An act to revise, codify, and enact into positive law, title 18 of the United States Code, entitled "Crimes and Criminal Procedure";

H. R. 3214. An act to revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary";

H. R. 3497. An act for the relief of Mrs. Mary H. Overall and Thomas I. Baker;

H. R. 6194. An act to amend the Public Health Service Act to permit certain expenditures, and for other purposes;

H. R. 4298. An act for the relief of Henry [...]

H. R. 4452. An act for the relief of Douglas L. Craig;

H. R. 4506. An act for the relief of William Kelly;

H. R. 4587. An act for the relief of Mrs. Harry A. Light (formerly Mrs. Elsie Purvey);

H. R. 4588. An act for the relief of Gerald S. Forman;

H. R. 4659. An act to ratify and confirm amendments to certain contracts for the furnishing of petroleum products to the United States;

H. R. 4881. An act for the relief of Dimitri Petrou;

H. R. 5596. An act making appropriations for civil functions administered by the Department of the Army for the fiscal year ending June 30, 1949, and for other purposes;

H. R. 5895. An act to amend section 332 (a) of the Nationality Act of 1940;

H. R. 6293. An act to amend the act of June 19, 1934, providing for the establishment of the National Archives, so as to provide that certain fees collected by the Archivist shall be available for disbursement in the interest of the National Archives;

H. R. 6327. An act to provide for the issuance of a license to practice chiropractic in the District of Columbia to Samuel O. Burdette;

H. R. 6412. An act to codify and enact into law title 3 of the United States Code, entitled "The President";

H. R. 6641. An act to amend the Civil Service Retirement Act of May 29, 1930, to provide annuities for certain surviving spouses of annuitants retired prior to April 1, 1948;

H. R. 6835. An act making appropriations to supply deficiencies in certain appropriations for the fiscal year ending June 30, 1948, and for other purposes;

H. J. Res. 287. Joint resolution to increase the sums authorized to be appropriated for the presentation to Eire of a statue of Commodore John Barry; and

H. J. Res. 433. Joint resolution permitting the free entry of certain articles imported to promote international good will, and for other purposes.

On June 26, 1948:

H. R. 2551. An act for the relief of William H. Ramsey;

H. R. 2732. An act for the relief of Dennis Stanton;

H. R. 3212. An act to authorize an emergency fund for the Bureau of Reclamation to assure the continuous operation of its irrigation and power systems;

H. R. 3937. An act for the relief of William C. Reese;

H. R. 6839. An act to authorize the permanent appointment in the Regular Army of one officer in the grade of general and to authorize the permanent appointment in the Regular Air Force of one officer in the grade of general, and for other purposes;

H. R. 6224. An act for the relief of John Watkins;

H. R. 6556. An act to extend the authority of the President under section 350 of the Tariff Act of 1930, as amended, and for other purposes; and

H. J. Res. 390. Joint resolution authorizing the printing and binding of Cannon's Procedure in the House of Representatives and providing that the same shall be subject to copyright by the author.

On June 28, 1948:

H. R. 271. An act for the relief of Jenness C. Thomas;

H. R. 1076. An act for the relief of Chester O. Glenn;

H. R. 1236. An act for the relief of James D. Sigler and Frederick F. Vogelsang III;

H. R. 3399. An act for the relief of Frank A. Constable;

H. R. 4336. An act to authorize the Secretary of State to perform certain consular-type functions within the United States and its Territories and possessions;

H. R. 4567. An act authorizing the Hidalgo Bridge Co., its heirs, legal representatives, and assigns, to construct, maintain, and operate a railroad toll bridge across the Rio Grande, at or near Hidalgo, Tex.;

H. R. 4635. An act to amend section 11 of an act entitled "An act to regulate barbers in the District of Columbia, and for other purposes";

H. R. 4690. An act to amend the act of July 30, 1947, permitting vessels of Canadian registry to transport certain merchandise between Hyder, Alaska, and points in the continental United States;

H. R. 4917. An act to provide further benefits for certain employees of the United States who are veterans of World War II and lost opportunity for probational civil-service appointments by reason of their service in the armed forces of the United States, and who, due to service-connected disabilities, are unable to perform the duties of the positions for which examinations were taken;

H. R. 5053. An act to provide for the establishment of the Independence National Historical Park, and for other purposes;

H. R. 5710. An act to amend the act entitled "An act to expedite the provision of housing in connection with national defense, and for other purposes," approved October 14, 1940, as amended;

H. R. 5716. An act to rescind the lawful admission to the United States for permanent residence of Patricia Schwartz and Beatrice Schwartz;

H. R. 6448. An act to authorize the Administrator of Veterans' Affairs to convey certain land in Tennessee to the city of Johnson City;

H. R. 5797. An act to amend the Officer Personnel Act of 1947 (Public Law 381, 80th Cong.), and for other purposes; and

H. R. 6891. An act making appropriations for foreign aid, and for other purposes.

On June 29, 1948:

H. R. 333. An act for the relief of sundry residents of Alaska, veterans of World War II;

H. R. 703. An act for the relief of Leon Nikolaivich Volkov;

H. R. 911. An act for the relief of Kam Fong Cham, Mr. and Mrs. Jose Dias, Joseph De Souza, Mr. and Mrs. Kenneth Ayres, and Jose Oznado;

H. R. 915. An act to confer jurisdiction upon the District Court of the United States for the Territory of Hawaii to hear, determine, and render judgment on the claims of the executors and trustees of the estate of L. L. McCandless, deceased, as their interests may appear, against the United States of America;

H. R. 1930. An act for the relief of the Growers Fertilizer Co., a Florida corporation;

H. R. 2239. An act to amend section 13 (a) of the Surplus Property Act of 1944, as amended;

H. R. 2372. An act for the relief of George Cleve Williams;

H. R. 2395. An act for the relief of the Cypress Creek Drainage District of the State of Arkansas;

H. R. 2744. An act to provide for the elimination of Regular Army and Regular Air Force officers and for the retirement of officers, warrant officers, and enlisted men of the Regular Army and the Regular Air Force, and to provide retirement benefits for members of the Reserve components of the Army of the United States, the Air Force of the United States, United States Navy and Marine Corps, and Coast Guard;

H. R. 2912. An act for the relief of the Sumner County Colored Fair Association;

H. R. 4103. An act for the relief of Charles M. Davis;

H. R. 4816. An act to amend section 624 of the Public Health Service Act so as to provide a minimum allotment of $100,000 to each State for the construction of hospitals;

H. R. 5734. An act to authorize the Administrator of Veterans' Affairs to convey to the city of Cheyenne Wyo. for public-park and [...]



**COPY**

Reproduced at the National Archives

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# 𝔗𝔬 𝔞𝔩𝔩 𝔱𝔬 𝔴𝔥𝔬𝔪 𝔱𝔥𝔢𝔰𝔢 𝔭𝔯𝔢𝔰𝔢𝔫𝔱𝔰 𝔰𝔥𝔞𝔩𝔩 𝔠𝔬𝔪𝔢. 𝔊𝔯𝔢𝔢𝔱𝔦𝔫𝔤:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and

correct copy of documents in his custody.



| SIGNATURE | | |
|---|---|---|
| NAME Richard H. Hunt | DATE 11/20/08 | |
| TITLE Director Center for Legislative Archives | | |
| NAME AND ADDRESS OF DEPOSITORY The National Archives Washington, D.C. 20408 | | |

NA FORM APR 85 1407-A

### LIMITATION OF TERM "PRODUCTS OF AMERICAN FISHERIES"

§ 6. Wherever, in the statutes of the United States or in the rulings, regulations, or interpretations of various administrative bureaus and agencies of the United States there appears or may appear the term "products of American fisheries" said term shall not include fresh or frozen fish fillets, fresh or frozen fish steaks, or fresh or frozen slices of fish substantially free of bone (including any of the foregoing divided into sections), produced in a foreign country or its territorial waters, in whole or in part with the use of the labor of persons who are not residents of the United States.

### CHAPTER 2—ACTS AND RESOLUTIONS; FORMALITIES OF ENACTMENT; REPEALS; SEALING OF INSTRUMENTS

§ 101. Enacting clause.
§ 102. Resolving clause.
§ 103. Enacting or resolving words after first section.
§ 104. Numbering of sections; single proposition.
§ 105. Title of appropriation Acts.
§ 106. Printing bills and joint resolutions.
§ 107. Parchment or paper for printing enrolled bills or resolutions.
§ 108. Repeal of repealing act.
§ 109. Repeal of statutes as affecting existing liabilities.
§ 110. Saving clause of Revised Statutes.
§ 111. Repeals as evidence of prior effectiveness.
§ 112. Statutes at Large; contents; admissibility in evidence.
§ 113. "Little and Brown's" edition of laws and treaties; admissibility in evidence.
§ 114. Sealing of instruments.

#### ENACTING CLAUSE

§ 101. The enacting clause of all Acts of Congress shall be in the following form: "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled."

#### RESOLVING CLAUSE

§ 102. The resolving clause of all joint resolutions shall be in the following form: "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled."

#### ENACTING OR RESOLVING WORDS AFTER FIRST SECTION

§ 103. No enacting or resolving words shall be used in any section of an Act or resolution of Congress except in the first.

#### NUMBERING OF SECTIONS; SINGLE PROPOSITION

§ 104. Each section shall be numbered, and shall contain, as nearly as may be, a single proposition of enactment.

#### TITLE OF APPROPRIATION ACTS

§ 105. The style and title of all Acts making appropriations for the support of Government shall be as follows: "An Act making appropriations (here insert the object) for the year ending June 30 (here insert the calendar year)."

#### PRINTING BILLS AND JOINT RESOLUTIONS

§ 106. Every bill or joint resolution in each House of Congress shall, when such bill or resolution passes either House, be printed, and such printed copy shall be called the engrossed bill or resolution

as the case may be.  Said engrossed bill or resolution shall be signed by the Clerk of the House or the Secretary of the Senate, and shall be sent to the other House, and in that form shall be dealt with by that House and its officers, and, if passed, returned signed by said Clerk or Secretary.  When such bill, or joint resolution shall have passed both Houses, it shall be printed and shall then be called the enrolled bill, or joint resolution, as the case may be, and shall be signed by the presiding officers of both Houses and sent to the President of the United States.  During the last six days of a session such engrossing and enrolling of bills and joint resolutions may be done otherwise than as above prescribed, upon the order of Congress by concurrent resolution.

#### PARCHMENT OR PAPER FOR PRINTING ENROLLED BILLS OR RESOLUTIONS

§ 107.  Enrolled bills and resolutions of either House of Congress shall be printed on parchment or paper of suitable quality as shall be determined by the Joint Committee on Printing.

#### REPEAL OF REPEALING ACT

§ 108.  Whenever an Act is repealed, which repealed a former Act, such former Act shall not thereby be revived, unless it shall be expressly so provided.

#### REPEAL OF STATUTES AS AFFECTING EXISTING LIABILITIES

§ 109.  The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.  The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

#### SAVING CLAUSE OF REVISED STATUTES

§ 110.  All acts of limitation, whether applicable to civil causes and proceedings, or to the prosecution of offenses, or for the recovery of penalties or forfeitures, embraced in the Revised Statutes and covered by the repeal contained therein, shall not be affected thereby, but all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising, or acts done or committed prior to said repeal, may be commenced and prosecuted within the same time as if said repeal had not been made.

#### REPEALS AS EVIDENCE OF PRIOR EFFECTIVENESS

§ 111.  No inference shall be raised by the enactment of the Act of March 3, 1933 (ch. 202, 47 Stat. 1431), that the sections of the Revised Statutes repealed by such Act were in force or effect at the time of such enactment: *Provided, however,* That any rights or liabilities existing under such repealed sections shall not be affected by their repeal.

*Post, p. 641.*

[CHAPTER 645]

## AN ACT

To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

June 25, 1948
[H. R. 3190]
[Public Law 772]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", is hereby revised, codified, and enacted into positive law, and may be cited as "Title 18, U. S. C., § ——", as follows:

Title 18, U. S. Code. Codification and enactment into positive law.

