DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. Gregory Damm
Nicholas D. Dickinson
Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| UNITED STATES OF AMERICA, | ) | 2:09-CR-078-JCM-(RJJ) |
| --- | --- | --- |
| | ) | 2:10-CR-520-JCM-(RJJ) |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL ACT VIOLATION - CR # 258 |
| vs. | ) | |
| | ) | |
| SHAWN RICE, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and J. Gregory Damm and Nicholas D. Dickinson, Assistant United States Attorneys and hereby submits GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL ACT VIOLATION - CR # 258.

On March 3, 2009, defendant Rice was indicted and charged with one count of conspiracy to commit money laundering pursuant to 18 U.S.C. § 1956 (h), thirteen counts of money laundering pursuant to 18 U.S.C. § 1956(a)(3)(A), and aiding and abetting. On October 19, 2010, defendant Rice was indicted and charged with three counts of failure to appear in violation of 18 U.S.C. § 3146(a)(1). Defendant Rice was a fugitive from justice from March 8, 2010, until his arrest in Arizona on December 22, 2011, a total of 654 days.

Defendant Rice contends that he was denied his right to a speedy trial under the provisions of 18 U.S.C. § 3161. In his procedural background, defendant Rice refers to the indictment in case # 2:09-CR-078-JCM-(RJJ) as his "first and only indictment" and he neglects to mention the subsequent failure to appear indictment in case # 2:10-CR-520-JCM-(RJJ). Defendant Rice appears to only raise his speedy trial argument in his first case 2:09-CR-078-JCM-(RJJ). Defendant Rice claims that the speedy trial clock began to run on March 6, 2009, the date of his initial appearance in the first case (money laundering).

Defendant Rice appears to have ignored the provisions of 18 U.S.C. § 3161(k)(1) which provides as follows:

> If the defendant is absent (as defined by subsection (h)(3)) on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant or other process or surrender to the court occurs more than 21 days after the day set for trial, the defendant shall be deemed to have first appeared before a judicial officer of the court in which the information or indictment is pending within the meaning of subsection (c) on the date of the defendant's subsequent appearance before the court.

The trial for the defendant shall commence 70 days after the latter: (1) the filing date, or (2) the date that the defendant has appeared before the judicial officer in which the charge is pending. 18 U.S.C. § 3161(c)(1). Because the defendant was gone for a period of more than 21 days, § 3161(k)(1) requires that the speedy trial clock be reset to zero. *See, United States v. Serrano*, 197 F. App'x 906, 908–09 (11th Cir.2006) (unpublished) ("when the defendant is absent or unavailable at the date of his trial and does not appear before the court within 21 days, § 3161(k)(1) resets the speedy trial clock"); *United States v. Holloway*, 43 F.3d 712 (Table), 1 (D.C.Cir.1994) (unpublished) (defendant was absent in excess of 21 days; thus, the Speedy Trial Act clock was reset); *United States v. Robinson*, 991 F.2d 792 (Table), 2 (4th Cir.1993) (unpublished) ("speedy trial clock began anew under 18 U.S.C. § 3161(k)(1)" after defendant failed to appear and was absent for more than 21 days); *United States v. Greo*, 1994 WL 163923 (S.D.N.Y.1994) (18 U.S.C. § 3161(k)(1) reset the speedy trial

clock to zero after defendant failed to appear for trial and was absent for longer than 21 days). Further, because the defendant did not first appear where the charge was pending, the speedy trial clock did not commence to run until defendant Rice was returned to the district of Nevada. *See United States v. Thirion*, 813 F.2d 146, 153 (8th Cir.1987) (speedy trial clock does not start until first appearance in district where charge is pending, even though defendant in federal custody prior to that time). Since defendant Rice made his first appearance in the district of his arrest (Arizona), his speedy trial clock was not restarted under the Speedy Trial Act until his subsequent appearance in the charging district (Nevada) on January 19, 2012. CR # 220 in 2:09-CR-078-JCM-(RJJ).

On February 16, 2012, defendant Rice filed a Stipulation to Continue Trial. CR # 220. On February 20, 2012, this Court filed an Order to Continue Trial (CR # 230) which provided that time under the speedy trial clock was excluded from 3/13/12 until 7/23/12. A similar order was entered in the failure to appear case (2:10-CR-520-JCM-(RJJ)) which excluded time under the speedy trial clock from 3/13/12 until 8/7/12. The two cases were consolidated on June 4, 2012. CR # 23 in 2:10-CR-520-JCM-(RJJ).

Under either case, 2:09-CR-078-JCM-(RJJ) or 2:10-CR-520-JCM-(RJJ), the defendant's right to a speedy trial within 70-days has not yet run. At most, 54-days have run from 1/19/2012 (initial appearance) to 3/13/2012 (first trial setting). The

///

///

///

defendant stipulated to a continuance in the first case until 7/23/2012 and until 8/7/2012 in the second case (failure to appear). The defendant's motion to dismiss for an alleged violation of the speedy trial act should be denied.

DATED this \_\_\_\_16th\_\_\_\_ day of July, 2012.
Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/    J. Gregory Damm
_____
J. GREGORY DAMM
Assistant United States Attorney


/s/    Nicholas D. Dickinson
_____
NICHOLAS D. DICKINSON
Assistant United States Attorney

Certificate of Service

I, Pamela Mrenak, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL ACT VIOLATION - CR # 258, upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL ACT VIOLATION - CR # 258 and mailing a copy postage prepaid to Shawn Talbot Rice, P.O. Box 1092, Seligman, Arizona 86337-1092 and to Shawn Talbot Rice, Inmate # 43739-048, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060-3427.

Dated:   July 16, 2012         /s/ Pamela J. Mrenak
                               Legal Assistant to J. Gregory Damm
                               Assistant United States Attorney
                               District of Nevada