Shawn Talbot: Rice
in "care of" general post-office box 1092.
nation arizona. seligman city. Rice province.
United States minor, outlying islands
near [86337-1092].

2012 JUL 18  A 9: 06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEVADA

|  |  |
| --- | --- |
| _____ ) | Case Number: |
| UNITED STATES OF AMERICA ) | 2:10-cr-00520-JCM-RJJ-1 |
| ) |  |
| Plaintiff / Respondent, ) |  |
| ) |  |
| vs. ) | Lodgment of Affidavits of Discrepancies Regarding Sending and Delivery of Mail with Exhibits |
| ) |  |
| SHAWN TALBOT RICE ) |  |
| ) |  |
| Defendant / Petitioner ) |  |
| ) |  |
| _____ ) |  |

## FACT

Attached are affidavits from Kristin Rice, Elizabeth May and John Marsing

regarding the receiving of mail in Ash Fork and Seligman, Arizona.  Said Affidavits and

exhibits show that even though the USDC Las Vegas Clerk of the Court knew of the

current mailing address of the defendant in Seligman, Arizona, the Clerk still continued to

send notices to the Ash Fork address.  Exhibits are attached. Also attached are the affidavits of

Elizabeth May, general manager of the Eagle's Path, a private mail box service in Ash Fork,

Arizona, wherein she states the problems she had with the postmaster and his willingness to

deliver mail.  The affidavit of John Marsing, a resident of Ash Fork, Arizona also describes the

problems he has had with the Ash Fork Postmaster.

These affidavits call into question the validity of whether the defendant could properly be served notice of any potential hearings. Attached Affidavits and exhibits show the discrepancies in the sending and receiving of mail in both Seligman and Ash Fork, Arizona.

Exhibit 07-17-2012

a.  Minute order 5 May, 2012

b.  Minute order 4 June 2012

c.  Affidavit of Kristin Rice with mail from USDC Clerk of Las Vegas  and Envelopes attached

d.  Affidavit of Elizabeth May

e.  Affidavit of John Marsing

\
\
\

Respectfully Submitted this __16__ day of __Feb,__ 2012.

Shawn Rice; Pro per

1

Respectfully Submitted, this _16_ day of _July_ 2012.

2

3

Shawn Talbot Rice, Pro Per

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit** _____ 07-17-2012 _____

**Date** _____ 18 July 2012 _____

**Time** _____

**Place** _____

**#** _____

**Copy: Page** _____ **of** _____

Affidavit of Kristin Rice

Part I

In the spring of 2004 Shawn and I began renting a private mail box from The Eagle's Path, a private mail box service, with Elizabeth May as general manager. The address was, P.O. Box 700 # 81, Ash Fork, Arizona, 86320 with the physical address as 168 W. Lewis. During the time of the box rental, there were times when we had difficulty receiving our mail. Periodically, the address on the front of the envelopes would be crossed out and would be marked with the letters "PMB". When we complained to Liz May about why our postage had been marked, she said that other customers were complaining as well; the Ash Fork post master was getting picky about how envelopes were to be addressed. Although efforts were made by us to notify our friends, family and businesses of the need to use the letters "PMB" instead of " # " or " No. " or " – " in front of the number 81, periodically a piece of mail would be received on our end that would have those markings without any corrections from the postmaster. It should also be noted that on several occasions we never received mail that we were expecting. In other words, there was no consistency on the part of the Ash Fork Postmaster of how our mail was to be addressed or if we were to receive our mail or not.

After February, 2010 we no longer received any mail from USDC Las Vegas or the DOJ Las Vegas regarding Shawn's case at P.O Box 700 # 81. Whether it was due to the Ash Fork Post Office or the USDC Las Vegas, I really don't know. During the year 2010 I was unaware of any and all activity regarding case number 2:09-cr-0078- JCM-RJJ

On December 31, 2010 Elizabeth May closed her doors to the Eagle's path and P.O. Box 700 # 81 was no longer a valid address for Shawn and Kristin Rice.

Between 2010 to date, to my knowledge there have not been any legal documents, court documents or court notifications attempted to be served by private process service or through our local Yavapai Sherriff's department or any other venue of process service.

