Shawn Talbot Rice
in "care of" general post-office box 1092.
nation arizona. seligman city. Rice province.
United States minor, outlying islands
near [86337-1092].

1

2

3

4

5

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

6

7    UNITED STATES OF AMERICA

8        Plaintiff / Respondent,

9    vs.

10

11   SHAWN TALBOT RICE

12       Defendant / Petitioner

13

14

Case Number:
   2:10-cr-00520-JCM-RJJ-1

Defendant Shawn Rice's
Reply to Government's
Opposition to Motion to
Dismiss Indictment due to
Speedy Trial Act Violation

15    Defendant Shawn Talbot Rice ["Mr. Rice"], appearing in pro-per, files this reply to the

16   Government's response to his Motion to Dismiss for a Speedy Trial Act violation filed on

17   July 16, 2012. See Doc. 268.

18       The gist of the Government's opposition to Mr. Rice's motion is this: because Mr.

19   Rice was a "fugitive from justice" and allegedly ""absent" (as defined by subsection

20

21   (h)(3)) on the day set for trial" and "gone for a period of more than 21 days, § 3161(k)(1)

22   requires that the speedy trial clock be reset to zero." To paraphrase the late, great

23   broadcaster Paul Harvey, "here's the *rest* of the story."

24       In the first place, no court ever made a finding that Mr. Rice was a "fugitive from

25

26

27

justice" at any time.1 The Government's allegation is both wrong and specious. "Mere

absence from the jurisdiction in which a crime occurred does not render the suspect a

fugitive from justice; he must be found to have absented himself from the jurisdiction with

the intent to avoid prosecution.2 Additionally, the Government avoided any allegation of

an actual trial date on which Mr. Rice was supposedly "absent." That was because there

was no such trial date and the Government was hoping to slip this by the court. The

Government argues that Mr. Rice was absent for 654 days between March 9, 2010, when

the District Court issued a warrant for his arrest, and January 19, 2012 when he appeared

before the District Court following his arrest and transport from the District of Arizona to

the District of Nevada.3 But he could not have possibly been "absent" for trial date within

the meaning of the statute because his trial date had been repeatedly continued before his

case was ever called. Before March 9, 2010 when the warrant was issued, trial had already

been continued until June 21, 2010.4 Before trial could be called on June 21, 2010, the

District Court entered what became a series of four more continuances, the last of which

was entered on December 17, 2010 continuing trial as far out as March 28, 2011.5 Trial

was never called on that date either.

---

1   See 18 U.S.C. § 3290.
2   *Donnell v. United States*, 229 F.2d 560, 562-65 (5th Cir.1956).
3   Doc. 133, 218.
4   Doc. 126, 127.
5   Doc. 156, 162, 178, 187.

1    After Mr. Davis, Mr. Rice's co-defendant changed his plea to guilty on March 25,

2    2011, counsel for Mr. Rice filed a stipulation to continue trial for at least another 120 days

3    which the District Court granted on February 22, 2011 on top of all the previous

4    continuances.6 The Government primarily relies on 18 U.S.C. § 3161(k)(1) which

5

6    provides:

7

8         If the defendant is absent (as defined by subsection (h)(3)) on the day set for
trial, and the defendant's subsequent appearance before the court on a

9         bench warrant or other process or surrender to the court occurs more than
21 days after the day set for trial, the defendant shall be deemed to have first

10       appeared before a judicial officer of the court in which the information or
indictment is pending within the meaning of subsection (c) on the date of

11       the defendant's subsequent appearance before the court.

12

13        But for subsection (k)(1) of the Speedy Trial Act to have reset the trial clock back to zero,

14    Mr. Rice would have had to have first fit the definition of "absent" as that term is defined

15    in subsection (h)(3)(B):

16

17

18         For purposes of subparagraph (A) of this paragraph, a defendant or an
essential witness shall be considered absent when his whereabouts are

19       unknown and, in addition, he is attempting to avoid apprehension or
prosecution or his whereabouts cannot be determined by due diligence. For

20       purposes of such subparagraph, a defendant or an essential witness shall be
considered unavailable whenever his whereabouts are known but his

21       presence for trial cannot be obtained by due diligence or he resists appearing
at or being returned for trial.

22

23

24

25

   _____

26    6    Doc. 191, 229, 230.

27    Reply to Government's Opposition Motion to Dismiss STA Violation        Page 3 of 6

28

1  Thus for the Government's argument to hold sway, two conditions precedent would be

2  necessary: (1) that there was an actual trial date on which Mr. Rice had been "absent" and

3  (2) that Mr. Rice was "absent" within the statutory definition. *Neither condition ever*

4
   *existed.* First, Mr. Rice already explained that there was never an actual trial date set
5
6  during his absence from the District of Nevada because the court kept continuing the trial

7  date. Secondly, there is no evidence that Mr. Rice's whereabouts were actually unknown

8  and what due diligence, if any, the Government exercised in the 654 days he was allegedly

9  absent. Lastly, the Government has offered no evidence that Mr. Rice had been

10 "attempting to avoid apprehension or prosecution." In fact, he was arrested at his

11
   residence in Arizona which he had never abandoned since he had been first arrested
12
13 following his indictment. The Government has failed to explain why they were unable to

14 find him there and arrest him sooner that the more than 600 days it ultimately took them.

15
                                   **CONCLUSION**
16
17       The Government's argument is opposition to Mr. Rice's motion to dismiss is entirely

18 without merit. Mr. Rice was never "absent" within the meaning of the statute.  Accordingly, the

19 initial trial clock was never affected and never reset to zero as the Government contends. At the

20 very least, due process would strongly suggest that an evidentiary hearing would be appropriate to

21 flush out all facts that support either party's position which are not part of the record of this case.

22       Because the Government failed to bring Mr. Rice to trial within 70 "nonexcludable"

23
   days, it violated the Speedy Trial Act (the "STA") and his statutory right to a speedy trial. Mr.
24
25 Rice is now entitled to a mandatory order of dismissal of the charges against him as a matter of

26 law. 18 U.S.C. § 3162(a)(2) provides "[i]f a defendant is not brought to trial within the time limit

27

28

1  required by § 3161(c) as extended by § 3161(h), the information or indictment shall be dismissed

2  on motion of the defendant." Mr. Rice reaffirms his position in this matter as presented in his

3  motion to dismiss. He was not brought to trial within 70 non-excludable days according to the

4  Speedy Trial Act and is thus entitled to an order of dismissal.

5

6  \
   \
7  \

8

9

10

11         Respectfully Submitted this _____day of _____2012.

12

13                                    _____

14                                           Shawn Rice, Pro per

15

16

17  **Copies to:**

18

19  DANIEL G. BOGDEN
    United States Attorney
20  J. Gregory Damm
    Nicholas D. Dickinson
21  Assistant United States Attorneys
    District of Nevada
22  333 Las Vegas Blvd. South, Suite 5000
    Las Vegas, Nevada 89101
23

24

25

26

27

28

1  Respectfully Submitted, this _18_ day of _July_ 2012.

2

3  _____
   Shawn Talbot Rice, Pro Per

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28