### TITLE 18—CRIMES AND CRIMINAL PROCEDURE

| Part | | Sec. | |
|------|--|------|--|
| I. | Crimes | 1 | *Infra.* |
| II. | Criminal Procedure | 3001 | *Post, p. 815.* |
| III. | Prisons and Prisoners | 4001 | *Post, p. 847.* |
| IV. | Correction of Youthful Offenders | 5001 | *Post, p. 858.* |

### Part I—Crimes

| Chapter | | Sec. |
|---------|--|------|
| 1. | General provisions | 1 |
| 3. | Animals, birds and fish | 41 |
| 5. | Arson | 81 |
| 7. | Assault | 111 |
| 9. | Bankruptcy | 151 |
| 11. | Bribery and graft | 201 |
| 13. | Civil rights | 241 |
| 15. | Claims and services in matters affecting government | 281 |
| 17. | Coins and currency | 331 |
| 19. | Conspiracy | 371 |
| 21. | Contempts constituting crimes | 401 |
| 23. | Contracts | 431 |
| 25. | Counterfeiting and forgery | 471 |
| 27. | Customs | 541 |
| 29. | Elections and political activities | 591 |
| 31. | Embezzlement and theft | 641 |
| 33. | Emblems, insignia, and names | 701 |
| 35. | Escape and rescue | 751 |
| 37. | Espionage and censorship | 791 |
| 39. | Explosives and combustibles | 831 |
| 41. | Extortion and threats | 871 |
| 43. | False personation | 911 |
| 45. | Foreign relations | 951 |
| 47. | Fraud and false statements | 1001 |
| 49. | Fugitives from justice | 1071 |
| 51. | Homicide | 1111 |
| 53. | Indians | 1151 |
| 55. | Kidnaping | 1201 |
| 57. | Labor | 1231 |
| 59. | Liquor traffic | 1261 |
| 61. | Lotteries | 1301 |
| 63. | Mail fraud | 1341 |
| 65. | Malicious mischief | 1361 |
| 67. | Military and Navy | 1381 |
| 69. | Nationality and citizenship | 1421 |
| 71. | Obscenity | 1461 |
| 73. | Obstruction of justice | 1501 |
| 75. | Passports and visas | 1541 |
| 77. | Peonage and slavery | 1581 |
| 79. | Perjury | 1621 |
| 81. | Piracy and privateering | 1651 |
| 83. | Postal service | 1691 |
| 85. | Prison-made goods | 1761 |
| 87. | Prisons | 1791 |
| 89. | Professions and occupations | 1821 |
| 91. | Public lands | 1851 |
| 93. | Public officers and employees | 1901 |
| 95. | Racketeering | 1951 |

684          PUBLIC LAWS—CH. 645—JUNE 25, 1948      [62 Stat.

Chapter                         Sec.
97. Railroads _____ 1991
99. Rape _____ 2031
101. Records and reports _____ 2071
103. Robbery and burglary _____ 2111
105. Sabotage _____ 2151
107. Seamen and stowaways _____ 2191
109. Searches and seizures _____ 2231
111. Shipping _____ 2271
113. Stolen property _____ 2311
115. Treason, sedition and subversive activities_____ 2381
117. White slave traffic_____ 2421

CHAPTER 1—GENERAL PROVISIONS

Sec.
1. Offenses classified.
2. Principals.
3. Accessory after the fact.
4. Misprision of felony.
5. United States defined.
6. Department and agency defined.
7. Special maritime and territorial jurisdiction of the United States defined.
8. Obligation or other security of the United States defined.
9. Vessel of the United States defined.
10. Interstate commerce and foreign commerce defined.
11. Foreign government defined.
12. Postal Service defined.
13. Laws of States adopted for areas within Federal jurisdiction.
14. Applicability to Canal Zone.

## § 1. OFFENSES CLASSIFIED

Notwithstanding any Act of Congress to the contrary:

(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

(2) Any other offense is a misdemeanor.

(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

## § 2. PRINCIPALS

(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.

(b) Whoever causes an act to be done, which if directly performed by him would be an offense against the United States, is also a principal and punishable as such.

## § 3. ACCESSORY AFTER THE FACT

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by death, the accessory shall be imprisoned not more than ten years.

## § 4. MISPRISION OF FELONY

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

### CHAPTER 211.—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within District—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
3239. Threatening communications.
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or against
      Indians on Indian reservations.

### § 3231.  District courts

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

### § 3232.  District of offense—(Rule)

#### SEE FEDERAL RULES OF CRIMINAL PROCEDURE

Proceedings to be in district and division in which offense committed, Rule 18.

### § 3233.  Transfer within district—(Rule)

#### SEE FEDERAL RULES OF CRIMINAL PROCEDURE

Arraignment, plea, trial, sentence in district of more than one division, Rule 19.

### § 3234.  Change of venue to another district—(Rule)

#### SEE FEDERAL RULES OF CRIMINAL PROCEDURE

Plea or disposal of case in district other than that in which defendant was arrested, Rule 20.

### § 3235.  Venue in capital cases

The trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience.

### § 3236.  Murder or manslaughter

In all cases of murder or manslaughter, the offense shall be deemed to have been committed at the place where the injury was inflicted, or the poison administered or other means employed which caused the death, without regard to the place where the death occurs.

### § 3237.  Offenses begun in one district and completed in another

Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves.

### § 3238.  Offenses not committed in any district

The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district where the offender is found, or into which he is first brought.

62 Stat.]    80th CONG., 2d SESS.—CH. 646—JUNE 25, 1948    **869**

[CHAPTER 646]

### AN ACT

To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary".

June 25, 1948
[H. R. 3214]
[Public Law 773]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section —", as follows:

Title 28, U. S. Code. Codification and enactment into law.

# TITLE 28, JUDICIARY AND JUDICIAL PROCEDURE

| Part | | Sec. | |
|---|---|---|---|
| I. | Organization of courts | 1 | *Infra.* |
| II. | United States attorneys and marshals | 501 | *Post, p. 909.* |
| III. | Court officers and employees | 601 | *Post, p. 913.* |
| IV. | Jurisdiction and venue | 1251 | *Post, p. 927.* |
| V. | Procedure | 1651 | *Post, p. 943.* |
| VI. | Particular proceedings | 2201 | *Post, p. 954.* |

## PART I.—ORGANIZATION OF COURTS

| Chapter | | Sec. |
|---|---|---|
| 1. | Supreme Court | 1 |
| 3. | Courts of appeals | 41 |
| 5. | District courts | 81 |
| 7. | Court of Claims | 171 |
| 9. | Court of Customs and Patent Appeals | 211 |
| 11. | Customs Court | 251 |
| 13. | Assignment of judges to other courts | 291 |
| 15. | Conferences and councils of judges | 331 |
| 17. | Resignation and retirement of judges | 371 |
| 19. | Distribution of reports and digests | 411 |
| 21. | General provisions applicable to courts and judges | 451 |

## CHAPTER 1.—SUPREME COURT

Sec.
1. Number of justices; quorum.
2. Terms of court.
3. Vacancy in office of Chief Justice; disability.
4. Precedence of associate justices.
5. Salaries of justices.
6. Records of former court of appeals.

### § 1. Number of justices; quorum

The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum.

### § 2. Terms of court

The Supreme Court shall hold at the seat of government a term of court commencing on the first Monday in October of each year and may hold such adjourned or special terms as may be necessary.

### § 3. Vacancy in office of Chief Justice; disability

Whenever the Chief Justice is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the associate justice next in precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified.

### § 4. Precedence of associate justices

Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age.

who shall be superintendent of the United States Supreme Court Building.".

Sec. 28. Section 26 of the Act approved June 22, 1936 (chapter 699, section 26, 49 Stat. 1812), as amended by the Act approved August 5, 1939 (chapter 430, 53 Stat. 1203; U. S. C., 48 U. S. C., section 1405y) is amended by adding to the first paragraph thereof, the following:

*Virgin Islands. Appointment of district attorney.*

"In the case of a vacancy in the office of district attorney, the District Court of the Virgin Islands may appoint a district attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of court".

Sec. 29. Section 5 of the Act approved June 26, 1936 (chapter 831, 49 Stat. 1968; 25 U. S. C., section 506) is amended by striking out the third, fourth, and fifth sentences thereof, and substituting in lieu of such sentences the following sentence: "Within thirty days after such service or within such extended time as the trial court may permit, the Secretary of the Interior may intervene in such action or may remove such action to the United States district court."

*Indians, Oklahoma. Suits involving cooperative associations.*

Sec. 30. Section 3 of the Act approved May 24, 1940 (chapter 209, 54 Stat. 220; 28 U. S. C., 1940 edition, section 5a) is amended to read as follows:

*Judge of District Court of Virgin Islands.*

"Sec. 3. The salary of the judge of the District Court of the Virgin Islands of the United States shall be at the rate of $15,000 per year.".

Sec. 31. Section 42 of Title 7 of the Canal Zone Code (48 U. S. C., section 1353) is amended by inserting at the end thereof a new subsection to read as follows:

*Canal Zone. District attorney and marshal.*

"c. In case of a vacancy in the office of district attorney or marshal the district court may appoint a person to exercise the duties of the vacant office until such vacancy is filled. The order of appointment by the court shall be filed with the clerk of court."

Sec. 32. As used in any statute of the United States:

*Definitions.*

"Circuit court of appeals" means a "United States court of appeals";

"Senior circuit judge" means "chief judge of a judicial circuit";

"Senior district judge" means "chief judge of a United States district court";

"Chief Justice" means "chief judge" except when reference to the Chief Justice of the United States is intended;

"Justice" means "judge" except when used with respect to a justice of the Supreme Court of the United States in his capacity as such or as circuit justice;

"Presiding judge" means "chief judge."

Sec. 33. No inference of a legislative construction is to be drawn by reason of the chapter in Title 28, Judiciary and Judicial Procedure, as set out in section 1 of this Act, in which any any section is placed, nor by reason of the catchlines used in such title.

*Ante, p. 869.*

Sec. 34. If any part of Title 28, Judiciary and Judicial Procedure, as set out in section 1 of this Act, shall be held invalid, the remainder shall not be affected thereby.

*Separability of provisions.*

Sec. 35. Sections 61 and 62 of Title 7 of the Canal Zone Code are hereby repealed.

*Repeals.*

Sec. 36. Section 1141 (a) of the Internal Revenue Code is hereby amended to read as follows:

*53 Stat. 164. 26 U. S. C. §1141 (a). Review of decisions of Tax Court.*

"The circuit courts of appeals and the United States Court of Appeals for the District of Columbia shall have exclusive jurisdiction to review the decisions of the Tax Court, except as provided in section 1254 of title 28 of the United States Code, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section

*Ante, p. 928.*

1254 of title 28 of the United States Code."

Sec. 37. Section 6 of the Act approved August 7, 1946 (ch. 864, 60 Stat. 903), is amended to read as follows:

"Sec. 6. Whenever any claimant under this Act is dissatisfied with the action of a department or agency of the Government in either granting or denying his claim, such claimant shall have the right within six months to file a petition with the Court of Claims or, if the claim does not exceed $10,000 in amount or suit has heretofore been brought or is brought within thirty days after the enactment of this amendatory act, with any Federal district court of competent jurisdiction, asking a determination by the court of the equities involved in such claim; and upon the filing of such a petition, the court, sitting as a court of equity, shall have jurisdiction to determine the amount, if any, to which such claimant and petitioner may be equitably entitled (not exceeding the amount which might have been allowed by the department or agency concerned under the terms of this Act) and to enter an order directing such department or agency to settle the claim in accordance wth the finding of the court; and thereafter either party may appeal from the decision if it was rendered by a district court or petition the Supreme Court for a writ of certiorari if it was rendered by the Court of Claims, as in other cases.  Any case heretofore brought in a district court under this section may, at the election of the petitioner to be exercised within thirty days after the enactment of this amendatory Act, be transferred to the Court of Claims for original disposition in that court."

Sec. 38. The provisions of this Act shall take effect on September 1, 1948.

Sec. 39. The sections or parts thereof of the Revised Statutes of the District of Columbia, Revised Statutes of the United States or Statutes at Large enumerated in the following schedule are hereby repealed.  Any rights or liabilities now existing under such sections or parts thereof shall not be affected by this repeal.

## SCHEDULE OF LAWS REPEALED

| Revised Statutes, D. C. | Volume | Page | D. C. Code Title | D. C. Code Section |
|---|---|---|---|---|
| Section: 702 | 16, pt. II | 99 | 11 | 11-305 |

62 STAT.]   80TH CONG., 2D SESS.—CH. 646—JUNE 25, 1948   993

## SCHEDULE OF LAWS REPEALED—Continued

| Revised Statutes | U. S. Code | | Revised Statutes | U. S. Code | |
|---|---|---|---|---|---|
| | Title | Section | | Title | Section |

994      PUBLIC LAWS—CH. 646—JUNE 25, 1948      [62 Stat.

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | D. C. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1928—Apr. 19 | 163 | | 45 | 464 | 11 | 11–314 |
| 1928—Dec. 20 | 42 | | 45 | 1004 | 11 | 11–308 |
| 1929—June 19 | 457 | | 45 | 726 | 11 | 11–301 (part) |
| June 19 | 535 | | 45 | 763 | 11 | 11–263 (part) |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1933—Mar. 3 | 91 | 7–15 | 12 | 763–764 | | |
| 1934—June 27 | 106 | 2, 3, 4, 5 | 13 | 100 | 28 | 673 |
| 1873—June 5 | 203 | 1–8 | 17 | 224–257 | | |
| Do. | 283 | 10 | 17 | 217 | | 879 |
| 1875—June 1 | 230 | | 18 | 80 | 28 | 729 |
| June 30 | 103 | | 18 | 109 | 28 | 634 |
| 1876—Feb. 28 | 77 | 1, 2 | 18 | 314, 740 | 28 | 771, 773 |
| Feb. 15 | 66 | 2, 1 | 18 | 328 | 28 | 837 |
| Feb. 28 | 93 | 1–3 | 18 | 333 | 28 | 128, 467, 534 |