Part II

On a visit to Shawn Rice in Nevada Southern Detention Center in Pahrump, Nevada in, I believe, March 2012, he stated that he had recently had a hearing where the topic of the delivery of mail came up. He told me that he confirmed at the hearing that all mail should be sent to P.O. Box 1092, Seligman, Arizona 86337; the Ash Fork address was not valid any longer.

The mail that I have received from the USDC Las Vegas Clerk of the court at P.O Box 1092, Seligman are the following:

Minute Order dated 5 May, 2012 (Exhibit 07-17-2012-a) and

4 June 2012 (Exhibit 07172012-b). The envelopes have since been destroyed.

On Friday, July 13, 2012 at approximately 9:45 am I was asked by the file clerk, Julie (I don't know her last name) at the USDC, 333 N. Las Vegas Blvd, Las Vegas, NV 89101 if I had moved; they (USDC, clerk of the court) had tried to send documents but they had been returned back to them. I replied that I had not moved.

On Friday, July 13, 2012 at approximately 12:15 pm I retrieved mail from our mail box at P.O. Box 1092, Seligman, Arizona 86337. In the box were two envelopes from the Clerk, U.S. District Court, Las Vegas Nevada. Both envelopes were postmarked 07/11/2012. In each envelope were judge's orders from motions that had been previously filed. On top of these orders were copies of envelopes wherein these motions had been returned to the clerk of the court for failure to deliver to the address on the envelope. The paperwork that was returned had been, post marked July 3 2012 and addressed and sent to PO Box 700#81, Ash Fork, AZ, 86320. The paperwork that was retrieved on this day (July 13, 2012) was the first time that I had seen it. There was clearly a 10 day discrepancy between the first mailings postmarked in Las Vegas and addressed to Ash Fork and the second mailings received by me at the Seligman Post office on 13 July 2012. (Exhibit 07-17-2012-c)

Even after the March (?) court hearing where it was established on record that the current mailing address of Shawn Rice was Seligman, Arizona, the USDC, Las Vegas Clerk of the court was still sending documents to the Ash Fork address.

Under penalty of perjury the above statements are true and correct.

_Kristin Leone Rice_                                  _16 July 2012_

Kristin Leone Rice                                    Date

Subscribed before me on this __16 ͭ ͪ__ day of July, 2012.

> JONATHAN CLAY
> NOTARY PUBLIC - ARIZONA
> Mohave County
> My Commission Expires
> October 12, 2014

$00.650
07/11/2012
Mailed From 89101
US POSTAGE

Pasler

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BLVD. SO. – RM 1334
LAS VEGAS, NV 89101

OFFICIAL BUSINESS

Shawn Talbot Rice
PO Box 1092
Seligman, AZ 86337

2:10CR520

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BLVD SO – RM 1334
LAS VEGAS, NV 89101

ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 10 2012

CLERK U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

OFFICIAL BUSINESS

Shawn Rice
PO Box 700 #81
Ash Fork, AZ 86320

NIXIE        850  DE  1        00 07/06/12
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 89101706994        *1394-00181-04-46

Hasler

$00.650

US POSTAGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN RICE,

    Defendant.

2:09-cr-00078-JCM-RJJ
2:10-cr-00520-JCM-RJJ

**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant Rice's Motion to Dismiss (#244) & Motion to Dismiss (#27)

This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#244)  and Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court also considers the Government's Responses (#247 & #29).

## BACKGROUND

On March 3, 2009, Rice was indicted and charged with one count of conspiracy to commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.

On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case 2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty (30) calendar days from the date of this order within which to file and serve any and all pretrial motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>SHAWN RICE,<br><br>     Defendant. | 2:09-cr-00078-JCM-RJJ<br>2:10-cr-00520-JCM-RJJ<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><hr>Defendant Rice's Motion to Dismiss (#244) & Motion to Dismiss (#27) |

This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#244)  and Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court also considers the Government's Responses (#247 & #29).

## BACKGROUND

On March 3, 2009, Rice was indicted and charged with one count of conspiracy to commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.

On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case 2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty (30) calendar days from the date of this order within which to file and serve any and all pretrial motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

1 | 2:09-cr-00078-JCM-RJJ and February 19, 2012, in case 2:10-cr-00520-JCM-RJJ.  These

2 | deadlines were never extended.  Thus, Rice's Motions to Dismiss (#244 & #27) are late.[1]

3 | **DISCUSSION**

4 | The deadline for filing pretrial motions in these cases have long since passed. Thus,

5 | Rice's Motions to Dismiss (#244 & #27) should be denied as untimely.