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1899—Mar. 2 | 177 | 19 | 28 | 420 | 28 | 498 |
| Do | 129 | 1 (part) | 28 | 624 | 28 | 670 |
| 1870—May 28 | 252 | 4, 5, 10, 11, 12, 13, 14, 16, 16, 17 | 28 | 178–180 | 28 | 452, 464, 466, 468, 534, 671, 674, 817, 825, 576a, 1096, 1800, 832, 886, 843, 897, 888, 908, 909 |
| Do | 283 | 44 19 | 26 | 194 | 28 | 404, 428, 629, 944 |
| Do | 283 | 20, 21 | 26 | 494, 495 | 28 | 437, 538, 897 |
| Do | 282 | 44 24 | 26 | 196 | 28 | 290, 426a, 420, 662, 686, 664, 664, 667, 689, 904, 697 |
| Dec. 22 | 3 | | 28 | 425 | 28 | 404 |
| 1899—Feb. 20 | 28 | | 28 | 588 | 28 | 542 |
| Do | 280 | 1 (part) | 28 | 677 | 28 | 895 |
| Do | 281 | 2 | 28 | 578 | 28 | 542 |
| 1920—Mar. 10 | 48 | 3 | 28 | 417 | 28 | 542 |
| May 17 | 229 | 1, 2 | 28 | 416 | 28 | 766 |
| June 24 | 487 | 1, 2 | 28 | 457 | 28 | 481, 482, 690, 484, 611 |
| 1899—Mar. 3 | 438 | 44 16 | 30 | 1154 | 28 | 602 (part) |
| Do | 417 | 1 | 30 | 1, 257 | 28 | 506 |
| Do | 430 | | 30 | 1, 264 | 28 | 714 |
| 1922—Feb. 28 | 26 | | 31 | 28 | 28 | 41, note |
| Mar. 17 | 100 | 1 (part) | 31 | 18 | 28 | 6 |
| May 14 | 324 | 3 | 31 | 176 | 28 | 681, 682 |
| June 1 | 681 | 4 | 31 | 289 | 28 | 408 |
| June 6 | 717 | 8 | 31 | 329 | 28 | 720, note |
| June 6 | 784 | 1 (part) | 31 | 620 | 28 | 448, 626 |
| 1899—Jan. 22 | 108 | 4, 7 | 32 | 726, 727 | 28 | 626, 632 |
| Feb. 12 | 566 | 4, 5 | 32 | 789 | 28 | 482, 480 |
| Mar. 2 | 566 | 2, 3 | 32 | 891 | 28 | 464, 466 |
| Do | 44 864 | 1 | 32 | 896 | 28 | 636, 636, 944 |
| Mar. 3 | 864 | 49, 61, 62, 67, 175, 181, 186, 187, 196, 211, 220, 220, 226, 260, 1062, 1118 | 32 | 1160, 1208, 1218, 1228, 1234, 1238, 1208, 1287, 1208, 1287 | D. C. Code | 1–603, 11–306 bis, 13–308, 11–309, 13–801 and 2, 11–328, 11–602, 11–804, 13–602, 13–1601, 13–1101, 11–1102, 11–1105, 11–1611, 14–501, 14–502 |
| 1899—Mar. 13 | 163 | 4, 5, 6 | 32 | 66 | 28 | 601, 600 |
| June 21 | 1238 | | 32 | 369 | 28 | 600 |
| June 21 | 1239 | 1 (part) | 32 | 476, 476 | 28 | 666, 667 |
| June 26 | 44 1230 | | 32 | 822, 827, 840 | D. C. Code | 11–306, 11–602, 13–801, 14–504 |
| July 1 | 1362 | 44 20 | 32 | 666 | 28 | 181 (part) |
| 1899—Mar. 2 | 1087 | 1 | 32 | 1146 | 28 | 882, 881 |
| 1924—Feb. 26 | 348 | 1 (part) | 32 | 44 41 | 28 | 226 |
| Apr. 26 | 1400 | 2, 3, 6, 7, 8, 9, 10, 11, 12, 13 | 33 | 168, 169 | 28 | 272 (part), 276–282 |
| 1899—Feb. 20 | 682 | 26 | 16 | 729 | 16 | 60 |
| Mar. 2 | 1366 | 4, 6 | 28 | 524, 526 | 28 | 481, 460 |
| May 2 | 1437 | 13, 18, 19 | 28 | 566, 556 | 28 | 481, 460 |
| Do | 1482 | 1 (part) | 28 | 44 1267 | 28 | 678a |
| Do | 1467 | | 28 | 1288 | 28 | 806 |
| 1899—June 22 | 2384 | 13 | 28 | 1288 | 28 | 481, 460 |
| June 28 | 2373 | | 34 | 544 | 28 | 828 |
| June 28 | 2408 | | 34 | 446 | 28 | 621 |
| June 28 | 2914 | 1 (part) | 34 | 724 | 28 | 646, 649 |
| June 29 | 2926 | 1, 2, 4, 6, 6, 7, 8, 9 | 34 | 544–546 | 28 | 461–467, 1100, 304, 303 |

[1] The first full sentence on this page, reading as follows: "And it shall be unlawful for any clerk of any court of the United States to include in his emolument, account, or return any fee or fees not actually earned and due at the time such account or return is required by law to be made, and no fees not actually earned shall be included in any such account."

[2] All of section except second sentence of proviso which is already scheduled for repeal under H. R. 2200, 79th Cong.

[3] First clause of first proviso, and all of second proviso, only.

[4] First, second, and third proviso on this page, only.

[5] Only the proviso at the end of this section.

[6] First proviso appearing on this page.

[7] Second sentence of the paragraphed provisions on this page relating to salary of the commissioner in Yellowstone National Park.

[8] The paragraph on this page reading "No mileage shall be allowed upon any writ not executed any writ when the travel is without cost to the marshal or office deputy."; also the proviso beginning near the bottom of this page and ending on page 648.

[9] All provisions amending first and third sentences of the proviso in section 19 of Act May 28, 1896, ch. 252, 29 Stat. 184.

[10] The proviso commencing near the bottom of page 675 and ending on page 676; also, the first proviso on page 676.

[11] Only the provisions amending sections 65, 175, 181 and 220 of Act March 3, 1901, ch. 854, 31 Stat. 1199, 1226, 1219, 1240, 1257.

[12] Only the clause immediately preceding the proviso in the final sentence of this section, and reading as follows: ", and said lands shall remain within the jurisdiction of the United States court for the southern district of Indian Territory".

[13a] Only the fourth paragraph appearing on this page, such paragraph being the third paragraph under the heading "Judgments, Court of Claims."

[14] Second proviso, only, appearing on this page.

[15] Second and third proviso, only, appearing on this page.

996

PUBLIC LAWS—CH. 646—JUNE 25, 1948

[62 Stat.

SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1935—Mar. 2 | | 1, 2 | 34 | 1258 | 18 | 379–381 |
| Mar. 4 | | 1 (part) | 34 | 1290 | 28 | 321, 331, 372 |
| 1936—Mar. 3 | | | 35 | 49 | 28 | 444 |
| May 27 | | 1 (part) | 35 | 376, 376 | 28 | 377, 380, 502 |
| De | | 1 (part) | 35 | 377 | 28 | 602 |
| De | | 1 | 35 | 66 | 19 | 1518 |
| 1939—Feb. 19 | | | 35 | 640 | 28 | 635, 882 |
| Mar. 3 | | | 35 | 679 | 22 | 1070 |
| Mar. 3 | | | 35 | 541 | 48 | 118 (part) |
| Mar. 4 | | 26 | 35 | 1092 | 17 | 26 (part) |
| De | | 26, 27, 34 | 35 | 1084 | 17 | 26, 27, 34 |
| De | | 35 | 35 | 1084 | 17 | 35 |
| De | | 76 | 35 | 68 | 28 | 297 |
| Aug. 5 | | | 35 | 68 | 28 | 437 |

...

[footnotes illegible]

[62 Stat.]   80th CONG., 2d SESS.—CH. 646—JUNE 25, 1948   997

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |

SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large: Chapter | Statutes at Large: Section | Statutes at Large: Volume | Statutes at Large: Page | U. S. Code: Title | U. S. Code: Section |
|---|---|---|---|---|---|---|
| 1918—June 13 | 98 | | 40 | 604 | 28 | 109 |
| Do. | 100 | 1 | 40 | 606 | 28 | 152 |
| July 1 | 112 | 1 (part) | 40 | 682 | 28 | 518, 593, 657 |
| Do. | 114 (part) | | 40 | 705 | 28 | 46 |
| 1919—Feb. 26 | 29 | 1, 2 | 40 | 1156 | 28 | 6, 212 |
| Do. | 29 | 3 | 40 | 1157 | | |
| Do. | 29 | 4, 5, 6 | 40 | 1157, 1158 | 28 | 241, 261, 271 |
| Feb. 26 | 45 | | 40 | 1181 | 28 | 394 |
| Do. | 49 | 1, 2, 3, 4, 5, 6, 7, 8, 9 | 40 | 1182 | 28 | 6, 7, 557, 558, 559, 563–567, 571, 577, 596 |
| Do. | 50 | 1 | 40 | 1183 | 28 | 1 |
| Do. | 56 | | 40 | 1184 | 28 | 182 |
| Mar. 1 | 87 | | 40 | 1270 | 28 | 189 |
| July 19 | 24 | 1 (part) | 41 | 209, 210 | 28 | 492, 496, 541, [illegible] |
| Nov. 4 | 96 | 1 (part) | 41 | 338 | 28 | 561 |
| 1920—Jan. 21 | 55 | | 41 | 394 | 28 | 278 |
| Jan. 29 | 57 | | 41 | 400 | 28 | 388 |
| Mar. 17 | 108 | 1 | 41 | 531 | 28 | 178 |
| Mar. 19 | 104 | 7 | 41 | 535 | 11 | 127 |
| Apr. 16 | 146 | | 41 | 554 | 28 | 55 |
| June 2 | 219 | 2, 3, 4, 7, 8, 9, 10, 11, 12, 13 | 41 | 723–724 | 16 | 55, 68–77 |
| June 4 | 225 | | 41 | 740 | 22 | 186 |
| 1921—Feb. 11 | 46 | | 41 | 1099 | 28 | 6, 467, 571 |
| Feb. 27 | 76 | | 41 | 1146 | 28 | 147 |
| Mar. 4 | 160 | | 41 | 1268 | 28 | 177 |
| Do. | 161 | 1 | 41 | 1412, 1413 | 28 | [illegible], D. C. Code, § 11–402. |
| June 16 | 23 | 1 | 42 | 41 | 28 | [illegible] |
| June 25 | 29 | 1, 2 | 42 | 66, 67 | 28 | 2 |
| Nov. 23 | 136 | 1319 (e) | 42 | 311 | 28 | 41 (20) |
| Do. | 136 | 1324 (b) | 42 | 316 | 28 | [illegible] |
| Do. | 142 | 1, 2 | 42 | 325, 326 | 28 | 775–780 |
| Dec. 22 | 13 | | 42 | 352, 353 | 28 | 773 |
| 1922—Feb. 17 | 64 | | 42 | 395 | 28 | 244 |
| Feb. 27 | 83 | | 42 | 398, 399 | 28 | [illegible] |
| Apr. 20 | 145 | | 42 | 499 | 28 | [illegible] |
| May 1 | 173 | | 42 | 553 | 28 | [illegible] |

| Date | Statutes at Large: Chapter | Statutes at Large: Title | Statutes at Large: Section | Statutes at Large: Volume | Statutes at Large: Page | U. S. Code: Title | U. S. Code: Section |
|---|---|---|---|---|---|---|---|
| 1922—June 1 | 204 | II (part) | | 42 | 614 | 28 | 335 |
| Do. | 204 | II (part) | | 42 | 615 | 28 | [illegible] |
| Do. | 204 | II (part) | | 42 | 616, 617 | 28<br>48 | [illegible]<br>644 |

| Date | Statutes at Large: Chapter | Statutes at Large: Section | Statutes at Large: Volume | Statutes at Large: Page | U. S. Code: Title | U. S. Code: Section |
|---|---|---|---|---|---|---|
| 1922—June 10 | 208 | 1, 2 | 42 | 604, 605 | 28 | 41 (3), 371 |
| June 27 | 246 | | 42 | 666 | 28 | 532 |
| Do. | 247 | | 42 | 667 | 28 | 142 |
| July 1 | 260 | | 42 | 812 | 28 | 178 |
| Do. | 267 | 1, 2, 3, 4 | 42 | 836–838 | 28 | 329–330 |
| Sept. 14 | 306 | 1, 2, 3, 4, 5, 6 | 42 | 837–840 | 28 | 1, 17, 16, 22, 213, 218 |
| Sept. 19 | 344 | | 42 | 848 | 28 | 654 |
| Do. | 345 | | 42 | 849 | 28 | 113 |
| Sept. 21 | 356 | 6 (h) | 42 | 1007 | 7 | 10 (part) |