6 | However, even if the Motions to Dismiss (#244 & #27) were timely filed, they are

7 | entirely frivolous and should be denied on the merits. In the Motions to Dismiss (#244 & #27)

8 | Rice contends that the U.S. Attorney lacks jurisdiction over him because Congress has only

9 | conferred legal standing on the "United States" to charge under 28 U.S.C. §§ 1345-46, and he

10 | was charged by the "United States of America." Additionally, Rice claims that the "United States

11 | of America" is a third party "enterloper [sic]" and has no standing. The distinction that Rice

12 | draws between the "United States of America" and "United States" is entirely frivolous and

13 | without legal basis. Thus, on the merits, Defendant Rice's Motions to Dismiss (#244 & #27)

14 | should be denied.

15 | **RECOMMENDATION**

16 | Based on the foregoing and good cause appearing therefore,

17 | IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant

18 | Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice

19 | for Lack of Standing and No Real Party in Interest (#244) be **DENIED**.

20 | IT IS THE FURTHER RECOMMENDATION of the undersigned Magistrate Judge that

21 | Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government

22 | with Prejudice for Lack of Standing and No Real Party in Interest (#27) be **DENIED.**

23 | **NOTICE**

24 | Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**

25 |

26 |

27 | [1] The pretrial motions deadline in the consolidated case, 2:10-cr-00520-JCM-RJJ, also expired in February 2012. See Order Regarding Pretrial Procedure (#9), 2:10-cr-00520-JCM-RJJ.

28 | 2

1   **must be in writing and filed with the Clerk of the Court within 14 days of service of this**

2   **document.** The Supreme Court has held that the courts of appeal may determine that an appeal

3   has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*,

4   474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the

5   specified time and (2) failure to properly address and brief the objectionable issues waives the

6   right to appeal the District Court's order and/or appeal factual issues from the order of the

7   District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

8   *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

9              DATED this __3d__ day of July, 2012.

10

11

12   ROBERT J. JOHNSTON
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3

1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

* * *

7

8    UNITED STATES OF AMERICA,

9         Plaintiff,                                    2:09-cr-00078-JCM-RJJ
                                                        2:10-cr-00520-JCM-RJJ
10   v.

11   SHAWN RICE,                                **REPORT & RECOMMENDATION OF**
                                                **UNITED STATES MAGISTRATE**
12        Defendant.                                        **JUDGE**

13                                              Defendant Rice's Motion to Dismiss (#244) &
                                                Motion to Dismiss (#27)
14

15         This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings

16   and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party

17   in Interest (#244) and Motion to Dismiss the Pleadings and Indictment Issued by the

18   Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court

19   also considers the Government's Responses (#247 & #29).

20                                   <u>**BACKGROUND**</u>

21         On March 3, 2009, Rice was indicted and charged with one count of conspiracy to

22   commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering

23   pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.

24         On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case

25   2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure

26   (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty

27   (30) calendar days from the date of this order within which to file and serve any and all pretrial

28   motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

## Other Events

2:10-cr-00520-JCM -RJJ USA v. Rice

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 7/11/2012 at 11:44 AM PDT and filed on 7/10/2012

**Case Name:** USA v. Rice
**Case Number:** 2:10-cr-00520-JCM -RJJ
**Filer:**
**Document Number:** 37

**Docket Text:**
**Mail Returned as Undeliverable re [31] REPORT AND RECOMMENDATION. Remailed to PO Box 1092, Seligman AZ 86337. (ECS)**

### 2:10-cr-00520-JCM -RJJ-1 Notice has been electronically mailed to:

J. Gregory Damm gregg.damm@usdoj.gov, pamela.j.mrenak@usdoj.gov, william.foley@usdoj.gov

### 2:10-cr-00520-JCM -RJJ-1 Notice has been delivered by other means to:

Shawn Talbot Rice
PO Box 1092
Seligman, AZ 86337

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=7/11/2012] [FileNumber=5799780-0] [ba6735d957eae2985c3443f85addfeee2b8d5f1075683be49feba8c291c4da80afb 86d7cb449b4f8af4c0d574ca10f0696229359f332f0d40cdad7b2fd300757]]