Fourth, sixth and seventh provisos, only, appearing on this page.
Only the provisions appearing on this page which amended the Act of June 25, 1910, ch. 432, 36 Stat. 851.
Only the following under the heading "United States Courts": the second proviso in the second paragraph under such heading; the proviso in the third paragraph under such heading; all of the fourth paragraph under such heading; the proviso in the fifth paragraph under such heading, which begins on page 209 and ends on page 210; and the proviso in the eighth paragraph, being the eighth paragraph under such heading "United States Courts," or the third full paragraph on page 210.
The proviso, only, in the first paragraph appearing on this page.
All provisions on this page authorizing the judge of the United States court for China to appoint a United States commissioner.
The two provisos in the fifth paragraph which begins on page 1412 and ends on page 1413.
The two provisos in the first paragraph appearing on this page.
Only the following phrase in the first full paragraph appearing on this page: ", at not exceeding $3,600 each".
The three provisos in the final paragraph appearing on this page.
The two provisos in the first paragraph appearing on page 616; the proviso in the second paragraph appearing on page 616, the three provisos in the fourth paragraph appearing on page 616, including the opening clause preceding the third proviso thereof; and the first proviso appearing on page 617
Only the final sentence of this section

[62 Stat.]   80TH CONG., 2D SESS.—CH. 646—JUNE 25, 1948   **999**

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1925—Jan. 3 | 23 | II (part) | | 43 | 1091 | 28 | 225 |
| Do | 20 | II (part) | | 43 | 1093 | 28 | 834, 816 |
| Do | 21 | II (part) | | 43 | 1093 | 28 | 581 |
| Do | 22 | II (part) | | 43 | 1095 | 28 | 500 |
| Do | 23 | II (part) | | 43 | 1094, 1095 | 28 | 611a |
| Do | | | | | | 45 | 644 |
| Do | 24 | IT (part) | | 43 | 1096 | 28 | 556 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1925—Feb. 14 | 78 | | 43 | 1266 | 28 | 151 |
| Feb. 26 | 112 | | 43 | 1267 | 28 | 400 |
| Mar. 4 | 173 | 1, 2 | 43 | 1272 | 19 | 180 |
| Mar. 4 | 281 | 4 | 43 | 1488 | 18 | 6 |
| Do | 294 | 3 | 43 | 1489 | 28 | 140 |
| Do | 291 | | 43 | 1490 | 28 | 140 |
| Do | 229 | | 43 | 1490 | 28 | 160 |
| Do | 290 | | 43 | 1490 | 28 | 186 |
| Do | 290 (part) | | 43 | 1490 | 14, 28 | 28, 576, 604 |
| 1926—Apr. 2 | 81 | 3 | 44 | 94 | 28 | 581 |
| Apr. 3 | 88 | | 44 | 64 | 28 | 120 |
| Apr. 12 | 117 | 3 | 44 | 60 | 28 | 141 |
| Apr. 29 | 194 | | 44 | 114 | 28 | 192 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1926—May 20 | 204 | II (part) | | 44 | 219 | 26 | 225 |
| Do | 204 | II (part) | | 44 | 729 | 28 | 834, 816 |
| Do | 204 | II (part) | | 44 | 729 | 28 | 581 |
| Do | 204 | II (part) | | 44 | 730 | 28 | 500 |
| Do | 204 | II (part) | | 44 | 731 | 28 | 556 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1926—May 29 | 209 | | 43 | 242 | 28 | 140 |
| Do | 211 | 1, 3 | 43 | 344 | 28 | 189 |
| June 2 | 294 | 3032 | 43 | 346 | 28 | 65 (290) |
| Do | 294 | 1032 (a) | 43 | 346 | 28 | (290) |
| June 6 | 260 | | 44 | 387 | 28 | 253 |
| Do | 260 | | 44 | 388 | 28 | 190 |
| June 7 | 200 | | 44 | 607 | 28 | 157 |
| Do | 207 | 1 | 44 | 602 | 28 | 177 |
| Do | 200 | | 44 | 684 | 28 | 170 |
| Dec. 26 | 18 | | 44 | 721 | 28 | 170 |
| 1926—Jan. 6 | 47 | | 44 | 729 | 28 | 222 |
| Do | 48 | 1, 3 | 44 | 735 | 28 | 182 |
| Jan. 13 | 76 (part) | | 44 | 738 | 28 | 162 |
| Jan. 16 | | 3 | 44 | 782 | 28 | 4 |
| Jan. 22 | 104 | | 44 | 794 | 28 | |
| Jan. 29 | 132 | | 44 | 930 | 28 | 184 |
| Feb. 7 | 140 | | 44 | 833 | 28 | 512 |
| Do | 160 | | 44 | 833 | 28 | 299 |

[49] Only the following clause in the second paragraph on this page: ", of not exceeding $3,000 each".
[50] The last two provisos appearing on this page.
[51] The proviso in the first full paragraph appearing on this page.
[52] The proviso in the second full paragraph appearing on this page.
[53] The two provisos in the paragraph beginning on page 1091 and ending on page 1094.
[54] The proviso in the fifth full paragraph appearing on this page.
[55] Third sentence, only.
[56] All but the final paragraph.
[57] Only the following clause in the third full paragraph on this page: ", of not exceeding $3,000 each".
[58] The first proviso in the third paragraph appearing on this page.
[59] The proviso in the fourth paragraph appearing on this page.
[60] The proviso in the fifth paragraph appearing on this page.
[61] Only the provision amending the third sentence of section 2 of Act March 4, 1923, ch. 251, 42 Stat. 1468.

1000                    PUBLIC LAWS—CH. 646—JUNE 25, 1948                    [62 Stat.

### SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|------|---------|---------|--------|------|-------|---------|
|      | Chapter | Section | Volume | Page | Title | Section |

| Date | Statutes at Large | | | | | U. S. Code | |
|------|---------|-------|---------|--------|------|-------|---------|
|      | Chapter | Title | Section | Volume | Page | Title | Section |

| Date | Statutes at Large | | | | U. S. Code | |
|------|---------|---------|--------|------|-------|---------|
|      | Chapter | Section | Volume | Page | Title | Section |

| Date | Statutes at Large | | | | | U. S. Code | |
|------|---------|-------|---------|--------|------|-------|---------|
|      | Chapter | Title | Section | Volume | Page | Title | Section |

62 Stat.]   80TH CONG., 2d SESS.—CH. 646—JUNE 25, 1948   1001

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1936—May 7 | | | 49 | | 28 | |
| May 27 | | | 49 | | 28 | |
| Do | | | 49 | | 28 | |
| Do | | | 49 | | 28 | |
| May 28 | | | 49 | | 28 | |
| May 29 | | 1 | 49 | | 28 | |
| Do | | 2 (b) (e) | 49 | | 28 | |
| May 28 | | 1, 3 | 49 | 677, 678 | 28 | 338, 334 |
| June 15 | | | 49 | | 28 | 170 |
| Do | | | 49 | 726–728 | 28 | 334 |
| June 22 | | | 49 | | 28 | 170 |
| Do | | | 49 | | 28 | |
| June 23 | | 1, 2, 3 | 49 | 773 | 28 | |
| July 1 | | | 49 | | 28 | |
| Do | | 1, 2, 3, 4, 5, 6, 7, 8 | 49 | 804, 805 | 28 | 711–715 |
| Dec. 19 | 6 | 2 | 49 | | 28 | 4, 212, 261, 291, 224 |
| | | | | | D. C. Code | 11–302, 11–303 |
| 1937—Apr. 22 | | *2 | 49 | | 28 | |
| Feb. 20 | (part) | | 49 | *1164 | 28 | 354 |
| Feb. 11 | | | 49 | | 28 | |
| Mar. 1 | | | 49 | | 28 | |
| Mar. 3 | | | 49 | | 28 | 170 |
| Mar. 3 | | | 49 | | 28 | |
| Do | | 1 | 49 | | 28 | |
| Do | | | 49 | | 28 | |
| Do | | 1 | 49 | | 28 | |
| Do | | 1, 2 | 49 | | 28 | |
| Do | | | 49 | | 28 | 1 |
| Do | | 1 | 49 | | 28 | 344(a) |
| 1938—Jan. 22 | | | 45 | | 28 | |
| Feb. 7 | | | 45 | | 28 | 144 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1939—Feb. 16 | 57 | II (part) | | 45 | *79 | 28 | 344 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1939—Apr. 11 | | 1 | 45 | 453 | 28 | 225 (b) |
| Do | | | 45 | 454 | 28 | 121 |
| Apr. 22 | | | 45 | 457–459 | 28 | 125, 491, 496 |
| Do | | | 45 | 460 | 28 | 183, 189(a) |
| Apr. 26 | | | 45 | 457 | 28 | 179 |
| Do | | 2, 3, 6, 7, 8, 9, 10, 11 | 45 | 460–463 | 16 | 112a, 117b, 112c, 117c, 117d, 112e, 117e, 178, 117f |
| Apr. 26 | | 2, 3, 6, 7, 8, 9, 10, 11 | 46 | 463–466 | 16 | 290a, 290b, 290c, 2047, 2047a, 290h, 290i, 290j |
| May 18 | | | 45 | | 28 | 179 |
| May 18 | | | 45 | | 28 | 189, 189a |
| May 29 | | 648(A) | 45 | 277 | 28 | 204 |
| Do | | 713 | 45 | | 28 | 270 |
| Do | | | 45 | | 28 | 5 |
| Do | | *1 | 45 | | 28 | 167 |
| Do | | | 45 | | 28 | 290a |
| 1939—Jan. 12 | | | 45 | 1031 | 28 | 2 |

* Only the sentence "The printing and binding for the Supreme Court shall be done by the printer it may employ, unless it shall otherwise order;" in the sixth paragraph appearing on this page.

*Remaining part of provision amending sec. 3, par. 6, of Act Feb. 11, 1925, ch. 204, 43 Stat. 829.

*Only the sentence "The printing and binding for the Supreme Court shall be done by the printer it may employ, unless it shall otherwise order." in the second paragraph appearing on this page.

*All provisions amending section 60 of the Judicial Code except those repealing Act Jan. 14, 1925, ch. 51, 43 Stat. 772.

*Only the provisions prescribing salaries for the judge of the District Court of the Virgin Islands, and the judge of the United States Court of China.

1002        PUBLIC LAWS—CH. 646—JUNE 25, 1948        [62 Stat.

### SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1938—Jan. 28. | 107 | II (part) | | | 45 | 1149 | 28 | 294 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1938—Jan. 28. | 112 | | 45 | 1143 | 28 | 234 |
| Jan. 31. | 129 | | 45 | 1345 | 28 | 635 |
| Feb. 28. | 204 | | 45 | 1217 | 28 | 1 |
| Do. | 287 | | 45 | 1290 | 28 | 1 |
| Feb. 28. | 305 | | 45 | 1304 | 28 | 1 |
| Do. | 360 | | 45 | 1346 | 28 | 392 |
| Do. | 340 | 1, 2, 3, 4 | 45 | 1348-1349 | 28 | 212, 213a, 213, 230 |
| Do. | 400 | 1, 3 | 45 | 1484 | 28 | 3 |
| Do. | 413 | | 45 | 1484 | 28 | 213 |
| Do. | 419 | | 45 | 1472 | 28 | 377 |
| Do. | 431 | | 45 | 1472 | 28 | 145 |
| Mar. 1. | 646 | 2 (a) (d) | 45 | 1476 | 28 | 1830a |
| Mar. 2. | 660 | 3 | 45 | 1476 | 28 | 342 |
| Do. | 596 | | 45 | 1522 | 28 | 392 |
| Do. | 598 | 2, 3, 5, 7, 8, 9, 10, 11 | 45 | 1527-1528 | 18 | 188a, 188c, 188f, 188h, 188i, 188j, 188f |
| 1939—Jan. 28. | 28 | 1 | 46 | 59 | 28 | 402 |
| Mar. 21. | 101 | | 46 | 106 | 28 | 105 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1939—Apr. 18. | 104 | II (part) | | | 46 | 65 | 28 | 294 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1939—Apr. 18. | 239 | 2, 3, 6, 7, 8, 9, 10, 11 | 46 | 257-258 | 28 | 200a, 200b, 200e, 200f, 200g, 200h, 200i, 200k |
| May 29. | 205 | 1 | 46 | 631 | 28 | 202 |
| May 29. | 206 | | 46 | 633 | 28 | 377 |
| Do. | 208 | | 46 | 634 | 28 | 772 |
| June 5. | 204 | | 46 | 655 | 28 | 140 |
| June 6. | 209 | 1, 3 | 46 | 657 | 28 | 203a, 4853 |
| June 6. | 210 | | 46 | 521 | 28 | 390 |
| June 19. | 229 (part) | | 46 | 828 | 28 | 673, 673a |
| Do. | 230 | | 46 | 828 | 28 | 294 |
| June 16. | 264 | | 46 | 828 | 28 | 342 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1939—June 17. | 457 | IV | 205 (a) | 46 | 730 | 19 | 1526 (a) (part) |
| Do. | 457 | IV | 205 (b) | | 730, 732 | 19 | 1401 (b) |
| Do. | 457 | IV | 205 (c) | | | 19 | 1499 (c) |
| Do. | 457 | IV | 205 (d) | | | 19 | 1526 (b) (part) |
| Do. | 457 | IV | 516 (a) | | 737 | 19 | 1439 (a) (part) |
| Do. | 457 | IV | 516 (d) | | 732 | 19 | 1436 (d) |
| Do. | 457 | IV | | | 732 | 19 | 1517 |
| Do. | 457 | IV | 518 | | 732, 733 | 19 | 1518 (part) |
| Do. | 457 | IV | 519 | | 729 | 19 | 1519 |
| Do. | 457 | IV | 640 | | 732 | 28 | 25a |

---

23 Only the sentence "The printing and binding for the Supreme Court shall be done by the printer it may employ, unless it shall otherwise order." in the final paragraph appearing on this page.