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BLVD. SO. – RM 1334
LAS VEGAS, NV 89101

OFFICIAL BUSINESS

Shawn Talbot Rice
PO Box 1092
Seligman City, AZ  86337-1092



Hasler

US POSTAGE
Mailed From  89101
$ 01.300
07/11/2012
0761265152Z7

S-100R520

CLERK U.S. DISTRICT COURT
DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BLVD. SO – RM 1334
LAS VEGAS, NV 89101

OFFICIAL BUSINESS

JUL 10 2012

CLERK U.S DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

☐ Unable to forward
☐ Moved, Left No Address
☐ Insufficient Address
☐ Unclaimed
☐ Attempted
☐ No Such Street
☐ Vacant
☐ No Mail Receptacle
☐ Box Closed
☐ Refused
☐ Reduced for Better Address
☐ Postage Due

Shawn Rice
PO Box 700, #81
Ash Fork, AZ 86320

Hasler
US POSTAGE
$00.650
07 03 2012

1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN RICE,

    Defendant.

2:09-cr-00078-JCM-RJJ
2:10-cr-00520-JCM-RJJ

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE
JUDGE**

Defendant Rice's Motion to Dismiss (#244) &
Motion to Dismiss (#27)

15      This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings
16 and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party
17 in Interest (#244)  and Motion to Dismiss the Pleadings and Indictment Issued by the
18 Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court
19 also considers the Government's Responses (#247 & #29).

20                             **BACKGROUND**

21      On March 3, 2009, Rice was indicted and charged with one count of conspiracy to
22 commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering
23 pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.

24      On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case
25 2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure
26 (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty
27 (30) calendar days from the date of this order within which to file and serve any and all pretrial
28 motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHAWN RICE,<br><br>    Defendant. | 2:09-cr-00078-JCM-RJJ<br>2:10-cr-00520-JCM-RJJ<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>Defendant Rice's Motion to Dismiss (#244) & Motion to Dismiss (#27) |

    This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#244) and Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court also considers the Government's Responses (#247 & #29).

## BACKGROUND

    On March 3, 2009, Rice was indicted and charged with one count of conspiracy to commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.

    On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case 2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty (30) calendar days from the date of this order within which to file and serve any and all pretrial motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   | UNITED STATES OF AMERICA,                    2:09-CR-78 JCM (RJJ)

8   |            Plaintiff,

9   | v.

10  | SAMUEL DAVIS and SHAWN RICE,

11  |            Defendants.

12

13                                  **ORDER**

14         Presently before the court is the United States of America's motion to consolidate cases for

15   trial. (Doc. #240). Defendant Shawn Rice has not filed an opposition. Also before the court is the

16   United States of America's motion for hearing. (Doc. #242).

17         Pursuant to Federal Rule of Criminal Procedure 13, the United States moves to consolidate

18   case number 2:10-cr-520-JCM-RJJ with case number 2:09-cr-78-JCM-RJJ for trial.

19         A federal grand jury returned an indictment against Shawn Rice on March 3, 2009, charging

20   defendant with 13 counts of conspiracy to commit money laundering and money laundering. (2:09-

21   cr-78-JCM-RJJ, Doc. #1). On October 26, 2009, United States Magistrate Judge Robert Johnston

22   held a hearing and granted defendant's request to represent himself in this matter. (Doc. #86).

23         The government later filed a motion to revoke defendant's self-representation. (Doc. #124).

24   The magistrate judge set a hearing on this motion for March 8, 2010. (Doc. #128). However,

25   defendant failed to appear at this hearing. (Doc. #133). The magistrate judge continued the hearing

26   until March 9, 2010, and defendant failed to appear at the second hearing. (Doc. #135). Defendant

27   . . .

28

James C. Mahan
U.S. District Judge

1   also failed to appear at calendar call on June 15, 2010, and for his trial on June 21, 2010. (Doc.

2   #153).

3         Accordingly, on October 19, 2010, a four-count indictment was returned against defendant

4   for his failures to appear in case number 2:10-cr-520. (2:10-cr-520, Doc. #1). Judge Du later

5   granted the United States of America' motion to reassign this case to this court for all further

6   proceedings. (Doc. #23).