24 Only the sentence "The printing and binding for the Supreme Court shall be done by the printer it may employ, unless it shall otherwise order." in the second paragraph appearing on this page.

25 Only the following: "and effective July 1, 1938, all such fees and emoluments so paid to United States marshals shall be accounted for and remitted in accordance with the provisions of section 2021 of the Revised Statutes as amended by section 3 of the said Act of May 28, 1896 ".

26 Only the 28th, sixth, seventh, and eighth sentences of subsection (a), as so designated subsection "(a)" by Act June 25, 1948, ch. 678, § 16 (b), 62 Stat. 1024.

27 As so designated subsection "(b)" by Act June 25, 1948, ch. 679, § 16 (b), 62 Stat. 1024.

28 As added by Act June 25, 1948, ch. 679, § 16 (b), 62 Stat. 1024.

29 Final sentence, only, as amended by Act June 25, 1948, ch. 679, Title IV, § 17 (a), 62 Stat. 1024.

30 Only the final sentence of this section.

31 All but the final sentence.

SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1922—June 20 | 220 | 7 | 42 | 730 | 20 | 208, 272a |
| June 26 | 236 | | 42 | 355 | 25 | 176 |
| Do | 236 | | 42 | 357 | 25 | 300 |
| June 27 | 265 | | 42 | 646 | 25 | 1 |
| Do | 260 | | 42 | 620 | 25 | 194, 195 |
| June 26 | 226 | 5 | 42 | 620 | 25 | 1 |
| June 28 | 714 | | 42 | 767 | 25 | 123 |
| July 3 | 232 | | 42 | 1604 | 25 | 1 |
| 1923—Feb. 19 | 205 | | 42 | 1246 | 25 | 1 |
| Do | 245 | | 42 | 1247 | 25 | 1 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1921—Feb. 26 | 208 | II (part) | | 42 | ¹⁰ 1229 | 20 | 254 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1923—Feb. 26 | 208 | | 42 | 1467 | 25 | 1 |
| Mar. 4 | 245 | 1, 2, 3, 4, 5, 6 | 42 | 1338, 1359 | 25 | 501–509 |
| 1924—Feb. 20 | 22 | | 47 | 22 | 25 | 130 |
| May 7 | 105 | 3 | 47 | 146 | 16 | 1004 |
| May 15 | 176 | | 47 | 129 | 25 | 128 |
| May 19 | 208 | | 47 | 141 | 25 | |
| June 21 | 262 | | 47 | 366 | 25 | 157 |
| June 26 | 296 | | 47 | 341 | 25 | 190 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1932—July 1 | 246 | II (part) | | 47 | ¹ 620 | 20 | 254 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1933—Feb. 20 | 107 | | 47 | 820 | 25 | 178 |
| Feb. 25 | 123 | | 47 | 1256 | 25 | 178 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1933—Mar. 1 | 164 | II (part) | | 47 | ² 1362 | 25 | 306 |
| Do | 164 | II (part) | | 47 | ² 1362 | 25 | 305a |
| Mar. 3 | 229 | II | 18 | 47 | 1636 | 25 | 322a |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1935—June 13 | 20 | | 48 | 146 | 25 | 167 |
| June 14 | 34 | | 48 | 205 | 25 | 128 |
| Do | 102 | | 48 | 236 | 25 | 328 |
| Do | 168 | | 48 | 313 | 25 | 305a |

¹⁰ Only the words "and the printing and binding for the Supreme Court shall be done by the printer it may employ, unless it shall otherwise order," in the third paragraph appearing on this page.
¹ Only the sentence "The printing and binding for the Supreme Court shall be done by the printer it may employ unless it shall otherwise order," in the second paragraph appearing on this page.
² Only the words, "and to be assorted by such printer as the court may designate" in the sixth paragraph appearing on this page.
³ Second proviso, only, appearing on this page.

1004          PUBLIC LAWS—CH. 646—JUNE 25, 1948          [62 Stat.

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1934—Apr. 7 | 104 | II (part) | | 48 | 580 | 25 | 544 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1934—May 7 | 272 | 1 | 48 | 648 | 40 | 10 |
| May 14 | 288 | | 48 | 775 | 25 | 41 (1) |
| May 24 | 330 | | 48 | 794 | 28 | 224 a |
| June 7 | 426 | | 48 | 926 | 25 | 327, 348, 347, 350, 352, 502, 12b |

(Remainder of the table is illegible due to image degradation.)

¹ Only the words ", and to be executed by such printer as the court may designate" in the sixth paragraph appearing on this page.
² Only the second paragraph.

[62 Stat.]   80th CONG., 2d SESS.—CH. 646—JUNE 25, 1948   1005

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1933—Apr. 27 | 160 | II | 1 (part) | 43 | ⁵ 294 | 12 | 72b |
| Do. | 160 | II | 1 (part) | 43 | ⁷ 297 | 31 | 264a |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1935—May 14 | 105 | 1, 2, 3, 4 | 52 | 455 | 15 | 720, 720, 721, 722 |
| May 28 | 295 | 1, 4, 5 | 52 | 304, 305 | 28 | 2, 313 |
| Do. | 205 | 2, 6 | 52 | 304, 305 | D. C. Code | 11-302 |
| | | | | | | 11-305 (part) |
| Do. | 306 | 1, 2 | 52 | 308 | 28 | 376g, 376b, 1045, 634a. |
| June 15 | 249 | | 52 | 612 | 20 | 187 |
| Do. | 300 | | 52 | 634 | 28 | 162a |
| Do. | 351 | | 52 | 634 | 28 | 194 |
| Do. | 401 | | 52 | 732 | 2 | 160 |
| June 16 | 411 | | 52 | 770 | 15 | 226 (g) |
| June 25 | 684 | 1, 2 | 52 | 1240 | 28 | 204a, 360b |
| June 25 | 729 | 1 | 52 | 2302 | 38 | 1a |
| June 29 | 859 | | 52 | 1252 | 28 | 402 |
| Do. | 367 | | 52 | 1246 | 28 | 104 |
| May 7 | 116 | 2 | 53 | 684 | 28 | 176 |
| May 9 | 121 | | 53 | 706 | 28 | 151 |
| May 22 | 140 | | 53 | 722 | 28 | 302 |
| June 10 | 234 | | 53 | 841 | 45 | 446 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1935—June 29 | 345 | II (part) | | 49 | ⁵ 200 | 28 | 44a |
| Do. | 345 | II (part) | | 49 | ⁵ 200 | 28 | 72a |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1935—July 18 | 383 | 1 | 49 | 1462 | 28 | 160 |
| Aug. 5 | 632 | 1, 2, 3, 4 | 53 | 1204, 1205 | 20 | 375b, 375c, 375d, 375e |
| Aug. 7 | 637 | | 50 | 1206 | 28 | 172 |
| June 19 | 11 | | 54 | 18 | 15 | 1 |
| Feb. 22 | 26 | 1 | 54 | 32 | 46 | 679a |
| Apr. 27 | 369 | | 54 | 144 | 28 | 144 |
| Apr. 26 | 117 | | 54 | 149 | 28 | 41 (1) |
| Apr. 22 | 126 | 2 | 54 | 149 | 28 | 378 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1940—May 14 | 140 | III (part) | | 54 | ¹² 204 | 28 | 544 |
| Do. | 140 | III (part) | | 54 | ¹² 204 | 28 | 506 |
| Do. | 140 | IV (part) | | 54 | ¹² 250 | 28 | 374b |
| Do. | 140 | IV (part) | | 54 | ¹² 250 | 28 | 6b |
| Do. | 140 | IV (part) | | 54 | ¹⁴ 270 | 28 | 729-1, 729a |
| | | | | | | 28 | 330 |

---

⁵ Second proviso in the third full paragraph appearing on this page.
⁶ The proviso in the second full paragraph appearing on this page.
⁷ The proviso, only, in the third full paragraph appearing on this page.
⁸ The fourth proviso, only, in the third full paragraph appearing on this page.
⁹ The proviso, only, in the second paragraph appearing on this page.
¹⁰ The first proviso, only, in the fourth paragraph appearing on this page.
¹¹ The third and fourth provisos, only, appearing on this page.
¹² First proviso appearing on this page.
¹³ The following on this page: the first proviso in the first full paragraph; the two provisos in the second full paragraph; and the second proviso in the third full paragraph.

Case 2:10-cr-00520-JCM -RJJ Document 40-3 Filed 07/12/12 Page 46 of 74

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large: Chapter | Section | Volume | Page | U. S. Code: Title | Section |
|---|---|---|---|---|---|---|
| 1940—May [illegible] | [illegible] | 1, 2 (a) | 54 | 219 | 28 | 1, 219 |
| June 6 | 242 | | 54 | 234 | 28 | 668 |
| Do | 247 | | 54 | 237 | 28 | 152 |
| Do | 252 | | 54 | 241 | 28 | 186 |
| June 11 | 323 | [30] 1 | 54 | 262 | 28 | 144 |
| June 12 | 318 | | 54 | 314 | 28 | 296 |
| Do | 341 | | 54 | 348 | 28 | 186 |
| Aug. 16 | 662 | | 54 | 784 | 45 | 643a |
| Nov. 27 | 930 | 1 | 54 | 1216 | 28 | 1, 152 |
| 1942—June 24 | 263 | 1, 2 | 56 | 201 | 28 | 934 |

| Date | Statutes at Large: Chapter | Title | Section | Volume | Page | U. S. Code: Title | Section |
|---|---|---|---|---|---|---|---|
| 1942—June 23 | 268 | II (part) | | 56 | [31] 298 | 29 | 854a |
| Do | 268 | III (part) | | 56 | [32] 295 | 28 | 686 |
| Do | 268 | IV (part) | | 56 | [33] 300 | 18 | 728-1 |
| Do | 268 | IV (part) | | 56 | [34] 301, 302 | 28 | 5b, 274b, 520 |
| Do | 268 | IV (part) | | 56 | [35] 303 | 18 | 726a |

| Date | Statutes at Large: Chapter | Section | Volume | Page | U. S. Code: Title | Section |
|---|---|---|---|---|---|---|
| 1942—Oct. 12 | 621 | 1, 2 | 56 | 736 | 28 | 577, 668 |
| Oct. 14 | 626 | | 56 | 757 | 5 | 30c-1 |
| Oct. 16 | 665 | | 56 | 761 | 28 | 270, 270a |
| 1943—Mar. 5 | 145 | | 57 | 132 | 28 | 186 |
| Mar. 6 | 149 | 2, 3, 4, 7, 8, 9 | 57 | 120–125 | 16 | 403, 403a, 403c, 403e, 403p, 403q |
| Do | 152 | 2, 3, 4, 7, 8, 9 | 57 | 126, 127 | 16 | 260a, 260d, 260e, 260f, 260g, 260h |
| Do | 153 | 1, 2, 3 | 57 | 129 | 28 | 159 |
| Apr. 6 | 230 | 2 | 57 | 160 | 28 | 722 |
| Apr. 29 | 264 | 2, 3, 4, 7, 8, 9 | 57 | 300–301 | 16 | 403b-2, 403b-3, 403b-4, 403b-7, 403b-8, 403b-9 |
| May 9 | 296 | 2 | 57 | 272 | 28 | 225 (f) |
| June 5 | 341 | [36] 3 | 57 | 317 | 28 | 404c-3 (part) |
| Do | 341 | 5, 6, 7, 8, 9 | 57 | 318, 319 | 16 | 404c-5, 404c-6, 404c-7, 404c-8, 404c-9 |

| Date | Chapter | Title | Section | Volume | Page | Title | Section |
|---|---|---|---|---|---|---|---|
| 1942—July 2 | 472 | II (part) | | 56 | [19] 485 | 28 | 684a |
| Do | 472 | II (part) | | 56 | [20] 485 | 28 | 694a |
| Do | 472 | II (part) | | 56 | [17] 485 | 28 | 586 |
| Do | 472 | IV (part) | | 56 | [22] 500 | 18 | 728-1 |
| Do | 472 | IV (part) | | 56 | [23] 506 | 28 | 5b, 274b |
| Do | 472 | IV (part) | | 56 | [24] 501 | 28 | 520 |
| Do | 472 | IV (part) | | 56 | [25] 504 | 18 | 726a |

[30] All provisions amending section 71 of the Judicial Code except the following proviso which was added to subsection (c) thereof and which is to remain in full force and effect: "*Provided further*, That the referee in bankruptcy of the western division of the eastern district may be appointed by the judge of the western district as referee in bankruptcy for the division herein created at Hot Springs.".

[31] First proviso appearing on this page.

[32] First proviso in the second full paragraph appearing on this page.

[33] The first proviso in the paragraph beginning near the bottom of this page and ending on page 301, such proviso relating to minimum and maximum salaries of probation officers.