7         Trial in case number 2:10-cr-520 is set for August 7, 2012. (2:10-cr-520, Doc. #13). Trial

8   in case number 2:09-cr-78 is set for July 23, 2012. (2:09-cr-78, Doc. #246). The government moves

9   to consolidate these cases for trial, arguing that evidence of defendant's failures to appear will be

10   offered against defendant in his money laundering case, and evidence of money laundering will be

11   offered against defendant in his failure to appear case. (Doc. #240). The government asserts that

12   the two offenses are related because defendant's failure to appear occurred around the date of

13   defendant's trial for money laundering.

14         Federal Rule of Criminal Procedure 13 provides that the court "may order that separate cases

15   be tried together as though brought in a single indictment or information if all offenses and all

16   defendants could have been joined in a single indictment or information."

17         It is well established that a charge of bail jumping or escape may be deemed
     sufficiently 'connected' with a substantive offense to permit a single trial, at least
18         where the charges are related in time, the motive for flight was avoidance of
     prosecution, and appellant's custody stemmed directly from the substantive charges.

19

20   *United States v. Ratch*, 583 F.2d 1179, 1181 (1st Cir. 1978); *see also United States v. Elliott*, 418

21   F.2d 219 (9th Cir. 1969).

22         Here, it is clear that the offenses charged in these two cases are sufficiently connected to

23   permit a single trial. *See Ratch*, 583 F.2d at 1181. Thus, the offenses could have been joined in a

24   single indictment. FED. R. CRIM. P. 13. Therefore, the court is inclined to grant the United States'

25   motion to consolidate these cases for trial.

26         Also before the court is the United State of America's motion for status check. (Doc. #242).

27   Preliminarily, the court notes that this motion has been referred to the magistrate judge in this case.

28

James C. Mahan
U.S. District Judge                                    - 2 -

1  The government seeks a status check to determine whether: (1) defendant objects to the motion to

2  consolidate cases and (2) whether defendant intends to continue to represent himself.  Further, the

3  government requests a review of the defendant's request to represent himself, including a canvass

4  on the charges of failure to appear and a review of the defendant's request for standby counsel.

5  (Doc. #242).

6  　　　　As discussed above, this court has determined that consolidating these cases for trial is

7  appropriate.  Thus, the only remaining issues for the status check involve defendant's intent to

8  represent himself.  These issues are properly heard by the magistrate judge because the magistrate

9  judge presided over the original hearing in which defendant terminated his standby counsel and

10 decided to represent himself. (Doc. #86).  The magistrate judge further presided over the hearings

11 on the government's motion to revoke self-representation.  (Docs. #133 and #135).

12 　　　　Accordingly,

13 　　　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that United States of America's

14 motion to consolidate cases for trial (doc. #240) be, and the same hereby is, GRANTED.

15 　　　　IT IS FURTHER ORDERED that the United States of America's motion for status check

16 (doc. #242) be, and the same hereby is, referred to Magistrate Judge Johnston.

17 　　　　DATED June 28, 2012.

18

19                                          _____

20                                          UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge                                    - 3 -

1
2
3
4                   **UNITED STATES DISTRICT COURT**
5                        **DISTRICT OF NEVADA**
6                               * * *
7
8    UNITED STATES OF AMERICA,
9              Plaintiff,                        2:09-cr-00078-JCM-RJJ
                                                 2:10-cr-00520-JCM-RJJ
10   v.
11   SHAWN RICE,                          **REPORT & RECOMMENDATION OF**
                                          **UNITED STATES MAGISTRATE**
12             Defendant.                          **JUDGE**
13                                        Defendant Rice's Motion to Dismiss (#244) &
                                          Motion to Dismiss (#27)
14
15         This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings
16   and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party
17   in Interest (#244)  and Motion to Dismiss the Pleadings and Indictment Issued by the
18   Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court
19   also considers the Government's Responses (#247 & #29).
20                                  **BACKGROUND**
21         On March 3, 2009, Rice was indicted and charged with one count of conspiracy to
22   commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering
23   pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.
24         On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case
25   2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure
26   (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty
27   (30) calendar days from the date of this order within which to file and serve any and all pretrial
28   motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

1   2:09-cr-00078-JCM-RJJ and February 19, 2012, in case 2:10-cr-00520-JCM-RJJ.  These

2   deadlines were never extended.  Thus, Rice's Motions to Dismiss (#244 & #27) are late.[1]