[34] Only the following appearing or commencing on page 301: the first and third provisos in the third full paragraph; the two provisos in the paragraph beginning "Miscellaneous expenses", the second which provisos ends on page 302.

[35] The third proviso in the first full paragraph appearing on this page.

[36] First sentence only.

[37] The first proviso in the the third full paragraph appearing on this page.

[38] The first and third provisos appearing on this page.

[39] The two provisos in the first paragraph appearing on this page.

[40] The second proviso in the second full paragraph appearing on this page.

62 STAT.]   80TH CONG., 2D SESS.—CH. 646—JUNE 25, 1948          1007

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1946—July 7 | 430 | | 56 | 690 | 28 | 1 |
| Dec. 7 | 649 | 1, 2, 3 | 55 | 1037 | 28 | 321, 322, 323 |
| Dec. 14 | 731 | | 55 | 1050 | 28 | 213 |
| Dec. 24 | 577 | | 55 | 1050 | 28 | — |
| Do. | 636 | 1, 2, 3 | 55 | 1650 | 28 | 323, 323a, 404 |
| Do. | 636 | | 55 | 1650 | 28 | 1 |
| Dec. 23 | 655 | 1, 2, 3, 4, 5, 6 | 55 | 1054, 1055, 1056 | 28 | 17, 18, 19, 20, 21, 29 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1942—June 25 | 172 | II | 206 (part) | 57 | 242 | 18 | 729-1 |
| Do. | 172 | II | 206 (part) | 57 | 243 | 18 | 576b |
| Do. | 172 | II | 204 (part) | 57 | 243 | 18 | 243 |
| Do. | 172 | II | 203 (part) | 57 | 243 | 18 | 729a |
| Do. | 172 | II | 205 | 57 | 244 | 28 | 893 |
| July 1 | 180 | II | 1 (part) | 57 | 244 | 28 | 464a |
| Do. | 182 | II | 1 (part) | 57 | 244 | 28 | 464a |
| Do. | 183 | II | 1 (part) | 57 | 245 | 28 | 895 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1943—July 13 | 234 | | 57 | 553 | 28 | 200a |
| Dec. 5 | 332 | | 57 | 594 | 28 | 395 |
| 1944—Jan. 26 | 3 | | 58 | 7 | 6 b |
| 1944—May 21 | 253 | 1, 2, 3 | 58 | 218, 219 | 28 | 576, 576a, note, 235 f, 235 l, note |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1944—June 25 | 277 | II | 206 (part) | 58 | 287 | 28 | 374 b |
| Do. | 277 | II | 206 (part) | 58 | 287 | 28 | 725 a |
| Do. | 277 | II | 208 | 58 | 288 | 28 | 690 |
| June 27 | 298 | II | 313 | 58 | 287 | 28 | 530 a |
| June 29 | 294 | II | 1 (part) | 58 | 430 | 28 | 384 a |
| Do. | 298 | II | 1 (part) | 58 | 431 | 28 | 501 a |
| Do. | 294 | II | 1 (part) | 58 | 430 | 28 | 500 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1944—Sept. 27 | 413 | 1, 2 | 58 | 742 | 28 | 542 |
| Do. | 414 | 1, 2, 3, 4, 5 | 58 | 743, 744 | 28 | 549, 561, 562, 565 |
| Dec. 7 | 520 | 1 | 58 | 796 | 28 | 213 |
| Dec. 8 | 523 | | 58 | 798 | 28 | 9 |
| Dec. 23 | 606 | | 58 | 921 | 28 | 136 |
| Dec. 23 | 604 | | 58 | 918 | 28 | 130 |
| Dec. 20 | 722 | | 58 | 625 | 28 | 213 |

[20] The first proviso in the first full paragraph appearing on this page.
[21] The three provisos in the fourth full paragraph appearing on this page.
[22] The first two provisos appearing on this page.
[23] The second proviso, only, in the first full paragraph appearing on this page.
[24] First proviso appearing on this page.
[25] The third proviso in the first full paragraph appearing on this page.
[26] First proviso in the second full paragraph appearing on this page.
[27] The three provisos in the third full paragraph appearing on this page.
[28] The second proviso in the fifth full paragraph appearing on this page.
[29] The proviso in the first full paragraph appearing on this page.
[30] The third proviso in the second full paragraph appearing on this page.
[31] The first proviso in the third full paragraph appearing on this page.

1006 PUBLIC LAWS—CH. 646—JUNE 25, 1948 [62 Stat.

## SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1945—May 1 | 105 | II | 213 | 50 | 154 | 28 | 505a |
| May 22 | 130 | II (part) | | 60 | 165 | 28 | 604a |
| Do | 130 | II (part) | | 60 | 182, 184 | 28 | 604a |
| Do | 130 | II (part) | | 60 | 184 | 28 | 505 |
| Do | 130 | IV (part) | | 60 | 187 | 28 | 505b |
| Do | 130 | IV (part) | | 60 | 188 | 28 | 452b |
| Do | 130 | IV (part) | | 60 | 189 | 28 | 374b |
| Do | 130 | IV (part) | | 60 | 190 | 18 | 728b |
| Do | 130 | IV (part) | | 60 | 200 | 28 | 620 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1945—Oct. 29 | 686 | | 59 | 550 | 28 | 158 |
| Oct. 29 | 443 | 283 | 59 | 554 | 18 | 762b |
| Nov. 6 | 447 | | 59 | 555 | 28 | 350 |
| Nov. 15 | 462 | | 59 | 552 | 28 | 174 |
| Dec. 28 | 552 | | 59 | 655, 660 | 28 | 557 |
| Do | 586 | | 59 | 661, 662 | 28 | 158 |
| Do | 586 | | 59 | 662 | 28 | 167 |
| 1946—Apr. 19 | 139 | 1, 2, 3 | 60, 61 | | 28 | 232g, 232q, notes, 372f |
| | | | | | 45 | 664b, 664c |
| Apr. 30 | 205 | 1, 2, 3, 4 | 60 | 118, 119 | 10 | 90a, 90f, 90g, 90h |
| June 11 | 415 | | 60 | 259 | 28 | 1, note |
| June 24 | 469 | 1–6 | 60 | 30 | 15 | 273, 176–276, 282 |

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1946—July 1 | 541 | II (part) | | 60 | 460 | 28 | 404a |
| Do | 545 | IV (part) | | 60 | 397 | 28 | 396a |
| Do | 545 | IV (part) | | 60 | 405 | 28 | 412b |
| Do | 545 | IV (part) | | 60 | 673, 678 | 28 | 374b |
| Do | 545 | IV (part) | | 60 | 673 | 18 | 728b |
| Do | 541 | IV (part) | | 60 | 460 | 28 | 620 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1946—July 19 | 549 | | 60 | 526 | 28 | 526a |
| Do | 549 | | 60 | 526 | 28 | 526 |
| July 31 | 704 | 3 (part) 4a | 60 | 726 | D. C. | 5, 262, 262, 262, 262, 262 |
| | | | | | Code | 11–302, 11–306 |
| Aug. 1 | 726 | 1–6 | 60 | 762 | 28 | 596, 597 note, 597a, 597b, 599a |
| Aug. 2 | 753 | 406–425 | 60 | 862 | 28 | 621, 705 note, 946 |
| 1947—May 15 | 55 | 1–4 | 61 | 90, 92 | 16 | 158e–158d |
| Do | 57 | | 61 | 92 | 16 | 495e–1 |

The proviso, only, in the third full paragraph appearing on this page.
The proviso beginning near the bottom of page 183 and ending on page 184.
The first proviso in the first full paragraph appearing on this page.
The first proviso in the fifth full paragraph appearing on this page.
Only the following words in the seventh full paragraph appearing on this page: "$6 per day, not exceeding 5 days for any one term of court."
The two provisos in the first full paragraph appearing on this page.
Second proviso in the third full paragraph appearing on this page.
All of the third full paragraph appearing on this page.
Third proviso in paragraph commencing "Fees of witnesses", said proviso ending on page 461.
First proviso in paragraph appearing on this page, such proviso being the first proviso in the first full paragraph appearing on this page.
Only the following words in the fifth paragraph appearing on this page: "$6 per day, not exceeding three days for any one term of court."
The two provisos in the paragraph commencing near the bottom of page 678 and ending on page 679.
The second proviso in the second full paragraph appearing on this page.
The second full paragraph appearing on this page.
All of this section except the words: "That the following salaries shall be paid to the several judges hereinafter mentioned in lieu of the salaries now provided by law, namely:", the words "To each of the judges of the Tax Court of the United States at the rate of $15,000 per year", and the words "That all of said salaries shall be paid in monthly installments". All of the foregoing quoted words shall remain in full force and effect.

### SCHEDULE OF LAWS REPEALED—Continued

| Date | Statutes at Large | | | | | U. S. Code | |
|---|---|---|---|---|---|---|---|
| | Chapter | Title | Section | Volume | Page | Title | Section |
| 1942—July 8 | 212 | II | (part) | | 56 | 230 | 26 | 404a |
| Do | 212 | IV | (part) | | 56 | 328 | 26 | 392a |
| Do | 212 | IV | (part) | | 56 | 334 | 26 | 412a |
| Do | 212 | IV | (part) | | 56 | 304, 305 | 26 | 1700 |
| Do | 212 | IV | (part) | | 56 | 305 | 26 | 630 |

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1942—July 11 | 226 | | 56 | 230 | 26 | 194 |
| July 23 | 355 | 1, 2 | 56 | 450 | 19 | 274c, 274d |
| Aug. 1 | 445 | 1 | 56 | 732 | 38 | 802 |

**United States Code**

| Title | Section |
|---|---|
| 17 | 101 (f) |
| 17 | 102 |
| 17 | 106 |
| 17 | 116 |
| 17 | 131 |

⁵⁶ Third proviso in the paragraph commencing, "Fees of witnesses" appearing on this page.
⁵⁷ First proviso in the paragraph headed "United States Customs Court" appearing on this page.
⁵⁸ Only the following words in the sixth full paragraph appearing on this page: "26 per day, not exceeding three days for any one term of court".
⁵⁹ The two provisos in the paragraph commencing near the bottom of page 304 and ending on page 305.
⁶⁰ All of the second paragraph appearing on this page.

Approved June 25, 1948, 12:25 p. m., E. D. T.

---

[CHAPTER 647]

### AN ACT

June 25, 1948
[S. 2242]
[Public Law 774]

To authorize for a limited period of time the admission into the United States of certain European displaced persons for permanent residence, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the Displaced Persons Act of 1948.

SEC. 2. When used in this Act the term—

(a) "Commission" means the Displaced Persons Commission created pursuant to this Act;

(b) "Displaced person" means any displaced person or refugee as defined in Annex I of the Constitution of the International Refugee Organization and who is the concern of the International Refugee Organization.

(c) "Eligible displaced person" means a displaced person as defined in subsection (b) above, (1) who on or after September 1, 1939, and on or before December 22, 1945, entered Germany, Austria, or Italy and who on January 1, 1948, was in Italy or the American sector, the British sector, or the French sector of either Berlin or Vienna or the American zone, the British zone, or the French zone of either Germany or Austria; or a person who, having resided in Germany or Austria, was a victim of persecution by the Nazi government and was detained in, or was obliged to flee from such persecution and was subsequently returned to, one of these countries as a result of enemy action, or of war circumstances, and on January 1, 1948, had not been firmly resettled therein, and (2) who is qualified under the immigration laws of the United States for admission into the United States for permanent residence, and (3) for whom assurances in accordance with the regulations of the Commission have been given that such person, if admitted into the United States, will be suitably employed without displacing some other person from employment and that such person, and the

*Displaced Persons Act of 1948.*

*"Commission."*

*"Displaced person."*

*"Eligible displaced person."*



COPY

Reproduced at the National Archives

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and correct copy of documents in his custody.



| SIGNATURE | |
|---|---|
| NAME Richard H. Hunt | DATE 11/20/08 |
| TITLE Director | |
| Center for Legislative Archives | |
| NAME AND ADDRESS OF DEPOSITORY | |
| The National Archives Washington, D.C. 20408 | |

NA FORM APR 85 1407-A

15

# H. R.

## An Act

3250

to revise, codify, and enact into positive

law, Title 18 of the United States Code, entitled "Crimes

and Criminal Procedure.".

Examined and found truly enrolled.

June 18 19 48

*K M LeCompte*

Chairman.

80th CONGRESS
1st Session

# H. R. 3190

# AN ACT

To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    That Title 18 of the United States Code, entitled "Crimes

4    and Criminal Procedure", is hereby revised, codified, and

5    enacted into positive law, and may be cited as "Title 18,

6    U. S. C., §—", as follows:

international extradition, including the fees of the commissioner, shall be certified by the judge or commissioner before whom the hearing shall take place to the Secretary of State of the United States, and the same shall be paid out of appropriations to defray the expenses of the judiciary or the Department of Justice as the case may be.

The Attorney General shall certify to the Secretary of State the amounts to be paid to the United States on account of said fees and costs in extradition cases by the foreign government requesting the extradition, and the Secretary of State shall cause said amounts to be collected and transmitted to the Attorney General for deposit in the Treasury of the United States.