## DISCUSSION

4        The deadline for filing pretrial motions in these cases have long since passed.  Thus,

5   Rice's Motions to Dismiss (#244 & #27) should be denied as untimely.

6        However, even if the Motions to Dismiss (#244 & #27) were timely filed, they are

7   entirely frivolous and should be denied on the merits.  In the Motions to Dismiss (#244 & #27)

8   Rice contends that the U.S. Attorney lacks jurisdiction over him because Congress has only

9   conferred legal standing on the "United States" to charge under 28 U.S.C. §§ 1345-46, and he

10  was charged by the "United States of America." Additionally, Rice claims that the "United States

11  of America" is a third party "enterloper [sic]" and has no standing. The distinction that Rice

12  draws between the "United States of America" and "United States" is entirely frivolous and

13  without legal basis. Thus, on the merits, Defendant Rice's Motions to Dismiss (#244 & #27)

14  should be denied.

## RECOMMENDATION

16       Based on the foregoing and good cause appearing therefore,

17       IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant

18  Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice

19  for Lack of Standing and No Real Party in Interest (#244) be **DENIED**.

20       IT IS THE FURTHER RECOMMENDATION of the undersigned Magistrate Judge that

21  Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government

22  with Prejudice for Lack of Standing and No Real Party in Interest (#27) be **DENIED.**

## NOTICE

24       Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**

25

26       [1] The pretrial motions deadline in the consolidated case, 2:10-cr-00520-JCM-RJJ, also expired in

27  February 2012. See Order Regarding Pretrial Procedure (#9), 2:10-cr-00520-JCM-RJJ.

28                                                  2

1    **must be in writing and filed with the Clerk of the Court within 14 days of service of this**

2    **document.** The Supreme Court has held that the courts of appeal may determine that an appeal

3    has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*,

4    474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the

5    specified time and (2) failure to properly address and brief the objectionable issues waives the

6    right to appeal the District Court's order and/or appeal factual issues from the order of the

7    District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

8    *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

9       DATED this __3d__ day of July, 2012.

10

11

12    ROBERT J. JOHNSTON
   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              3

12 July 2012

To Whom It May Concern,

I, Elizabeth May, was the General Manager of The Eagle's Path which was a private mailbox service in Ash Fork Arizona.

The Shawn Rice family was receiving mail at post office box 700, # 81, Ash Fork, Arizona, 86320, until The Eagle's Path closed their doors for business on 31 December 2010.

During the time that The Eagle's Path was in business in Ash Fork the postmaster, Frank Cedillo, made mail service to it's customers very sporadic. Many times customers would complain about mail being returned, mail being marked upon by the postmaster because he didn't like some part of the address, etc. Even income tax refund checks were sent back that were addressed perfectly. Many complaints were sent in to the postal service on this man.

All mailbox customers were unable to receive mail after that date as P.O. Box 700 then became a personal box for Elizabeth May as the current postmaster, Anthony Colin, took it upon himself to change it thus.

Respectively yours,

*Elizabeth May*   7-13-2012

Elizabeth May
P.O. Box 700
Ash Fork, Arizona, 86320

The above signature was notarized by: *Trina Stidham*

State of *AZ*, County of *Coconino*
Signed before me on this *13th* day
of *July* *2012* by *Elizabeth May*
Notary Public *Trina Stidham*



OFFICIAL SEAL
TRINA STIDHAM
NOTARY PUBLIC - State of Arizona
COCONINO COUNTY
My Comm. Expires April 28, 2015

## GENERAL AFFIDAVIT

I, John Marsing am writing this statement at the request of Kristin Rice regarding problems I have had receiving the mail at my post office box (252) which is in Ash Fork Arizona (86320).

There have been times in the past where mail has been returned because the sender of the mail was not on a list of recipients that was maintained and kept by the Ash Fork post office. This would, for example, include mail that was addressed to various trusts for which I was authorized by the trust to receive mail on its behalf.

As I recall this was resolved once I was aware of the list, but, it's implementation was not consistent as I receive mail from people I had never even heard of. It wasn't that the item of mail was correctly addressed and mistakenly put in my box, but it had in fact the correct post office box number but with a name that I was not familiar with.

John Marsing

_Devarim 19:15 (Deuteronomy 19:15)_

Witness 1

Witness 2

Witness 3