## CHAPTER 211.—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within District—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
3239. Threatening communications.
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or against Indians on Indian reservations.

## § 3231.   DISTRICT COURTS

Offenses against the United States shall be cognizable in the district courts of the United States, but nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof.

471

| Date | Statutes at Large | | | | U. S. Code | |
|------|-------|---------|--------|------|-------|---------|
| | Chapter | Section | Volume | Page | Title | Section |
| 1946—July 10__ | 547 | ---------- | 60 | 524, 525 | 18 | 641 |
| July 24__ | 606 | ---------- | 60 | 656 | 18 | 409–411 |
| Aug. 2___ | 735 | ---------- | 60 | 789 | 18 | 408e |
| Aug. 14__ | 964 | ⁶⁶ 3 | 60 | 1064 | 7 | 1026 |

⁵⁵ Only the provisions amending section 52 of Act July 22, 1937, ch. 517, title IV, 50 Stat. 531, 532.

Passed the House of Representatives May 12, 1947.

Attest:

*John Andrews*

*Clerk.*

80th CONGRESS
1st Session

# H. R. 3190

# AN ACT

To revise, codify, and enact into positive law,
Title 18 of the United States Code, entitled
"Crimes and Criminal Procedure".

JUN 17 1948

(CALENDAR DAY)
JUN 18 1948

House agrees to Senate amendments.

In the Senate of the United States,

JUN 18    IN. UT JUN 15 48

Resolved, That this bill pass with
amendments.
Attest:

Secretary





## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives of the United States, that the attached reproduction(s) is a true and correct copy of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| NAME  Richard H. Hunt | | DATE  11/20/08 |
| TITLE  Director  Center for Legislative Archives | | |
| NAME AND ADDRESS OF DEPOSITORY  The National Archives  Washington, D.C. 20408 | | |

NA FORM APR 85 1407·A

*Copy for printer*

*Copy for Print...*

# Calendar No. 1675

80TH CONGRESS
1ST SESSION

# H. R. 3190

REPORT NO. 1620

## IN THE SENATE OF THE UNITED STATES

MAY 13 (legislative day, APRIL 21), 1947

Read twice and referred to the Committee on the Judiciary

*Reported by Mr. Wiley, with amendments.*

Reported with amendments.

# AN ACT

To revise, codify, and enact into positive law, Title 18 of the
United States Code, entitled "Crimes and Criminal Pro-
cedure".

1     *Be it enacted by the Senate and House of Representa-*

2 *tives of the United States of America in Congress assembled,*

3 That Title 18 of the United States Code, entitled "Crimes

4 and Criminal Procedure", is hereby revised, codified, and

5 enacted into positive law, and may be cited as "Title 18,

6 U. S. C., §—", as follows:

367

1  international extradition, including the fees of the com-

2  missioner, shall be certified by the judge or commissioner

3  before whom the hearing shall take place to the Secretary

4  of State of the United States, and the same shall be paid

5  out of appropriations to defray the expenses of the judiciary

6  or the Department of Justice as the case may be.

7      The Attorney General shall certify to the Secretary

8  of State the amounts to be paid to the United States on

9  account of said fees and costs in extradition cases by the

10  foreign government requesting the extradition, and the

11  Secretary of State shall cause said amounts to be collected

12  and transmitted to the Attorney General for deposit in the

13  Treasury of the United States.

CHAPTER 211.—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within District—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
3239. Threatening communications.
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or against Indians on Indian reservations.

14  § 3231.  DISTRICT COURTS

15      Offenses against the United States shall be cognizable

16  in the district courts of the United States, but nothing in

17  this title shall be held to take away or impair the jurisdiction

18  of the courts of the several states under the laws thereof.

The Attorney General shall certify to the Secretary

8  of State the amounts to be paid to the United States on

9  account of said fees and costs in extradition cases by the

10  foreign government requesting the extradition, and the

11  Secretary of State shall cause said amounts to be collected

12  and transmitted to the Attorney General for deposit in the

13  Treasury of the United States.

CHAPTER 211.—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within District—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
3239. Threatening communications.
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or against Indians on Indian reservations.

14  § 3231.  DISTRICT COURTS

15      Offenses against the United States shall be cognizable

16  in the district courts of the United States, but nothing in

17  this title shall be held to take away or impair the jurisdiction

18  of the courts of the several states under the laws thereof.

The district courts of the United States shall have

original jurisdiction, exclusive of the courts of the

States, of all offenses against the laws of the United

471

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1946—July 10 | 547 | ---------- | 60 | 524, 525 | 18 | 641 |
| July 24 | 606 | ---------- | 60 | 656 | 18 | 409–411 |
| Aug. 2 | 735 | ---------- | 60 | 789 | 18 | 408e |
| Aug. 14 | 964 | *3 | 60 | 1064 | 7 | 1026 |

* Only the provisions amending section 52 of Act July 22, 1937, ch. 517, title IV, 50 Stat. 531, 532.

Passed the House of Representatives May 12, 1947.

Attest:                    JOHN ANDREWS,

                                         *Clerk.*

| 1947— Apr. 16 | 39 | —— | 61 | 52 | 18 | 411 |
|---|---|---|---|---|---|---|
| May 16 | 73 | —— | 61 | 97 | 18 | 74,0a-1 |
| June 21 | 111 | —— | 61 | 234 | 18 | 244 |
| June 23 | 120 | 204 | 61 | 359 | 2 | 261 |



H. R. 3190

Calendar No. 1675

# AN ACT

To revise, codify, and enact into positive law,
Title 18 of the United States Code, entitled
"Crimes and Criminal Procedure".

MAY 13 (legislative day, APRIL 21), 1947
Read twice and referred to the Committee on the
Judiciary

*Reported by Mr. Wiley,
with amendments.*

Reported with amendments.

SEINIOA
HR 3190



COPY
Reproduced at the National Archives

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## 𝕿𝖔 𝖆𝖑𝖑 𝖙𝖔 𝖜𝖍𝖔𝖒 𝖙𝖍𝖊𝖘𝖊 𝖕𝖗𝖊𝖘𝖊𝖓𝖙𝖘 𝖘𝖍𝖆𝖑𝖑 𝖈𝖔𝖒𝖊. 𝕲𝖗𝖊𝖊𝖙𝖎𝖓𝖌:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

der the seal of the National Archives of the United States, that the attached reproduction(s) is a true and

copy of documents in his custody.



| SIGNATURE | | |
|---|---|---|
| NAME    Richard H. Hunt | DATE   11/20/08 | |
| TITLE Director | | |
| Center for Legislative Archives | | |

NAME AND ADDRESS OF DEPOSITORY

The National Archives
Washington, D.C. 20408

NA FORM APR 85 1 407 -A

N

| | | |
|---|---|---|
| **54th Congress,** <br> 2d Session. | **SENATE.** | **Report** <br> No. 1335. |

## INQUIRY IN REGARD TO RIVER AND HARBOR ACT.

---

January 26, 1897.—Ordered to be printed

---

Mr. Hill, from the Committee on the Judiciary, submitted the following

## REPORT.

The Committee on the Judiciary, under the authority and direction of the resolution of the Senate agreed to on February 20, 1896, which resolution is as follows:

*Resolved, That the Committee on the Judiciary be, and is hereby, directed to inquire and report to the Senate whether, under the provisions of the river and harbor act approved July 13, 1892, the resolution mentioned in the last paragraph of that law is required to be a joint resolution, and whether concurrent resolutions generally are required to be submitted to the President of the United States,*

having duly considered the same, hereby submit the following report:

### THE QUESTION PRESENTED.

The committee regard the general question presented as involving the proper construction of a portion of section 7 (to wit, subdivision 3) of article 1 of the Constitution, which reads in this wise:

3. Every order, resolution, or vote, to which the concurrence of the Senate and House of Representatives may be necessary (except on a question of adjournment) shall be presented to the President of the United States; and before the same shall take effect, shall be approved by him, or, being disapproved by him, shall be repassed by two-thirds of the Senate and House of Representatives, according to the rules and limitations prescribed in the case of a bill.

It will be observed that the terms of this section are very broad and sweeping, and on the face thereof, especially under a technical or narrow construction, are sufficient to justify the contention that every resolution, whether joint or concurrent, or whatever may be its mere form (unless it relate to a question of adjournment), must be presented to the President for his approval, in case it is one to which the concurrence of the two Houses is necessary.

In one view every joint and every concurrent resolution requires the concurrence of the two Houses from its very nature, from the form thereof, irrespective of its subject-matter. In other words such a resolution, purporting on its very face to be passed through the agreeing action of both Houses, must of course receive such actual concurrence, or it would not be in fact a joint nor concurrent resolution.

But it is apprehended that the Constitution looks beyond the mere form of a resolution in determining whether it should be presented to the President, and looks rather to the subject-matter of the resolution itself to ascertain whether it is one "to which the concurrence of the Senate and House of Representatives may be necessary."

The Constitution prescribes no definite form in which legislation shall be framed. The manner by which the legislative will may be expressed

**2**      INQUIRY IN REGARD TO RIVER AND HARBOR ACT.

seems to be left to the discretion of Congress, except that section 7 (article 1) seems to imply that it is to be done *by bill*, as it expressly provides that "*every bill* which shall have passed the House of Representatives and the Senate shall, before it becomes a law, be presented to the President of the United States" (subdivision 2); and it is also to be implied from the provisions of subdivision 3 (article 1, sec. 7) that it may be done by "order, resolution, or vote," and in that case it must also be presented to the President as "in the case of a bill."

It is clear that *every bill* must be presented to the President, irrespective of the nature or contents thereof. Upon that point the Constitution is explicit, but whether an "order, resolution, or vote" (except on a question of adjournment) must be presented to the President, depends upon the fact whether the concurrence of the two Houses was actually necessary.

The precise question presented involves the proper construction to be given to the sentence "to which the concurrence of the Senate and House of Representatives *may* be necessary," and these words are believed to relate to more than the mere form of the "order, resolution, or vote," as otherwise every action of Congress (other than pertaining to adjournment) contained in an "order, resolution, or vote" would have to be presented to the President, as Congress consists of two Houses and can not act or speak as such without the joint or concurrent action or otherwise expressed consent of both bodies.

If permissible a more acceptable construction would be that no "order, resolution, or vote" need be presented to the President unless its subject-matter is legislation to which the Constitution expressly requires in the first instance the assent of both Houses, matter to which such assent is constitutionally necessary. In other words, the phrase "to which the concurrence * * * may be necessary" should be held to refer to the "concurrence" made "necessary" by the other provisions of the Constitution and not to the mere form of the procedure; so that no mere resolution, joint, concurrent, or otherwise, need be presented to the President for his approval unless it relates to matter of legislation to which the Constitution requires the concurrence of both Houses of Congress and the approval of the President—in other words, unless such Congressional action be the exercise of "legislative powers" vested in Congress under the provisions of section 1, article 1.

A brief history of the use made of joint and concurrent resolutions since the organization of the Government may tend to elucidate the question involved.

### JOINT RESOLUTIONS.

The first Congress of the United States began legislating both by bill and resolution. At its first session, which began in New York on March 4, 1789, and continued to September 29, 1789, it passed 27 bills and 4 resolutions. The bills all contained the same enacting clause now used, to wit, "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled."

The first resolution presented to the President and approved by him (August 26, 1789) was neither a joint nor a concurrent resolution, but was a simple resolution, as follows:

1. *Resolved,* That the survey directed by Congress in their act of June the sixth, 1789, be made and returned to the Secretary of the Treasury without delay; and that the President of the United States be requested to appoint a fit person to complete the same, who shall be allowed five dollars per day whilst actually employed in the said service, with the expenses necessarily attending the execution thereof.

Government which either House separately might appropriately pass and although it was joint in form there was no necessity for its presentation to the President, unless all joint resolutions must be so presented regardless of their substance. This resolution clearly raised the question whether it is the form or the substance of a resolution which determines the necessity for its presentation to the President.

During the first session of the Fourth Congress 54 bills and 1 joint resolution were passed and approved, the resolution containing legislative matter; while in the second session thereof 26 bills and 2 similar joint resolutions were passed and approved.

At the first session of the Fifth Congress 17 bills were passed but no joint resolutions, and at the second session thereof 89 bills and 1 joint resolution were passed and approved, the resolution authorizing and directing the Secretary of State to cause certain printing to be done.

In the third session of the same Congress 48 bills and 1 joint resolution were passed and approved, the resolution authorizing and directing the Secretary of the Senate and the Clerk of the House to procure certain books.

During the Sixth and Seventh Congress, in addition to a large number of bills, 5 joint resolutions of a legislative character were passed and approved.

At the first session of the Eighth Congress a joint resolution was passed, but not presented to the President nor approved by him (but printed in volume 2, Statutes at Large of United States, p. 305) which simply instructed the Joint Committee on Enrolled Bills to wait on the President and ask for the return of an enrolled bill which had been incorrectly engrossed, in order to correct the error. The resolution did not purport to enact any legislation and this is probably the reason it was not approved by the President.

During the second session of the same Congress 2 joint resolutions were passed and approved, expressing the thanks of Congress to certain naval officers and providing for an allowance to them of certain extra pay. This provision in reference to pay clearly gave the resolution a legislative character and necessitated the approval of the President.

At the first session of the Ninth Congress a joint resolution was passed and approved, which, after the resolving clause, was as follows:

That the President of the United States be requested to cause to be made known to Nicholas C. Nissen, esq., His Danish Majesty's consul, residing at Tripoli, the high sense entertained by Congress of his disinterested and benevolent attentions manifested to Captain Bainbridge, his officers, and crew during the time of their captivity in Tripoli.

It is difficult to discover why this resolution required the signature of the President, unless upon the theory that all joint resolutions so require it, or unless a request of the President is deemed equivalent to a direction—a courteous method of expressing the desire of Congress—and that a direction necessarily partakes of the character of legislation.

One joint resolution was passed and approved in the second session of the Ninth Congress, 1 in the first session of the Tenth Congress, none in the first session of the Eleventh Congress, and 1 in the second session thereof, each of the said resolutions being of a legislative character.

In the third session of the Eleventh Congress only 1 joint resolution was passed and approved (by President Madison) which was as follows:

Taking into view the peculiar situation of Spain, and of her American provinces, and considering the influence which the destiny of the territory adjoining the southern border of the United States may have upon their security, tranquillity, and commerce: Therefore,

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled*, That the United States, under the peculiar circumstances of the existing crisis, can not, without serious imprudence, on any part of the said territory pass into the hands of any foreign power, and that a due regard to their own safety compels them to provide, under certain contingencies, for the temporary occupation of the said territory; they, at the same time, declare that the said territory shall, in their hands, remain subject to future negotiation.

It will not escape attention that this resolution did not merely express the sense of Congress, but assumed to speak for the *United States*—for the Government—and declared a certain policy for the Government to pursue, and hence its passage was properly regarded as the exercise of legislative powers.

At the first session of the Twelfth Congress 3 joint resolutions were passed, 2 relating to legislation which were approved, and 1 which was not approved appointing a joint committee to wait on the President and request that he recommend a day of public humiliation and prayer to be observed by the people of the United States. (This resolution is printed in volume 2, Statutes at Large of the United States, p. 786.)

The omission to approve this resolution was probably based upon the ground that a mere request which involved no expense to the Government was not properly legislative matter with which the President could interfere.

During the second session of the Twelfth Congress two joint resolutions were passed and approved requesting the President to present to certain officers of the Navy gold and silver medals and swords for their gallant conduct. The approval was appropriate upon the ground that the resolutions involved expense and therefore were a legislative matter. Perhaps it was also proper upon the ground that the request therein contained was in effect a *direction* to the President, although placed in the form of a request, as a matter of official courtesy. If, however, the latter explanation is tenable, it is difficult to discover why the resolution requesting the President to appoint a day for public prayer did not also require approval.

It is deemed unnecessary to especially review or notice the other joint resolutions which have been passed from and after the Thirteenth Congress up to the present time. It is sufficient to state, after a careful examination thereof, that while the great bulk of the legislation enacted by Congress during that period has been by bill, a number of joint resolutions have also been passed at nearly every session, and although during the first fifty years of the Government the whole number of such resolutions did not exceed 200, they thereafter gradually increased until in the Forty-first Congress alone the number exceeded 500. That form of legislation has also been largely used since then, but not to the extent it reached in the Forty-first Congress.

It has been the uniform practice of Congress (except in the few instances heretofore mentioned occurring in the very early Congresses) to present all joint resolutions to the President for his approval, and for the President to act upon the same. Such resolutions have usually embraced only matters of a conceded legislative character.

## CONCURRENT RESOLUTIONS.

The passage of concurrent resolutions by Congress began immediately upon the organization of the Government. They differ very little from simple resolutions, Senate concurrent resolutions being in form substantially as follows: "Resolved by the Senate (the House of Representatives concurring therein), That, etc." They have not been used (except as hereinbefore stated) for the purposes of enacting legislation,

but to express the sense of Congress upon a given subject, to adjourn longer than three days, to make, amend, or suspend joint rules, and to accomplish similar purposes, in which both Houses have a common interest, but with which the President has no concern. They are frequently used in ordering the printing of documents, in paying therefor, and in incurring and paying other expenses where the moneys necessary therefor have previously been appropriated and set apart by law for the uses of the two Houses.

Concurrent resolutions from their very nature require the *concurrence* of both Houses to make them effectual, and if the Constitution in section 7, before quoted, has reference solely to the form, and not to the substance of such resolutions, they must of course be presented to the President for his approval.

For over a hundred years, however, they have never been so presented. They have uniformly been regarded by all the Departments of the Government as matters peculiarly within the province of Congress alone. They have never embraced legislative provisions proper, and hence have never been deemed to require Executive approval.

This practical construction of the Constitution, thus acquiesced in for a century, must be deemed the true construction, with which no court will interfere (Stuart v. Laird, 1 Cranch, 299). If it be contended that the exception in section 7 (whereby adjournment resolutions are excluded from those which must be presented to the President, although they require the concurrence of both Houses) somewhat corroborates the theory that all other concurrent resolutions are intended to be included, regardless of their character, it may be answered that such exception was rendered necessary because of that other provision of the Constitution (art. 1, sec. 5, subdiv. 4) which prevents adjournments for more than three days without the consent of each House. Such adjournment resolutions were therefore constitutionally required to be concurrent because the "concurrence" of both Houses was under the Constitution itself necessary thereto to make them valid, and if there had been no exception contained in said section 7 all such resolutions would have been required to be presented to the President, which would be an unprofitable and useless proceeding, as Congress itself should have the sole right to determine the question of its own adjournment, the President being sufficiently protected in such matters by his power to convene Congress whenever he deems it desirable.

In other words, the exception was necessary in order to take certain adjournment resolutions out of the category of those "to which the concurrence of the Senate and House of Representatives may be necessary," under the other provisions of the Constitution, and for that good reason all adjournment resolutions were appropriately excepted.

The provisions of chapter 9 of the laws of 1874, incorporated in the Revised Statutes (2d ed., 1878, p. 33) as section 205, which do not seem to have been repealed, imply that there may be resolutions, other than joint resolutions, in which legislation may properly be embraced, requiring the approval of the President. They are as follows:

Whenever a bill, order, resolution, or vote of the Senate and House of Representatives, having been approved by the President or not having been returned by him with his objections, becomes a law or takes effect, it shall forthwith be received by the Secretary of State from the President. And whenever a bill, order, resolution, or vote is returned by the President with his objections, and on being reconsidered is agreed to be passed, and is approved by two-thirds of both Houses of Congress, and thereby becomes a law or takes effect, it shall be received by the Secretary of State from the President of the Senate or Speaker of the House of Representatives, in whichsoever House it shall last have been so approved, and he shall carefully preserve the originals.

INQUIRY IN REGARD TO RIVER AND HARBOR ACT.   7

It will be observed that this statute uses the broad phrase "order, resolution, or vote," the same as used in the Constitution, without making any distinction between joint and concurrent resolutions. Neither do the provisions of the act of February 25, 1871 (now incorporated in the Revised Statutes, 2d ed. 1878, p. 2, secs. 7 and 8), throw much light on the subject.

They simply prescribe the *form* of bills and *joint* resolutions, and are as follows:

SEC. 7. The enacting clause of all acts of Congress hereafter enacted shall be in the following form: "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled."

SEC. 8. The resolving clause of all joint resolutions shall be in the following form: "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled."

From these provisions it may properly be inferred that Congress did not intend or contemplate that any legislation should thereafter be enacted except by bill or joint resolution. That is a fair inference, because it had provided no form of legislation by concurrent resolution; but of course these provisions, which must largely be regarded as directory—could not bind subsequent Congress, which possess the inherent right to prescribe their own forms of legislation notwithstanding this statute.

The rules of the respective Houses treat bills and joint resolutions alike, and do not contemplate that legislation shall be enacted in any other form or manner; but it is still true that rules may be suspended at the pleasure of either House, and legislation may also be enacted by a majority in evasion or violation of rules, and even in the absence of rules, without affecting its constitutionality or validity. This principle is plainly deducible from the case of Field v. Clark (143 U. S. R., 649) and other authorities.

The act of January 12, 1895, providing for the public printing, recognizes the distinction for which we contend. It provides (chap. 23 of the laws of 1895, sec. 39) that—

Orders for printing extra copies shall be by single, concurrent, or joint resolution. Either House may print extra copies to the amount of five hundred dollars by simple resolution; if the cost exceeds that sum the printing shall be ordered by concurrent resolution, except when the resolution is self-appropriating, when it shall be by joint resolution.

It will then be observed that a joint resolution is only to be used when an appropriation is desired additional to the amount already appropriated for printing purposes in the general appropriation bills—in other words, when the resolution is *self-appropriating*, thereby rendering it legislation per se. When there is no appropriation, but the expense is to be borne by the fund already on hand, placed at the disposal of the two Houses, then a simple or concurrent resolution is appropriate, depending upon the amount involved.

The printing act before mentioned (chap. 23, laws of 1895, sec. 73) contains a departure from the practice which had prevailed since the organization of the Government. It requires the Statutes at Large to contain "all laws, joint, and concurrent resolutions passed by Congress, and also all conventions, treaties, proclamations, and agreements." Concurrent resolutions had never theretofore been printed in the Statutes at Large, but are now so printed under the authority of this act. The necessity or propriety of their publication among our statute laws, (except for ready reference as a matter of convenience simply) may be open to question. They are not approved by the President and are not laws in any sense.

8        INQUIRY IN REGARD TO RIVER AND HARBOR ACT.

It should also be stated that it has been the uniform practice of Congress, since the organization of the Government, not to present concurrent resolutions to the President for his approval, and to avoid incorporating in such resolutions any matter of strict legislation requiring such presentation. As a matter of propriety and expediency it is believed to be wise to continue that course in the future.

### CONCLUSIONS AS TO CONCURRENT RESOLUTIONS.

We conclude this branch of the subject by deciding the general question submitted to us, to wit, "whether concurrent resolutions are required to be submitted to the President of the United States," must depend, not upon their mere form, but upon the fact whether they contain matter which is properly to be regarded as legislative in its character and effect. If they do, they must be presented for his approval; otherwise, they need not be. In other words, we hold that the clause in the Constitution which declares that every order, resolution, or vote must be presented to the President, to "which the concurrence of the Senate and House of Representatives may be *necessary*," refers to the necessity occasioned by the requirement of the other provisions of the Constitution, whereby every exercise of "legislative powers" involves the concurrence of the two Houses; and every resolution not so requiring such concurrent action, to wit, not involving the exercise of legislative powers, need not be presented to the President. In brief, the nature or substance of the resolution, and not its form, controls the question of its disposition.

### CONCLUSION AS TO RIVER AND HARBOR ACT.

In answer to the specific question submitted, to wit, whether under the provisions of the river and harbor act approved July 13, 1892, the resolution mentioned in the last paragraph of that law is required to be a joint resolution, we report that in our opinion it need not be.

The section containing the paragraph in question is as follows:

SEC. 3. For preliminary examination, continuation, expenses connected with inspection of bridges, the survey of works required in such cases, the examination of bridge sites and reports thereon, and for incidental repairs for which there is no special appropriation for rivers and harbors, one hundred and twenty-five thousand dollars: *Provided*, That no preliminary examination, survey, project, or estimate for new works, other than those designated in this act, shall be made: *And provided further*, That after the regular or formal report on any examination, survey, project, or work under way or proposed is submitted, no supplemental or additional report or estimate for the same fiscal year shall be made unless ordered by a resolution of Congress. The Government shall not be deemed to have entered upon any project for the improvement of any waterway or harbor mentioned in this act until funds for the commencement of the proposed work shall have been actually appropriated by law.

The requirement of "a resolution of Congress" mentioned above as a condition for the making of a supplemental or additional report or estimate will be fully answered by a concurrent resolution. A direction for the making of a mere report or estimate involving no appreciable expense in itself can not be said to be strictly matter of legislation, but rather partakes of the character of an ordinary request or direction for information from a Department which has never been deemed to require the approval of the President. Neither the request for the information nor the information itself can be said to be legislation per se. The information is desired preliminarily to enable Congress to frame legislation—it is a mere initiatory step, and no good

INQUIRY IN REGARD TO RIVER AND HARBOR ACT.    9

reason can be suggested why the President should be consulted in advance. Congress has the right of its own motion by resolution to require information to be furnished and reports to be made from all the Departments except the Executive Department. (Opinions of Attorney-Generals, vol. 6, pp. 333 and 683.)

It seems to have been assumed since 1892 that joint resolutions were required for the purpose of procuring the reports or estimates aforesaid, and many such have been passed, presented to, and approved by the President, and are printed in the Statutes at Large for 1895–96.

Any resolution of Congress, whether joint or concurrent, simply seeking such information need not be approved by the President.

We suggest that in order to preserve the harmony of parliamentary procedure, and to remove any obscurity which may be imagined to exist, it might be well enough to amend section 8 of the laws of 1892 by expressly providing for a concurrent resolution instead of " a resolution of Congress," but we do not regard such amendment as essential.

S. Rep. 2——6



**COPY**

Reproduced at the National Archives